UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23171-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.;
CRYPTOBONTIX INC.;
TORY R.J. HOGG;
JAMES L. GOLDBERG;
STEPHEN L. BRAVERMAN;
MAX W. BARBER;
SION TRADING FZE,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's "Plaintiff"), Motion to Allow Service of Process by Mail on Defendant Cryptobontix, Inc. ECF No. [19] ("Motion"). The Court has carefully considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

In the Complaint, Plaintiff sets forth claims against Defendant Cryptobontix, Inc., a Canadian corporation with principal offices in Grand Bend, Ontario, Canada. As such, service of process must be accomplished pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.[1] Rule 4(f) states in pertinent part as follows:

---

[1] According to Rule 4(h), "a domestic or foreign corporation . . . must be served: at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Case No. 22-cv-23171-BLOOM/Otazo-Reyes

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>>
>>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>>
>>> (C) unless prohibited by the foreign country's law, by:
>>> . . .
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>
>> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Upon review, the Court agrees that service by international mail on Cryptobontix, Inc. is appropriate under Rule 4(f)(1) and Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). Rule 4(f)(1) provides that service may be effectuated on an individual outside of the United States via internationally agreed means of service that are reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(1). The Rule also provides that, where applicable, the transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Convention. *Id.* Under the Hague Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service

by mail is authorized under otherwise-applicable law[.]" *Water Splash v. Menon*, 137 S. Ct. 1504, 1513 (2017).

Here, Canada is a signatory to the Hague Convention and has not objected to service by mail. *See* Hague Conference on Private International Law, Canada – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=248. However, in order to comply with the requirements of Rule 4(f), the chosen method of mail delivery must require a signed receipt. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii) (noting that if not prohibited by federal law or the foreign country's law, service may be made by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt") and 4(f)(2)(D) (noting that service may be completed "by other means not prohibited by international agreement, as the court orders").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [19]**, is **GRANTED**.

2. The Clerk of the Court is authorized to serve Cryptobontix, Inc. with process via international mail.

3. Plaintiff shall provide international mail shipping labels (with return/signed receipt) and packaging and two copies of the Complaint and Summons to the Clerk of the Court so that the Clerk can comply with the Order.

3. Thereafter, Plaintiff may file a copy of the "return"/ "signed receipt" as proof that service has been effectuated on Cryptobontix, Inc., pursuant to Federal Rule of Civil Procedure 4(l)(2)(B).

Case No. 22-cv-23171-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record