UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-23171-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. GOLDBERG, and
MAX W. BARBER,

    Defendants,

and SION

TRADING FZE,

    Relief Defendant.

_____/

**DEFENDANT JAMES L. GOLDBERG'S REPLY MEMORANDUM OF LAW**

Defendant James L. Goldberg respectfully submits this reply memorandum of law in further support of his motion to dismiss with prejudice the SEC's complaint (ECF No. 1) for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6).

**PRELIMINARY STATEMENT**

In his initial moving papers, Mr. Goldberg set forth why the SEC's complaint is predicated on a mistaken assumption: that the laws allegedly violated were securities.

In opposition, the SEC underscores its foundational error by asking this Court to infer from the Supreme Court's familiar *Howey* standard, *see SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946), an applicability to cryptocurrency that no federal appellate court has found to exit. In so doing, the SEC disregards the growing body of opinion and commentary, outlined in Mr. Goldberg's Opening Memorandum, that the tokens at issue here are not securities, but rather are virtual currency or commodities that are properly regulated by the Commodity Futures Trading Commission. Mr. Goldberg acknowledges, as he must as movant, that this area of the law is unsettled. The SEC appears to offer no such acknowledgment. However, this area of the law may soon be settled. The status of cryptocurrency is at issue in various jurisdictions and a federal appellate court may issue a persuasive or controlling opinion in the course of this litigation.

As such, this reply is intended to bring to this Court's attention the emerging basis for finding that the tokens at issue are not, and cannot be, securities, and the SEC therefore lacks jurisdiction to bring this case.

# ARGUMENT

## THE SEC FAILED TO REBUT MR. GOLDBERG'S DEMONSTRATION THAT IT LACKS CLEAR AUTHORITY TO REGULATE DIGITAL CURRENCIES AND THEREFORE THIS COURT SHOULD DISMISS THE COMPLAINT

In opposition, the SEC cannot point to any controlling appellate authority holding that cryptocurrency tokens such as those at issue here are securities. The entire legal community, as well as the cryptocurrency and securities industries, await controlling authority on this issue. A growing body of opinion and commentary appears to indicate that when such authority is issued, it will favor Mr. Goldberg's position here.

This reply largely tracks the argument set forth in an *amicus curiae* brief in an analogous case, *SEC v. LBRY*, 21-cv-00260-PB (D.N.H.), filed on December 20, 2022. (*See* ECF No. 95.) That case has been widely noted for the SEC's on-the-record concession at a hearing on January 30, 2023, that secondary market sales in the cryptocurrency tokens at issue could not be categorized as securities. By this concession, the SEC acknowledged that they had mislabeled contested secondary sales as securities in their complaint and prosecuted the case, in part, on this mistaken basis. *See e.g.*, https://cointelegraph.com/news/sec-settles-on-security-claim-in-lbry-case-community-calls-it-a-big-win-for-crypto (last viewed on February 15, 2023).

In this case, as in *SEC v. LBRY*, *supra*, the SEC fails to identify case law from the Supreme Court or any appellate court holding, or even analyzing, whether an underlying asset of an investment contract is itself a security. This, Mr. Goldberg submits, is for two reasons. First, there is no such authority and in its absence, the complaint is not just jurisdictionally defective but also represents egregious administrative overreach. Second, and more particularly, the underlying asset utilized in an investment contract transaction is never the security. *See Howey*, 328 U.S. at 301 ("If that test be satisfied, it is immaterial… whether there is a sale of property with or without

intrinsic value."). *See also SEC v. Telegram Grp., Inc.*, 448 F. Supp. 3d 352, 379 (S.D.N.Y. 2020) ("the security…is not simply the Gram, which is little more than alphanumeric cryptographic sequence.").

Therefore, the SEC's extensive analysis of the *Howey* factors in its opposition is simply inapposite. What the SEC's analysis is meant to demonstrate is that the subject tokens are themselves securities. This is akin to calling the oranges in *Howey* securities, which they were not. In *Telegram*, the District Court clarified its original decision, making clear that the underlying asset (whether oranges or digital tokens) *are not themselves investment contracts*. *See SEC v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 1547383 at *1 (S.D.N.Y. Apr. 1, 2020)(clarifying that the central point of the Court's holding was that "the 'security' was neither the Gram Purchase Agreement nor the Gram.").

On this topic, contrary to the SEC's assertion in their opposition, former SEC Director William Hinman unequivocally stated: "the token – or coin or whatever the digital information packet is called – all by itself is not a security, just as the orange groves in *Howey* were not."[1] Director Hinman noted that "the digital asset itself is simply code" and emphasized, "the analysis of whether something is a security is not static and does not strictly inhere to the instrument." *Id*. Just like any other commodity, "investment contracts can be made out of virtually any asset (including virtual assets)." *Id*.

Former SEC Chairman Jay Clayton agreed. *See* Mar. 7, 2019 Ltr. from Chairman J. Clayton to Congressman Ted Budd ("I agree that the analysis of whether a digital asset is offered or sold

---

[1] *Digital Asset Transactions: When Howey Met Gary (Plastic)* (June 14, 2018). (Available at https://www.sec.gov./news/speech/speech-hinman-061418) (last viewed on February 15, 2023).

4

as a security is not static and does not strictly inhere to the instrument.")[2] These statements make sense considering any asset or commodity can be offered as a security, whether that asset is orange groves (*Howey*, 328 U.S. 293), or Bitcoin. *See SEC v. Shavers*, 4:13-cv-00416, 2013 WL 4028182 (E.D. Tex. Aug. 6, 2013). When an asset is offered and sold as an investment contract, and therefore a security, it does not transform the underlying asset itself into a security. Oranges remain oranges and tokens at issue here remain digital code.

In this regard, a recently-published, comprehensive study reviewed every single relevant federal appellate case that has applied *Howey*. That study – *The Ineluctable Modality of Securities Law: Why Fungible Crypto Assets Are Not Securities* by Lewis Rinaudo Cohen – was submitted as an exhibit to an *amicus* brief in *SEC v. LBRY*, 21-cv-00260-PB (D.N.H.) (ECF No. 95-2), and is annexed to the accompanying Declaration of Andrew K. Levi as Exhibit A. The study indicates that *no federal appellate court has ever held* the underlying asset subject to an investment contract transaction, is itself an investment contract. This is what undermines the SEC's opposition here and is at the very heart of their assertion that the DIG token is a security.

Finally, the SEC asserts that the exhibits submitted with Mr. Goldberg's moving papers should be disregarded or if not, warrant the conduct of discovery because his argument regarding the lack of subject matter jurisdiction is purportedly "inextricably intertwined" with the merits of this lawsuit under *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). *See* ECF No. 48, § C at 12-14. To the contrary, the exhibits are submitted for this Court's convenience, to provide minimal context for the proper consideration of jurisdiction and for no other purpose. As a result, they may be considered within the strict confines of Fed. R. Civ. P. 12(b)(1) and (6).

---

[2] Available at https://www.coincenter.org/app/uploads/2020/05/clayton-token-response.pdf. (last viewed on February 15, 2023).

On these bases, this Court lacks subject matter jurisdiction over this case.

## CONCLUSION

For the foregoing reasons and those set forth in Mr. Goldberg's initial moving papers, the complaint should be dismissed with prejudice.

Dated: February 21, 2023

Respectfully submitted,

By: /s/ Andrew K. Levi
Andrew K. Levi, Esquire
Florida Bar No. 48774
Email: alevi@llmlawfirm.com
LEHR LEVI & MENDEZ, P.A.
1401 Brickell Avenue, Suite 910
Miami, Florida 33131
Telephone: 305-377-1777
Fax: 305-377-0087
Attorneys for Defendant, James L. Goldberg