UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23171-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.;
CRYPTOBONTIX INC.;
TORY R.J. HOGG;
JAMES L. GOLDBERG;
STEPHEN L. BRAVERMAN;
MAX W. BARBER;
SION TRADING FZE,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Max W. Barber's ("Barber") Motion to Vacate Clerk's Default, ECF No. [75] ("Motion"). Plaintiff Securities and Exchange Commission ("SEC") did not file a Response and the Court therefore considers the merits of the Motion without the benefit of a response. *See* S.D. Fla. L.R. 7.1(c). The Court has considered the Motion, the record in this case, the relevant law, and is otherwise fully advised. For the reasons set forth below Barber's Motion is granted.

    I.    **INTRODUCTION**

On September 30, 2022, the SEC filed a 13-count Complaint against Arbitrade Ltd. ("Arbitrade"), its "control person" James L. Goldberg ("Goldberg"), and its Chief Operations Officer, Stephen L. Braverman ("Braverman"); Cryptobontix Inc. ("Cryptobontix") and its

"control person" Tory R.J. Hogg ("Hogg"); and SION Trading FZE ("SION") and its founder, owner, and sole officer, Max W. Barber ("Barber"). ECF No. [1] ¶ 1.

A summons issued as to Barber on September 30, 2022. ECF No. [3]. On January 24, 2023, Plaintiff filed proof of service, indicating that service was executed on January 17, 2023, as to Barber, setting a response deadline of February 7, 2023. ECF No. [41]. On February 8, 2023, the Court entered an Order on Default Procedures in which it ordered Barber to respond to the Complaint by or before February 15, 2023. ECF No. [43]. Thereafter, on February 15, 2023, Barber filed a Motion for Extension of Time to Respond to the Complaint. ECF No. [56]. The Court granted in part the requested extension of time as to Barber, setting a new response date of March 2, 2023. *See* ECF No. [57]. Barber failed to timely respond. On March 10, 2023, Plaintiff moved for Clerk's Entry of Default as to Barber. ECF No. [66]. The Clerk entered default the same day. ECF No. [68].

On March 27, 2023, Barber filed the instant Motion in which he moves to vacate the Clerk's default. ECF No. [75]. Barber argues that good cause exists to set aside the Clerk's entry of default because (1) his default was due to his unfamiliarity with the judicial process and search for local counsel to represent him; (2) Plaintiff will not be prejudiced if the Clerk's default is vacated; and (3) he has meritorious defenses. *See generally id*.

II.     **LEGAL STANDARD**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default

is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

### III.   DISCUSSION

Barber argues each factor that courts consider in determining whether to set aside a clerk's entry of default weighs in his favor. *See generally* ECF No. [75]. The Court considers each in turn.

#### A.   Culpable or Willful

"[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause. *See, e.g., Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208, 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla. June 19, 2013) (motion to vacate default by newly retained counsel eleven days after

Case 1:22-cv-23171-BB   Document 77   Entered on FLSD Docket 04/11/2023   Page 4 of 6

Case No. 22-cv-23171-BLOOM/Otazo-Reyes

deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Barber asserts that his "actions resulting in the Clerk's Default were not willful or in reckless disregard for the judicial proceedings" but were "due to his unfamiliarity with the judicial process and his search for local counsel to represent him." ECF No. [75] at 3. Barber contends that he has acted promptly to vacate the default entered against him by filing this Motion less than three weeks later.

The Court is persuaded that Barber's default was not culpable or willful in light of his explanation that he was unfamiliar with the judicial process and was seeking local counsel to represent him. Furthermore, the Court acknowledges that Barber's newly retained counsel filed the instant Motion just seventeen days after default was entered against Barber, within the time frame courts in this district have determined weighs in favor of finding that a default was not culpable or willful.

### B. Prejudice to Plaintiffs

Mere delay in litigation, especially in the early stages of a case (prior to entry of a scheduling order of commencement of discovery), does not constitute prejudice to Plaintiff for purposes of considering a motion to vacate default. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("But the inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."); S*untrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would

have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.") (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)).

Barber points out that this matter is still in its early stages. ECF No. [75] at 3. When the instant Motion was filed, the Court had not yet ruled on Motions to Dismiss filed by Barber's co-defendants. Although the Court has now ruled and denied the Motions to Dismiss, *see* ECF No. [76], the SEC has not responded or otherwise argued that it will be prejudiced if the Clerk's entry of default against Barber is vacated. The Court notes that Barber's co-defendants were ordered to file a response to the Complaint no later than April 19, 2023. *Id*. at 22. Accordingly, the Court agrees that the SEC has not demonstrated that it will be prejudiced if default is vacated at this early stage of litigation. The Court therefore finds that the second factor weighs in favor of vacating the Clerk's default.

### C. Meritorious Defense

"[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

Barber argues that he has meritorious defenses to the SEC's claims that he aided and abetted others in violating Section 10(b) of the Securities Act and Rule 10b-5. ECF No. [75] at 3. Barber contends that the SEC "failed to plead any facts showing that Barber had knowledge of a primary violation of securities laws, assuming such a violation actually occurred, or that Barber provided substantial assistance in the commission of a primary violation." *Id*. at 4. Although Barber contends that he is likely to succeed by asserting these arguments in a Motion to Dismiss,

he correctly states that the proper standard is not likelihood of success but whether he provided "by clear statements a hint of a suggestion that his case has merit." *Rodriguez*, 2013 WL 3147348, at *3 (internal quotation marks and citation omitted). As such, despite the Court's ruling, ECF No. [76], denying co-defendant Braverman's Motion to Dismiss, ECF No. [30], which raised similar arguments, Barber has met his burden of providing a hint of a suggestion that his case has merit.

Having determined that all three factors weigh in his favor, the Court finds that Barber has demonstrated good cause to vacate the Clerk's entry of default against him.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Barber's Motion to Vacate Default, **ECF No. [75]**, is **GRANTED**.

2. The Clerk's Default, **ECF No. [68]**, is **VACATED**.

3. Barber shall file a Response to the Complaint **no later than April 19, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record