UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:22-cv-23171-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,
TROY R.J. HOGG, JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

      Defendants, and

SION TRADING FZE,

      Relief Defendant.

_____/

## DEFENDANT STEPHEN L. BRAVERMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT FOR INJUNCITVE RELIEF AND OTHER RELIEF AND DEMAND FOR JURY TRIAL

Defendant Stephen L. Braverman, by and through undersigned counsel, files his Answer and Affirmative Defenses to the Securities and Exchange Commission's ("SEC") Complaint for Injunctive Relief and Other Relief and Demand for Jury Trial ("Complaint"), (Doc. 1).

## ANSWER

## I.      INTRODUCTION[1]

1.      Admitted that Arbitrade Ltd. ("Arbitrade") was a Bermudan company. Admitted that Cryptobontix Inc. ("Cryptobontix") was a Canadian company. Admitted that Cryptobontix owned and controlled an Ethereum-based crypto asset called "Dignity" or "DIG," which was

---

[1] For ease of reference, Mr. Braverman refers to the SEC's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

traded exclusively on a crypto asset-trading platform called Livecoin. Braverman denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Admitted that this case involves crypto assets. Braverman denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

5. Paragraph 5, including subparts 5(a)-(g), contains conclusions of law to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

6. The allegations contained in the Paragraph 6 require no response. To the extent that allegations set forth in Paragraph 6 are construed as factual allegations to which a response is required, Mr. Braverman denies that the SEC is entitled to any of the requested relief or to any relief whatsoever.

## II.   DEFENDANTS AND RELIEF DEFENDANT

### A.  Defendants

7. Admitted.

8. Admitted.

9. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Admitted that Mr. Braverman is a resident of Newbury Park, California. Admitted that from September 1988 through June 2018, Mr. Braverman was a registered representative associated with 21 broker-dealers registered with the Commission. Mr. Braverman denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

**B.  Relief Defendant**

13.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

**III.     JURISDICTION AND VENUE**

14.     Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

15.     Paragraph 15 contains conclusions of law, including legal conclusions as to jurisdiction and venue, to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

16.     Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Braverman denies the allegations.

## IV.    FACTUAL ALLEGATIONS

### A.  Background on Defendants

17.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.    Admitted that Mr. Hogg recruited Mr. Braverman. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.    Admitted.

23.    Arbitrade's website speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 23 inconsistent with, or not set forth in, that website.

24.    Arbitrade's website speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 24 inconsistent with, or not set forth in, that website.

25.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.

**B.  The Sham Acquisition of Gold Bullion**

26.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the same.

27.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same.

28.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same.

30.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the same.

31.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.

32.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the same.

37.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies the same.

40.     Denied.

41.     Denied.

42.     Admitted that Arbitrade retained Elliot Davis, LLC. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint and, therefore, denies the same.

43.     The report issued by Elliot Davis speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 43 inconsistent with, or not set forth in, that report. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint and, therefore, denies the same.

44.     Admitted that Arbitrade retained BDO USA, LLP. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint and, therefore, denies the same.

45.     The report issued by BDO speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 45 inconsistent with, or not set forth in, that report. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Complaint and, therefore, denies the same.

46.     Denied.

47.     Denied.

48.     Denied.

49. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the same.

50. Denied.

51. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, therefore, denies the same.

### C.      Materially False and Misleading Statements in News Releases Regarding the Gold Acquisition

52. Denied.

53. Denied.

54. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same.

55. Denied.

56. The May 24, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 56 inconsistent with, or not set forth in, that press release.

57. The May 24, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 57 inconsistent with, or not set forth in, that press release.

58. The May 24, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 58 inconsistent with, or not set forth in, that press release.

59.     The May 24, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 59 inconsistent with, or not set forth in, that press release.

60.     The May 24, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 60 inconsistent with, or not set forth in, that press release.

61.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, therefore, denies the same.

62.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, denies the same.

63.     The July 5, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 63 inconsistent with, or not set forth in, that press release.

64.     The July 5, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 64 inconsistent with, or not set forth in, that press release.

65.     The July 5, 2018 email news release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 65 inconsistent with, or not set forth in, that press release.

66.     The November 5, 2018 press release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 66 inconsistent with, or not set forth in, that press release.

67.     The November 5, 2018 press release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 67 inconsistent with, or not set forth in, that press release.

68. The January 9, 2019 press release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 68 inconsistent with, or not set forth in, that press release.

69. The January 9, 2019 press release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 69 inconsistent with, or not set forth in, that press release.

70. The January 9, 2019 press release speaks for itself and, therefore, Mr. Braverman denies any allegations in Paragraph 70 inconsistent with, or not set forth in, that press release.

71. Denied.

72. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and, therefore, denies the same.

73. Denied.

74. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and, therefore, denies the same.

75. Denied.

**D. Sales of DIG on Livecoin**

76. Denied.

77. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and, therefore, denies the same.

78. Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies the same.

79.    Denied.

80.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, therefore, denies the same.

81.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and, therefore, denies the same.

82.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and, therefore, denies the same.

83.    Denied.

84.    Denied.

85.    Admitted that no registration statement was filed or in effect for the DIG tokens during the time of the events set forth in the Complaint. Mr. Braverman denies the remaining allegations in Paragraph 85.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and, therefore, denies the same.

91.     Mr. Braverman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and, therefore, denies the same.

## V.      CLAIMS FOR RELIEF

### COUNT I
### Violations of Sections 5(a) and (c) of the Securities Act
### (Against Arbitrade, Cryptobontix, Hogg and Goldberg)

92.     Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

93.     Paragraph 93 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

94.     Paragraph 94, including subparagraphs 94(a)-(c), contain no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

95.     Paragraph 95 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

### COUNT II
### Violations of Section 17(a)(1) of the Securities Act
### (Against Hogg and Goldberg)

96.     Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

97.     Paragraph 97 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

98.     Paragraph 98 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT III**
**Violations of Section 17(a)(2) of the Securities Act**
**(Against Hogg and Goldberg)**

99.     Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

100.    A Paragraph 100 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

101.    A Paragraph 101 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT IV**
**Violations of Section 17(a)(3) of the Securities Act**
**(Against Hogg and Goldberg)**

102.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

103.    A Paragraph 103 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

104.    A Paragraph 104 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT V**
**Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act**
**(Against Arbitrade, Cryptobontix, Hogg and Goldberg)**

105.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

106.    A Paragraph 106 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

107.    A Paragraph 107 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT VI**
**Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act**
**(Against Arbitrade, Cryptobontix, Hogg and Goldberg)**

108.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

109.    Paragraph 109 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

110.    Paragraph 110 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT VII**
**Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act**
**(Against Arbitrade, Cryptobontix, Hogg and Goldberg)**

111.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

112.    Paragraph 112 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

113.    Paragraph 113 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

**COUNT VIII**
**Control Person Liability under Section 20(a) of the Exchange Act for Violations of Section**
**10(b) of the Exchange Act and Rule 10b-5 thereunder by Cryptobontix**
**(Against Hogg)**

114.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

115.     Paragraph 115 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

116.     Paragraph 116 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

117.     Paragraph 117 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

118.     Paragraph 118 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

<u>**COUNT IX**</u>
<u>**Control Person Liability under Section 20(a) of the Exchange Act for Violations of Section**</u>
<u>**10(b) of the Exchange Act and Rule 10b-5 thereunder by Arbitrade**</u>
**(Against Hogg and Goldberg)**

119.     Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

120.     Paragraph 120 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

121.     Paragraph 121 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

122.     Paragraph 122 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

123.     Paragraph 123 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

## COUNT X
## Aiding and Abetting Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act by Cryptobontix, Arbitrade, Hogg and Goldberg
### (Against Braverman and Barber)

124.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

125.    The allegations set forth in Paragraph 125 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 125 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

126.    The allegations set forth in Paragraph 126 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 126 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

127.    The allegations set forth in Paragraph 127 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 127 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

## COUNT XI
## Aiding and Abetting Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act by Cryptobontix, Arbitrade, Hogg and Goldberg
### (Against Braverman and Barber)

128.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

129.    The allegations set forth in Paragraph 129 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 129 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

130.     The allegations set forth in Paragraph 130 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 130 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

131.     The allegations set forth in Paragraph 131 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 131 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

<u>**COUNT XII**</u>
<u>**Aiding and Abetting Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act by Cryptobontix, Arbitrade, Hogg and Goldberg**</u>
**(Against Braverman and Barber)**

132.     Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

133.     The allegations set forth in Paragraph 133 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 133 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

134.     The allegations set forth in Paragraph 134 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 134 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

135.     The allegations set forth in Paragraph 135 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 135 are construed as factual allegations to which a response is required, Mr. Braverman denies the allegations.

**COUNT XIII**
**Unjust Enrichment**
**(Against Relief Defendant SION)**

136.    Mr. Braverman incorporates his responses to Paragraphs 1 through 91 as if fully set forth herein.

137.    Paragraph 137 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

138.    Paragraph 138 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

139.    Paragraph 139 contains no allegation directed to Mr. Braverman, and, therefore, Mr. Braverman denies the same.

## VI.    RELIEF REQUESTED

The allegations contained in the SEC's Relief Requested, including Sections VI (A)-(F), require no response. To the extent that allegations set forth in the Relief Requested are construed as factual allegations to which a response is required, Mr. Braverman denies that the SEC is entitled to any of the requested relief or to any relief whatsoever.

## VII.    DEMAND FOR JURY TRIAL

The allegations contained in the SEC's Demand for Jury Trial require no response. To the extent a response is required, the factual allegations are denied.

Each and every allegation not heretofore expressly admitted or denied is denied.

## DEFENSES

Without admitting any fact alleged by the SEC, Mr. Braverman sets forth the following separate defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims if their existence is established through discovery or investigation. Defendant states the following defenses, without admitting any allegation not otherwise admitted and without assuming any burden of proving any fact that is otherwise the SEC's burden to prove.

## FIRST DEFENSE

The relief sought in Plaintiff's Complaint is barred, either in whole or in part, because the allegations fail to state a claim upon which relief may be granted. First, the Complaint fails to allege a primary violation of securities law because (i) the Complaint fails to allege deceptive or manipulative conduct in furtherance of a purported pump and dump scheme; (ii) the Complaint fails to allege sufficient facts to create a "strong inference" of scienter by the Primary Defendants; and (iii) the alleged misrepresentations or omissions (which Mr. Braverman denies) are not material. Second, the Complaint fails to allege Mr. Braverman had a general awareness that his role was part of a purported pump and dump scheme. Moreover, the Complaint's purported claims are barred in that it has failed to plead fraud with particularity.

## SECOND DEFENSE

The SEC's claims are barred, in whole or in part, based upon the purported fraud and/or recklessness of parties other than Mr. Braverman, which Mr. Braverman could not reasonably have known about or discovered, which were not the result of any fault or wrongdoing on the part of the Mr. Braverman, and for which Mr. Braverman is not liable.

**THIRD DEFENSE**

The SEC's claims are barred, in whole or in part, because any damages sustained were proximately caused by the actions and/or inactions of parties other than Mr. Braverman, which Mr. Braverman could not reasonably have known about, which were not the result of any fault or wrongdoing on Mr. Braverman's part, and for which Mr. Braverman is not liable.

**FOURTH DEFENSE**

Mr. Braverman acted in good faith and did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through, or by means of, any other person.

**FIFTH DEFENSE**

Mr. Braverman, at all times relevant to the allegations set forth in the Complaint, fully complied with and acted in accordance with his obligations under applicable law.

**SIXTH DEFENSE**

Mr. Braverman did not know, and in the exercise of reasonable care could not have known, of any purported scheme, untruth, or material omission that may be proved by the SEC.

**SEVENTH DEFENSE**

To the extent that Mr. Braverman was in possession of any of the information that the SEC claims was false or misleading, or claims that other parties failed to disclose, which Mr. Braverman contends he was not, Mr. Braverman did not identify and comprehend the significance of that information.

**EIGHTH DEFENSE**

To the extent that Mr. Braverman associated himself with, participated in, or sought to bring about a venture that the SEC claims was fraudulent, which Mr. Braverman contends he did

not, Mr. Braverman did not identify and comprehend any inappropriate or prohibited activity or enterprise.

## NINTH DEFENSE

The SEC is barred from seeking recovery, or any recovery should be reduced, to the extent that it has previously recovered any portion of the purported damages sought in the Complaint or any amount otherwise attributable to the matter or events that are the subject matter of the claims asserted in the Complaint.

## TENTH DEFENSE

The SEC's claims are barred, in whole or in part, because Mr. Braverman's alleged conduct did not operate as fraud or deceit on any person in connection with purchase or sale of any security.

## ELEVENTH DEFENSE

The Complaint is barred by due process, in whole or in part, where Mr. Braverman had no fair notice that his conduct could be unlawful.

## TWELFTH DEFENSE

The Complaint is estopped, in whole or in part, from asserting claims inconsistent with the SEC's own published guidance and no-action letters.

## THIRTEENTH DEFENSE

The SEC's claims are barred because Mr. Braverman acted in reasonable reliance upon the advice of professionals and others possessing expertise relating to digital currencies and/or the acquisition of gold bullion not possessed by Mr. Braverman.

## FOURTEENTH DEFENSE

The SEC's injunctive relief claim is barred by a failure to allege a reasonable likelihood that Mr. Braverman will violate the securities laws in the future.

## FIFTEENTH DEFENSE

The SEC's requested disgorgement award is barred by a failure to allege any victims and by a failure to limit the award to Defendants' net profits. *See Liu v. SEC*, 140 S. Ct. 1936 (2020).

## SIXTEENTH DEFENSE

The requested officer and director bar against Mr. Braverman is unfounded and would be unjust based on the conduct alleged by the Complaint, which fails to demonstrate any unfitness on the part of Mr. Braverman to serve as an officer or director.

## SEVENTEENTH DEFENSE

The SEC is not entitled to civil money penalties for the conduct alleged by the Complaint, which fails to demonstrate such penalties are warranted against Mr. Braverman.

## EIGHTEENTH DEFENSE

Mr. Braverman incorporates by reference the defenses set forth by any other Defendant in this action to the extent consistent with Mr. Braverman's Answer and Defenses.

## RESERVATION

Mr. Braverman reserves the right to amend this Answer up to, and through, the time of trial to assert any additional affirmative defenses set forth in or permitted by Federal Rule of Civil Procedure 8, when and if, during the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such defenses.

**WHEREFORE**, having fully answered the Complaint, Mr. Braverman respectfully requests that all claims asserted against him be dismissed with prejudice, and that he receive such other and further relief as the Court deems just and proper.

Date:   April 19, 2023                              Respectfully submitted,

                                                          */s/ Adam P. Schwartz*

Adam P. Schwartz
Florida Bar No. 83178
Erin J. Hoyle
Florida Bar No. 117762
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone:  813.223.7000
Facsimile:  813.229.4133
E-mail:  aschwartz@carltonfields.com
E-mail:  ehoyle@carltonfields.com

*Counsel for Stephen L. Braverman*