UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23171-CIV-DAMIAN/D'Angelo

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,
v.

**ARBITRADE LTD.**, *et al.,*

    Defendants.
_____/

**ORDER ON JOINT MOTION FOR EXTENSION
OF PRETRIAL DEADLINES AND TRIAL [ECF NO. 134]**

**THIS CAUSE** is before the Court on the parties' Joint Motion for Extension of Pretrial Deadlines and Trial Date [ECF No. 134] ("Joint Motion"), filed October 30, 2024.

THE COURT has considered the Joint Motion, and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard argument from the parties, through counsel, and from Defendant Stephen L. Braverman, who appeared *pro se*, at a Status Conference held November 15, 2024.

At the outset, the Court notes that this lawsuit was filed on September 30, 2022. [ECF No. 1]. Since the filing of the Complaint, the parties have fully briefed three motions to dismiss and two motions for reconsideration. *See* ECF Nos. 76 and 115. The parties have also sought extensions of deadlines in the Court's scheduling orders no less than eight (8) times. *See* ECF Nos. 89, 97, 108, 112, 114, 121, 125, and 131.[1] The case is presently set for a

---
[1] United States District Judge Beth Bloom granted five of those requests. The case was subsequently reassigned to the undersigned for all further proceedings on March 13, 2024. *See* ECF No. 116.

jury trial during the Court's two-week trial calendar beginning on April 7, 2025. [ECF No. 131].

On October 30, 2024, the parties filed the Joint Motion now before the Court requesting a fifty-day continuance of the deadline to complete discovery in this matter and of the trial date set forth in the Court's Scheduling Order [ECF No. 131]. The parties indicate they have been diligently working to complete discovery, including taking depositions of out-of-state witnesses, and prepare for trial.

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)); *see also Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (collecting cases)).

For the reasons stated on the record at the Status Conference, the Court finds good cause for the parties' requested extension of the pretrial deadlines and trial date. However, as also made clear, **no further extensions of time or continuances will be permitted absent compelling circumstances**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Joint Motion [**ECF No. 134**] is **GRANTED**. It is further

**ORDERED** that the Court's August 29, 2024 *Order Granting Joint Motion for Extension of Pretrial Deadlines and Trial Date* [ECF No. 131] is amended as follows:

THIS MATTER is set for trial during the Court's two-week trial calendar beginning **June 2, 2025**. Counsel for all parties shall also appear at a Calendar Call at **1:30 p.m. on Tuesday, May 27, 2025**. Unless instructed otherwise by subsequent order, the Trial and Calendar Call will be held in Miami, Florida. The specific courtroom location will be provided in advance of the Calendar Call.

The parties shall adhere to the following revised schedule:

**January 10, 2025.** All discovery, including expert discovery, shall be completed.

**January 17, 2025.** The parties shall file all pre-trial motions, including motions for summary judgment, *Daubert* motions, and motions for a bench trial. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.

**February 7, 2025.** The parties shall file responses to all pre-trial motions.

**February 21, 2025.** The parties shall file replies in support of all pre-trial motions.

**April 7, 2025.** The parties shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.

**May 12, 2025.** The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 15th day of November, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record