UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23171-DAMIAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
MAX W. BARBER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") hereby files its Response in Opposition to Defendant Max W. Barber's Motion for Summary Judgment [ECF No. 138] ("Motion").

**I.      INTRODUCTION**

Defendant Barber's Motion should be denied as premature because the SEC is entitled to an adequate opportunity to complete discovery prior to consideration of the Motion. During the Status Conference held on November 15, 2024, the SEC advised that it was awaiting production of written discovery from certain of the individual Defendants and the parties needed to depose approximately eleven witnesses combined, including Barber and the other individual Defendants, as well as a newly disclosed witness, Wali Badshah, who was not previously listed in Barber or Defendants' Rule 26 Initial Disclosures and signed a Declaration in support of Barber's Motion for Summary Judgment. After the Court granted the parties' Joint Motion for Extension of Pretrial

Deadlines and Trial Date at the Status Conference, the Court gave Barber the opportunity to withdraw his Motion and re-file after the close of discovery. The Court referenced case law providing that consideration of a motion for summary judgment before the close of discovery is premature if the non-movant's position is that there are disputed issues of fact and it is entitled to conduct discovery on these issues. SEC counsel reached out to Barber's counsel after the Status Conference to request that Barber withdraw the Motion in light of the Court extending the discovery cutoff to January 10, 2025, but Barber declined to do so.

The Court's observation at the Status Conference anticipated the SEC's argument in this Response, but Barber refused to heed the Court's warning that his Motion may be premature. Indeed, Barber's Motion asks this Court to rule on multiple disputed issues of material fact in this case despite the Court extending the discovery cutoff to January 10, 2025, which the parties *jointly* requested, and Barber knowing that he, Defendants, and a newly disclosed witness are about to be deposed. Barber's insistence on proceeding with his Motion now is an attempt to prevent the SEC from completing the discovery it needs to oppose his Motion, which would give Barber an unfair tactical advantage. The SEC is entitled to complete the necessary and relevant discovery, including the depositions of Defendants and witnesses Barber relies upon in his Motion, to address the facts in dispute in this case. Thus, Barber's Motion should be denied.

## II.   ARGUMENT

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Circuit 1997)(citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988) and *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). In *Snook*, the Eleventh Circuit explained:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits . . . If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials . . . Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

859 F.2d at 870.

Rule 56 "presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp.2d 1278, 1287 (S.D. Fla. 2005); *see also Reyes v. AT&T Mobility Servs. LLC*, 759 F. Supp.2d 1328, 1332 (S.D. Fla. 2010) ("Summary judgment motions are made at the completion of discovery . . . Rule 56 is premised on the assumption a party will have had an 'adequate opportunity to complete discovery prior to consideration of the motion.'"). Indeed, the Eleventh Circuit has stated that the "common denominator" among the Supreme Court's three seminal summary judgment opinions—*Celotex, Anderson, and Matsushita Electric*[1]—is "the Court's caveat that summary judgment may only be decided upon an adequate record." *WSB–TV*, 842 F.2d at 1269.

Moreover, granting a defendant's summary judgment motion without affording plaintiff an adequate opportunity to conduct discovery is reversible error. *Darquea v. National Securities Corp. of Washington*, CASE NO. 09-80025-CIV-MARRA/JOHNSON, 2010 WL 11505190 at *1 (S.D. Fla. Feb. 3, 2010)(citing *WSB-TV*, 842 F.2d at 1269 and denying motion for summary judgment because determining whether an individual is an employee or independent contractor involves a fact intensive inquiry that could not yet be resolved at that stage of the litigation)).

---

[1] *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corporation*, 475 U.S. 574 (1986).

"After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986). Once it is convinced that discovery is inadequate, the district court should deny summary judgment. *Aiken v. United States*, CASE NO. 16-24150-Civ-WILLIAMS, 2018 WL 11651209 at *2 (S.D. Fla. 2018) (citing *Elk v. Townson*, 839 F. Supp. 1047, 1051 (S.D.N.Y. 1993)), *adopted in part and declined in part on other grounds*, 2019 WL 13490597 at *2 (S.D. Fla 2019). Furthermore, the Eleventh Circuit affirmed a district court's decision to strike a premature summary judgment motion, explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them.'" *Barnett v. SEE Optics, Inc.*, CASE NO. 1:22-cv-20183-KING, 2022 WL 834907 at *2 (S.D. Fla. March 21, 2022) (quoting *Kelsey v. Withers*, 718 F. App'x 817, 820–21 (11th Cir. 2017)).

At the November 15, 2024 Status Conference, the Court granted the parties' *Joint* Motion to Extend Pretrial Deadlines and Trial Date [ECF No. 134], and extended the discovery cutoff to January 10, 2025, after the parties identified eleven witnesses to be deposed and offered Barber the opportunity to withdraw his Motion for Summary Judgment and re-file after the close of discovery. Nonetheless, Barber has insisted on moving forward with his Motion, asking this Court to find that Defendants lacked scienter, Barber did not have knowledge of the fraudulent scheme, and Barber did not provide substantial assistance to the primary violation of the securities laws. The SEC's position is the exact opposite: Defendants possessed the necessary scienter, Barber did have knowledge of the fraudulent scheme, and Barber did provide substantial assistance. For each of these issues, the Court will have to engage in a fact intensive inquiry, and the SEC must be

afforded the opportunity to test and explore Defendants' positions during the depositions of the individual Defendants[2] and non-parties.

Furthermore, Barber's Motion and supporting materials support the SEC's argument that it is entitled to further discovery before the Motion is considered and negate any claim that the parties have already had the opportunity to conduct discovery. Among other materials Barber filed in support of his Motion, Barber included his own Declaration [ECF No. 137-1], the Declaration of Wali Badshah [ECF No. 137-6], who Barber did not disclose in his Rule 26 Initial Disclosures, and photographs that were not part of Barber's Initial Disclosures or otherwise produced in discovery [ECF Nos. 137-7, 18, 19]. Barber's Declaration contains multiple statements about the provenance and status of the subject gold and his alleged communications with Arbitrade, including that he "constantly reminded Arbitrade's officers . . . Arbitrade was not the owner of the gold until it paid for the gold itself" and he "made it clear to Arbitrade that they did not have title to any gold until they paid for it." [ECF No. 137-1] at ¶¶ 29-34, 39, 44. Badshah's Declaration contains multiple conclusory statements regarding the Safe Keeping Receipt ("SKR") for the subject gold and where and how the SKR and the gold were being held. [ECF No. 137-6]. The

---

[2] To the extent that Barber attempts to argue that he and the individual Defendants provided testimony during the investigation phase and that supplants the SEC's right to take their depositions during the litigation, there is no authority to support this position. To the contrary, such an argument would ignore key differences between investigative testimony (when the Commission is trying to determine whether there have been violations of the federal securities laws) and deposition testimony (when the Commission is, among other things, trying to prove the case it filed). The "SEC's motivation during an early investigation, at which open-ended questions are typically asked without expectation that the witness will be needed at trial is very different from its motivation at an adverse witness deposition, when battle lines have already been drawn and necessary witnesses identified." *SEC v. Wu*, 2016 WL 4943000, *3 (N.D. Cal. 2016) (investigative interview of defendant did not alleviate prejudice of defendant's refusal to appear for deposition) quoting *SEC v. Jasper*, 678 F.3d 1116, 1128-29 (9th Cir. 2012); *see also SEC v. Saul*, 133 F.R.D. 115, 118-19 (N.D. Ill. 1990) (rejecting argument "that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case"). These testimonies, of course, are the Commission's statutorily-authorized investigative tool. *See* 15 U.S.C. § 80b-9 (authorizing investigative testimony for "the purposes of any investigation").

previously undisclosed photographs purport to show, respectively, a meeting about the alleged original Certificate of Guarantee for the gold, the persons who allegedly owned the gold, and an alleged gold "bar" next to Barber's driver's license.

The SEC is entitled to an opportunity to challenge the materials Barber filed in support of his Motion and must be permitted to depose Barber, his co-Defendants, and Badshah about the foregoing to explore and test these newly asserted facts, so that it might be able to show that there does exist a genuine issue of material fact.  After the Court considered the remaining discovery at the Status Conference, it exercised its unquestionable authority to control its own docket and granted the parties' Joint Motion to extend discovery cutoff to January 10, 2025.  As contemplated by this Court and supported by Eleventh Circuit case law, the SEC should be allowed to complete the necessary and relevant discovery before consideration of any motion for summary judgment.  Thus, Barber's Motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, Barber's Motion for Summary Judgment should be denied.

December 4, 2024                                     Respectfully submitted,

 

Alice K. Sum
Alice K. Sum, Esq.
Senior Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:     (305) 536-4154