## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 22-cv-23171- Damian/D'Angelo

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

ARBITRADE LTD.;
CRYPTOBONTIX INC.;
TROY R.J. HOGG;
JAMES L. GOLDBERG;
STEPHEN L. BRAVERMAN;
MAX W. BARBER;
SION TRADING FZE,

     Defendant.

_____/

### EXPEDITED MOTION TO PREMITTING CO-COUNSEL TO COMPEL DEPOSITION TESTIMONY OF DEFENDANT STEPHEN L. BRAVERMAN

Defendant Troy Hogg, through his undersigned counsel Schlam Stone & Dolan, LLP ("SSD"), brings this motion (1) pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rules 7.1(d) and 26(g), to compel Defendant Stephen L. Braverman to answer questions asked by SSD at his deposition and, (2) pursuant to Fed. R. Civ. P. 37(a)(5)(A), for the reasonable expenses incurred in making the motion, including attorney's fees.

1.     On January 28, 2025, co-defendant Braverman was noticed for deposition by plaintiff, the Securities And Exchange Commission (SEC). The next day, SSD sent notice to all counsel or unrepresented appearing parties, including Braverman, of its intention to question him at that session.

1

2.      Mr. Braverman's deposition commenced on February 4, 2025. The SEC did not conclude its questioning on February 4, and it is anticipated that the session will resume at a time to be agreed upon on the morning of Monday, February 10.

3.      When it began to appear that the session would not conclude on February 4, Mr. SSD raised, off the record, the question of when the SEC expected to conclude the session, so it could coordinate it with his questioning of the witness.

4.      Although he had not responded to SSD's notice of intent to question him, Mr. Braverman stated that he would not answer any questions from SSD.  After brief discussion that made it apparent they would not reach agreement, Mr. Braverman and SSD proceeded to put their respective positions on the record.

5.      In brief, Mr. Braverman took the position that he would not answer any questions from SSD unless Mr. Hogg agreed to dismiss, or stay for approximately one year, a case that Mr. Hogg has brought against him and others in the Commercial Division, Supreme Court, New York County, styled *Troy James Hogg et al v. Stephen Lance Braverman et al*, Sup. Ct. N.Y. Co. Index No. 656639/2021.

6.      SSD advised Mr. Braverman that his position had no support in law and, in both our on-the-record and off-the record discussions, made a good faith effort to persuade Mr. Braverman that his position was not proper, but was unable to do so.  When SSD advised him that it intended to bring a motion to compel his testimony and asked that he reconsider his position, Mr. Braverman declined to do so.

7.      On February 6, SSD sent Mr. Braverman an email (copied to all counsel or unrepresented appearing parties) refencing the obligation to attempt to resolve this dispute prior to

bringing any motion to compel his testimony, advising that SSD believed that obligation had been satisfied by the discussions at the February 5 deposition session, and asking that Mr. Braverman let SSD know by 9 am Eastern Time on February 6 if his position in refusing to answer any questions by SSD absent dismissal or a stay of the state court action had changed.. Mr. Braverman responded with a discussion that focused on an argument he and SEC counsel had had at his session as the propriety of questioning about one of his current companies, Dignity Gold, rather than the issue SSD had raised with respect to its questioning . SSD  wrote back asking Mr. Braverman to confirm whether he has reconsidered his refusal to answer questions from my firm unless Mr. Hogg drops or stays the state court case.  SSD has not as yet received any response to that email.

8.      Local Rule Local Rule 7.1(d)(2) provides for an emergency motion by a party that "requires an expedited ruling by a date certain", in which case movant must "set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date."

9.      The current scheduling order in this matter (ECF Dkt. No. 158) provides, inter alia, that all discovery is due by February 14, 2025, and dispositive motions are due by February 28, 2025.

10.      To facilitate the Court's exercise of discretion in selecting a date in the event it directs Mr. Braverman to appear and answer questions by my firm, SSD sets out here the deposition schedule after today, February 6, through February 14:

•      non-party Lawrence Meyer is to be deposed this Friday, February 7;

•      it is expected that the SEC will renew its deposition of Defendant Braverman next Monday, February 10;

•      Defendant James Goldberg is to be deposed next Tuesday, February 11;

3

- Defendant Max Barber is to be deposed next Wednesday, February 12; and

- two non-party depositions are scheduled, but not yet confirmed, for next Friday, February 14.

11.    For these reasons, we submit that an expedited decision is required:

- by Friday, February 7, if Mr. Braverman is to be directed to answer SSD's questions at the anticipated renewal of his session on February 10;

- by Wednesday, February 12, if Mr. Braverman is to be directed to do so on February 13 or the February 14 date for close of discovery; or

- by Friday, February 14, should the Court elect to extend the discovery schedule to allow for Mr. Braverman to be deposed the following week.

WHEREFORE, Daniel Forman, moves this Court to enter an Order compelling Defendant Steven Braverman to answer any questions asked by Schlam Stone & Dolan LLP, either at his continued deposition or at a renewed deposition, except as to specific question(s), if any, as to which he identifies a specific and appropriate objection supported at law, and awarding Troy Hogg the reasonable expenses incurred in making the motion, including attorney's fees, in an amount to be determined.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that our co-counsel has conferred with Defendant Braverman in a good-faith effort to resolve the issues raised in the motion and was unable to reach resolution, and all counsel or appearing parties have been notified of Troy Hogg's intention to bring this motion, and  no other counsel or party other than Defendant Braverman, has an apparent interest in, and none such have indicated any opposition to, the relief sought by his motion.

Date: February 6, 2025                    Respectfully submitted,

_____

Daniel Forman, Esq.
Fla Bar ID #: 0229261
daniel@formanlawgroup.com
FORMAN LAW GROUP
1401 Brickell Avenue, Suite 910
Miami, FL 33131
Telephone: 305-577-8888

                    -and-

Thomas A. Kissane, Esq.
(Admitted pro hac vice)
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, New York 10004
Telephone: 212-344-5400
Fax: 212-344-7677

*Attorneys for Troy R. J. Hogg*

## EXHIBIT A: PROPOSED ORDER

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
#### Case No.: 22-cv-23171-Damian/D'Angelo

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

ARBITRADE LTD.;
CRYPTOBONTIX INC.;
TROY R.J. HOGG;
JAMES L. GOLDBERG;
STEPHEN L. BRAVERMAN;
MAX W. BARBER;
SION TRADING FZE,

     Defendant.

_____/

### ORDER GRANTING MOTION TO COMPEL DEFENDANT TO ANSWER DEPOSITION QUESTIONS FROM SCHLAM STONE & DOLAN LLP, COUNSEL TO TROY HOGG

THIS CAUSE having come before the Court on the Motion to compel Defendant Stephen L. Braverman to answer deposition questions asked by Schlam Stone & Dolan LLP, and to award Troy Hogg the reasonable expenses of this motion, including attorneys' fees (the "Motion"), and this Court having considered the motion and all other relevant factors, it is hereby

ORDERED AND ADJUDGED that:

The Motion is GRANTED. Either at his continued deposition or at a renewed deposition to be conducted no later than _____, Defendant Steven Braverman shall answer any and all questions asked by Schlam Stone & Dolan LLP, except as to specific question(s), if any, as to which he identifies a specific and appropriate objection supported at law. Defendant Braverman shall pay

Troy Hogg the reasonable expenses incurred in making the motion, including attorney's fees, to be determined upon submission of a statement of same by Schlam Stone & Dolan LLP, on behalf of Troy Hogg, no later than ___.  If Braverman elects to submit opposition to such statement of reasonable expenses incurred in making the motion including attorney's fees, any such opposition shall be submitted by ___.

      DONE AND ORDERED in Chambers at _____, Florida, this day of _____.

_____
United States Magistrate Judge

Copies furnished to: All Counsel of Record

**EXHIBIT B: ALL SOURCE MATERIALS RELEVANT TO THE**
**<u>DISCOVERY DISPUTE</u>**

Copies of the SEC's deposition notice to defendant Steven L. Braverman and SSD's

notice of intention to ask questions at the session are annexed hereto.

## <u>EXHIBIT C: DOCUMENTS RELIED ON FOR MOTON</u>

This exhibit provides copies of those emails between SSD and Mr. Braverman, copying all counsel and unrepresented appearing parties, referred to above.  We note that the transcript of Mr. Braverman's February 4, 2025 deposition session is not yet available.

**EXHIBIT D: A LIST OF CITATIONS FOR ANY LEGAL AUTHORITIES
EITHER PARTY INTENDS TO RELY ON AT A HEARING, ALONG
WITH A COPY OF THOSE AUTHORITIES**

The following cases, cited in the accompanying memorandum of law, are included with this exhibit:

1.    Fed. R. Civ. P. 37.

2.    M*onarch Air Group, LLC v. Journalism Development Network, Inc.,* No. 23-CV-61256, 2025 WL 385474, at *1 (S.D. Fla. Feb. 4, 2025) ("'A deponent may refuse to answer questions only if 'necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion' to terminate the deposition for abuse"), *quoting Isaac v. RMB Inc.,* 604 F. App'x 818, 821 (11th Cir. 2015) (citing Fed. R. Civ. P. 30(c)(2)).

3.    *Isaac v. RMB Inc.,* 604 F. App'x 818, 821 (11th Cir. 2015)(quoted by *Monarch Air* as above and, in affirming award under Rule 37(a)(5)(A) where deponent cited relevance objections in refusing to answer questions, noting that the rule provides "that if a motion to compel is granted, the court 'must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees'").

10

# EXHIBIT A

**EXHIBIT A: PROPOSED ORDER**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 22-cv-23171-Damian/D'Angelo**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ARBITRADE LTD.;
CRYPTOBONTIX INC.;
TROY R.J. HOGG;
JAMES L. GOLDBERG;
STEPHEN L. BRAVERMAN;
MAX W. BARBER;
SION TRADING FZE,

      Defendant.

_____/

**ORDER GRANTING MOTION TO COMPEL DEFENDANT TO ANSWER DEPOSITION QUESTIONS FROM SCHLAM STONE & DOLAN LLP, COUNSEL TO TROY HOGG**

THIS CAUSE having come before the Court on the Motion to compel Defendant Stephen L. Braverman to answer deposition questions asked by Schlam Stone & Dolan LLP, and to award Troy Hogg the reasonable expenses of this motion, including attorneys' fees (the "Motion"), and this Court having considered the motion and all other relevant factors, it is hereby

ORDERED AND ADJUDGED that:

The Motion is GRANTED. Either at his continued deposition or at a renewed deposition to be conducted no later than _____, Defendant Steven Braverman shall answer any and all questions asked by Schlam Stone & Dolan LLP, except as to specific question(s), if any, as to which he identifies a specific and appropriate objection supported at law. Defendant Braverman shall pay

6

Troy Hogg the reasonable expenses incurred in making the motion, including attorney's fees, to be determined upon submission of a statement of same by Schlam Stone & Dolan LLP, on behalf of Troy Hogg, no later than ___.  If Braverman elects to submit opposition to such statement of reasonable expenses incurred in making the motion including attorney's fees, any such opposition shall be submitted by ___.

      DONE AND ORDERED in Chambers at _____, Florida, this day of _____.


_____
United States Magistrate Judge


Copies furnished to: All Counsel of Record

7

# EXHIBIT B

| | |
|---|---|
| **From:** | Ordaz, Magaly |
| **To:** | daniel@formanlawgroup.com; Jeffrey M. Eilender; Thomas A. Kissane; Angela Li; Eduardo A. Maura; Luis Quesada; sbraverman22@gmail.com; James_Goldberg@msn.com |
| **Cc:** | Sum, Alice; Moot, Stephanie |
| **Subject:** | SEC v. Arbitrade Ltd., et al., Case No. 22-cv-23171-Damian/D"Angelo -- Plaintiff's Notices of Taking Deposition |
| **Date:** | Tuesday, January 28, 2025 5:11:18 PM |
| **Attachments:** | Notice of Taking Deposition of Stephen L. Braverman-February 2025.pdf |
| | Notice of Taking Deposition of Troy R.J. Hogg--February 2025.pdf |
| | Notice of Taking Deposition of Max W. Barber--February 2025.pdf |
| | Notice of Taking Deposition of James L. Goldberg-February 2025.pdf |

Attached please find Plaintiff's Notices of Taking Deposition of Stephen L. Braverman, Troy R.J. Hogg, Max W. Barber, and James L. Goldberg.

*Magaly Ordaz*, Paralegal Specialist
Miami Regional Office
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite #1950
Miami, Florida 33131
Direct: (305) 982-6331
Email: ordazm@sec.gov
https://www.sec.gov/regional-office/miami



This electronic communication, including any attachments, is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, nonpublic and confidential. Erroneous delivery of this message to an unintended recipient should not be construed as a waiver of any privilege that may otherwise attach to the information contained herein. If you have received this communication in error, please notify the sender by return email, and delete or otherwise remove this communication and any copies permanently from your operating system. Any unauthorized disclosure, use, distribution, or reproduction of this message is prohibited and may be unlawful.

Note that emails sent to or from this email address are subject to retention and archiving by the United States Securities and Exchange Commission.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 22-cv-23171-DAMIAN/D'Angelo

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

     Defendants.

### PLAINTIFF'S NOTICE OF TAKING VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure Plaintiff Securities and Exchange Commission will take the deposition of the following deponent on the date, time and location indicated below:

| DEPONENT | DATE | TIME | LOCATION |
|---|---|---|---|
| Stephen L. Braverman | February 4, 2025 | 9:30AM PST | Securities and Exchange Commission Los Angeles Regional Office 444 South Flower Street, Suite 900 Los Angeles, CA 90071 (WebEx link to be provided for those attending remotely) |

    The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded stenographically and videotaped.  You are invited to attend and exercise your rights under the Federal Rules of Civil Procedure.

    Please note that the foregoing deposition is without prejudice to the Commission's right later to more fully depose the deponent for any and all purposes, including trial.

January 28, 2025

Respectfully submitted,

Alice K. Sum
Alice K. Sum, Esq.
Senior Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## <u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this

__28th__ day of January 2025, on all defense counsel in this case and parties in the manner

denoted below.

Daniel Forman, Esq.
Florida Bar No. 0229261
Email: daniel@formanlawgroup.com
FORMAN LAW GROUP
1401 Brickell Avenue, Suite 910
Miami, Florida 33131
Telephone: 305-577-8888

-and-

Jeffrey M. Eilender, Esq.
E-mail: jeilender@schlamstone.com
Thomas A. Kissane, Esq.
E-mail: TKissane@schlamstone.com
Angela Li, Esq.
E-mail: ali@schlamstone.com
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, New York 10004
Telephone: 212-344-5400

*Attorneys for Defendant Troy R. J. Hogg*

2

Eduardo A. Maura, Esq.
Florida Bar No. 91303
E-mail: eduardo@ayalalawpa.com
Luis F. Quesada, Esq.
Florida Bar No. 1010305
E-mail: lquesada@ayalalawpa.com
AYALA LAW, P.A.
2490 Coral Way, Ste. 401
Miami, FL 33145
P: (305) 570-2208

*Attorneys for Defendant Max W. Barber*


Via E-mail
Stephen L. Braverman, *pro se*
E-mail: sbraverman22@gmail.com

Via E-mail
James L. Goldberg, *pro se*
E-mail: james_goldberg@msn.com


Alice K. Sum
_____
Alice K. Sum

| | |
|---|---|
| **From:** | Angela Li |
| **To:** | Sum, Alice; james goldberg |
| **Cc:** | Stephen Braverman; Orestes Garcia; Thomas A. Kissane; Luis Quesada; Ordaz, Magaly; Eduardo A. Maura |
| **Subject:** | Re: Arbitrade - call to schedule depositions |
| **Date:** | Wednesday, January 29, 2025 6:15:51 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Outlook-cid_image0.png |
| | Outlook-1asppreb.png |

Alice,

On behalf of Troy Hogg, we hereby cross-notice the depositions of Stephen L. Braverman, Max W. Barber, and James L. Goldberg.

Separately, we have not been able to serve deposition subpoenas on Ronnie Moas (who I understand is traveling overseas) and John MacNeil. Please advise if the SEC intends to call these individuals as trial witnesses. If so, our position is that they are in the control of the SEC and, given the short time before the February 14 deadline, we ask for the SEC's assistance in securing their attendance for depositions. If not, please confirm in writing that the SEC does not intend to call these individuals as trial witnesses.

Lastly, I am following up on Tom's email of January 14, 2025, regarding the SEC's Responses and Objections to Mr. Hogg's Second Request for Production of Documents. Specifically, please advise whether:

1. all responsive, non-privileged documents in the SEC's possession, custody, or control have now been produced; and
2. the Commission is withholding any documents further to its privilege-related objections.

Thank you,

Angela Li



**Angela Li**
Associate
26 Broadway, New York, NY 10004
Main: 212 344-5400
Direct: 212 612-0680
ali@schlamstone.com
**www.schlamstone.com**

# EXHIBIT C

| | |
|---|---|
| **From:** | Thomas A. Kissane |
| **To:** | "Stephen Braverman" |
| **Cc:** | Sum, Alice; Ordaz, Magaly; Moot, Stephanie; daniel@formanlawgroup.com; Eduardo A. Maura; lquesada@ayalalawpa.com; JAMES_GOLDBERG@msn.com; O"Brien, Russell; Verges, Teresa; Jeffrey M. Eilender; Angela Li; Thomas A. Kissane |
| **Subject:** | RE: FL-04214- Arbitrade Ltd. |
| **Date:** | Thursday, February 6, 2025 9:33:07 AM |
| **Attachments:** | image001.png |
| | image002.jpg |
| **Importance:** | High |

Mr. Braverman:

Your email below appears substantially similar if not identical to one you had sent last night and I'll respond to both here.

It's not clear to me why you're writing to me about Dignity Gold, as your argument about the relevance and propriety of questions concerning Dignity Gold was with counsel for the SEC, not with me.

Neither Dignity Gold, nor any other entity, ever came up with respect to your refusal to answer my questions. Rather, you said you would not answer any question I asked -- on any topic whatsoever -- unless Mr. Hogg dropped or stayed the state court case he has brought against you and others.

Thus, while you're mistaken in what you say below about relevance, about "what is typically addressed in Florida depositions", and otherwise, I leave that for you and SEC counsel to address, as it's unrelated to the reason you gave for refusing to answer my questions.

Please advise by noon today whether you have reconsidered your refusal to answer questions from my firm unless Mr. Hogg drops or stays the state court case.

Thomas A. Kissane
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Main: 212 344-5400
Direct: 212 612-1213
Cell: 917 921-4019
tkissane@schlamstone.com



This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Stephen Braverman
**Sent:** Thursday, February 6, 2025 9:23 AM

**To:** Ordaz, Magaly
**Cc:** Sum, Alice ; Moot, Stephanie ; daniel@formanlawgroup.com; Jeffrey M. Eilender ; Thomas A. Kissane ; Angela Li ; Eduardo A. Maura ; lquesada@ayalalawpa.com; JAMES_GOLDBERG@msn.com; O'Brien, Russell ; Verges, Teresa
**Subject:** Re: FL-04214- Arbitrade Ltd. - Deposition of Troy R.J. Hogg (Zoom info below)

Dear Mr. Kissane,

I am responding to your email regarding my deposition testimony before the United States District Court for the Southern District of Florida.

To reiterate my position, I am representing myself pro se, and the scope of questioning in this deposition is constrained to matters explicitly relevant to the SEC's case concerning Arbitrade and Cryptobontix. Furthermore, I am not a managing member nor involved in the day-to-day operations of Dignity Gold LLC, which further underscores the inappropriateness of questioning related to this entity within this particular forum.

**Jurisdictional Appropriateness:**

- **Different Jurisdictions:** The inquiries about Dignity Gold LLC extend beyond the SEC's case and pertain to active litigation in the New York State Supreme Court, where your client, Mr. Hogg, is an involved party. It is inappropriate for these matters to be addressed in this SEC deposition.

- **Forum Appropriateness:** Given the distinct separation between my limited membership role in Dignity Gold LLC and the scope of the SEC's investigation, it is inappropriate for this deposition to be used as a discovery tool for unrelated litigation.

- **Conflict of Interest Caution:** Your representation in the New York case creates a potential conflict, impacting procedural fairness if questioning extends beyond the specific scope of the SEC case.

**Procedural Rights:**

- **Florida vs. New York Law:** While Local Rule 7.1(a) pertains to attempts at pre-motion resolution, the cross-jurisdictional relevance of your questioning is beyond what is typically addressed in Florida depositions concerning distinct federal matters.

I am committed to ensuring that the deposition remains focused on the relevant jurisdictional issues and not on matters tied to my non-managerial association with Dignity Gold LLC, especially given the active litigation context.

I welcome further discussions to clarify these boundaries, but my position not to answer questions regarding Dignity Gold or unrelated litigations remains unchanged unless otherwise instructed by applicable legal protocols or judicial directives.

Thank you for your understanding and cooperation.

Sincerely,

Stephen Lance Braverman

Stephen Braverman

| From: | Thomas A. Kissane |
|---|---|
| Sent: | Wednesday, February 5, 2025 3:03 PM |
| To: | 'Stephen Braverman' |
| Cc: | 'Alice Sum'; 'Eduardo A. Maura'; Angela Li; 'james goldberg'; 'Orestes Garcia'; 'Luis Quesada'; 'Magaly Ordaz'; Jeffrey M. Eilender; Angela Li; Thomas A. Kissane |
| Subject: | Securities and Exchange Commission v. Arbitrade Ltd. et al, S.D. FL Index No. 1:22-cv-23171-MD |
| | |
| Importance: | High |

Mr. Braverman:

This will confirm that, at your deposition yesterday in the matter referenced above, you advised that you will not answer any questions asked by me in the matter, due to the assertion of claims against you by our client, Mr. Hogg, in the pending matter *Troy James Hogg et al v. Stephen Lance Braverman et al*, Sup. Ct. N.Y. Co. Index No. 656639/2021.

Local Rule 7.1(a) of the United States Court for the Southern District of Florida directs that I attempt to resolve this dispute prior to bringing any motion to compel your testimony. Because we discussed the subject to an impasse at your deposition yesterday, both on and off the record, I regard that obligation as satisfied.

Please let me know by 9 am Eastern Time tomorrow, February 6, if your position in refusing to answer any questions from me absent dismissal or a stay of the state court action has changed.

Thomas A. Kissane
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Main: 212 344-5400
Direct: 212 612-1213
Cell: 917 921-4019
tkissane@schlamstone.com

## SCHLAM STONE & DOLAN LLP



Schlam Stone & Dolan LLP

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

# EXHIBIT D

Case 1:22-cv-23171-MD   Document 161   Entered on FLSD Docket 02/06/2025   Page 25 of 32

2/6/25, 10:22 AM              Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions | Federal Rules of Civil Procedure | US Law | LII / Leg…

LII  > Federal Rules of Civil Procedure
 > **Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

# Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) *Specific Motions.*

(A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

Case 1:22-cv-23171-MD   Document 161   Entered on FLSD Docket 02/06/2025   Page 26 of 32

2/6/25, 10:22 AM                Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions | Federal Rules of Civil Procedure | US Law | LII / Leg…

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

(b) Failure to Comply with a Court Order.

(1) *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to

MONARCH AIR GROUP, LLC, Plaintiff, v. JOURNALISM..., Slip Copy (2025)

2025 WL 385474

2025 WL 385474
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

MONARCH AIR GROUP, LLC, Plaintiff,
v.
JOURNALISM DEVELOPMENT NETWORK,
INC., Defendant.

CASE NO. 23-CV-61256-BECERRA/STRAUSS
|
02/04/2025

**ORDER**

*1 THIS MATTER came before the Court upon Defendant's Motion to Compel Second or Continued Deposition of Plaintiff's Corporate Representative ("Motion") [DE 130/131]. The Court has reviewed the Motion, Plaintiff's Response [DE 135], all of the deposition excerpts that Defendant provided with the Motion, [DE 132-1, 132-2], and all other pertinent portions of the record.[1]

This defamation action stems from Defendant's publication of an allegedly defamatory article (the "Article") about Plaintiff. In the Motion, Defendant contends that Plaintiff's corporate representative, David Gitman (who Plaintiff designated to testify on its behalf under Fed. R. Civ. P. 30(b)(6)), improperly refused to answer certain questions at his deposition and failed to adequately prepare for the deposition. Consequently, Defendant requests that the Court compel Mr. Gitman to sit for an additional deposition. As discussed herein, I agree with some, but not all, of Defendant's contentions. Ultimately, I find that it is appropriate to require Plaintiff (through Mr. Gitman) to provide sworn answers to certain interrogatories (described below) rather than requiring Mr. Gitman – who has already been deposed for two days – to sit for an additional deposition.

First, Defendant asserts that Mr. Gitman improperly refused to identify clients that allegedly decided to not do business with Plaintiff because of the Article. Mr. Gitman refused to identify the clients on relevance grounds. "A deponent may refuse to answer questions only if 'necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion' to terminate the deposition for abuse." *Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015) (citing Fed. R. Civ. P.

30(c)(2)); *see also Onemata Corp. v. Rahman*, No. 20-62002-CIV, 2021 WL 5175657, at *2 (S.D. Fla. Oct. 26, 2021). None of these exceptions applied here. Therefore, Mr. Gitman "wrongfully refused to answer" Defendant's questions regarding the identity of the clients. *Isaac*, 604 F. App'x at 821; *see also Daker v. Owens*, No. 22-12830, 2024 WL 2796400, at *7 (11th Cir. May 31, 2024) ("Daker's conduct in refusing to answer any question he deemed not relevant clearly violated Rule 30(c)(2).").

Identifying the clients discussed in Mr. Gitman's testimony can be more easily achieved through providing a sworn answer to an interrogatory than requiring an additional deposition. Therefore, Plaintiff (through Mr. Gitman) shall provide a sworn answer to an interrogatory that identifies the names of the clients (including prospective clients), as well as any contact information (address, phone number, email address) that Plaintiff may have for the clients. To be clear, the clients (and prospective clients) to be identified in the interrogatory answer include those referred to on pages 55-58, 90, 385-86, and 389-91 of the deposition transcripts [DE 132-1, 132-2], one of which Mr. Gitman also described as a vendor. In addition to identifying the clients (and prospective clients), the sworn interrogatory answer shall briefly describe the relationship between Plaintiff and the clients (and prospective clients), including whether or not Plaintiff previously did business with them. If Plaintiff previously did business with them, the interrogatory answers shall state whether Plaintiff continues to do business with them (and if not, when and why the business relationship ended). Additionally, Plaintiff shall describe any communications it had with the clients (or prospective clients) regarding the Article, the individuals who were involved in the communications, when the communications occurred, and the form of the communications (*e.g.*, phone, email, in person, etc.). Any emails should be produced with the interrogatory answer (the interrogatory answer need not describe the emails that are produced).

*2 Second, Defendant contends in the Motion that Mr. Gitman was not adequately prepared to answer questions regarding damages. In this regard, Plaintiff has maintained throughout this case (at least since July 2023) that its damages are approximately $63,000. *See, e.g.*, [DE 14] at 4. But at every turn, Plaintiff has been evasive and vague about how it computed that estimate. That continued at Mr. Gitman's deposition.

Plaintiff's estimate ($63,000) is a fairly specific number. From my involvement in all of the numerous discovery

MONARCH AIR GROUP, LLC, Plaintiff, v. JOURNALISM..., Slip Copy (2025)

2025 WL 385474

disputes in this case, it is evident that there are two possible explanations for how Plaintiff arrived at its estimate. Either (1) Plaintiff assessed particular ways in which it has been damaged and approximated its damages based on that assessment, or (2) Plaintiff pulled a number out of thin air that is close to – but under – $75,000 (to attempt to get the case remanded to state court). Plaintiff insists that it is not the latter.

At Mr. Gitman's deposition, Mr. Gitman indicated that there are at least three components to Plaintiff's damages: (1) a determination of damages made based on the use and review of an AHREFS system; (2) expenditures related to a pay-per-click campaign on Google; and (3) employee morale. *See* [DE 132-1, 132-2] at transcript pages 61-70 & 414. But Plaintiff has never described the amount of damages that it attributes to each of these three categories (or any other categories), if any. With respect to the pay-per-click campaign, a precise figure apparently exists. *See* [DE 132-1] at transcript page 67 (acknowledging a "relevant spend" exists for the "specific campaign" at issue). Based on Mr. Gitman's deposition testimony, that precise figure appears to be included in the $63,000. So, Plaintiff (through Mr. Gitman) shall provide a sworn interrogatory answer identifying that precise figure (as well as relevant documentation with his answer) and all other figures included in the $63,000 damages estimate. In other words, *Plaintiff must show its work*. The interrogatory answer should list each and every category of damages that has been included in the $63,000 figure and should then specify the amount attributable to each category and how Plaintiff arrived at the amount for each individual category.

I recognize that not every category may have a precise, documented figure like the pay-per-click campaign. In other words, perhaps Plaintiff included damages related to "employee morale" in the $63,000 figure and attributed some amount of damages to the employee morale issue. If that is the case, Plaintiff should specify the amount that it attributed to employee morale and the reason or basis for selecting such an amount. A factfinder will need to evaluate each category of damages that Plaintiff contends it has, as well as the amount Plaintiff contends it should be awarded for each category if Plaintiff prevails at trial. And Plaintiff needs to specify those categories and amounts for Defendant during the discovery period. Trial by ambush will not be permitted. Accordingly, as described above, Plaintiff's sworn interrogatory answer must specify each item or category of damages included in the $63,000 figure, must specify the dollar amount for each item or category, and must explain how Plaintiff arrived at each dollar amount. Again, Plaintiff must show its work.

The two issues described above (regarding damages and identifying customers) are the focus of the Motion. The Motion does also raise other tangential or related issues, as well as an issue related to 1099 records. With respect to issues related to the topics discussed above, what I have ordered is adequate to address any related issues, particularly when considering what is relevant and proportional. Regarding the 1099 issue, the deposition excerpts do not show that Mr. Gitman was inadequately prepared to testify regarding topic number 11. Mr. Gitman perhaps could have done more, "[b]ut a Rule 30(b)(6) deposition is not a memory test, and '[a]bsolute perfection is not required of a...witness.' " *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022) (citation omitted). "[T]he 'fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation[s].' " *Id.* (citations omitted).

**\*3** For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 130/131] is **GRANTED IN PART and DENIED IN PART**. By **February 10, 2025**, Plaintiff (through Mr. Gitman) shall provide sworn answers to the interrogatories described above, produce the emails described above (that Plaintiff is required to provide with its answer to the first interrogatory), and provide documents reflecting the damages that Plaintiff asserts it incurred in connection with the pay-per-click campaign. To be clear, in answering the interrogatories, Mr. Gitman must not only provide information known to him; he must provide "information known or reasonably available to" Plaintiff. *See Fuentes*, 32 F.4th at 1321 ("During the deposition, the designee is required to 'testify about information known or reasonably available to the [corporation].' "). To do so, Mr. Gitman may need to, among other things, review emails and speak with certain of Plaintiff's employees and potentially certain former employees (or, at the very least, make *adequate* good faith efforts to speak with former employees that may have relevant information). *See id.* at 1321-22 ("The corporation's duty to prepare a Rule 30(b)(6) witness extends, 'beyond matters personally known to [the] designee,' to all information reasonably available to the corporation, 'whether from documents, past employees, or other sources.' " (citations omitted)).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of February 2025.

**All Citations**

Slip Copy, 2025 WL 385474

**MONARCH AIR GROUP, LLC, Plaintiff, v. JOURNALISM..., Slip Copy (2025)**

2025 WL 385474

## Footnotes

1     Defendant was granted leave to file a reply, but it has not yet done so. Nonetheless, Defendant's apparently forthcoming reply is unnecessary and is not going to change the result here. In seeking leave to file a reply, Defendant stated that it wanted to correct certain factual misstatements in Plaintiff's response and to address certain issues regarding the cases cited in Plaintiff's response. Neither is necessary given that I have reviewed all of the deposition excerpts that Defendant provided with the Motion (rather than relying on the parties' characterizations of the testimony) and given that I have reviewed all cases that I have relied upon in connection with ruling on the Motion.

**End of Document**                                © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Isaac v. RMB Inc., 604 Fed.Appx. 818 (2015)

604 Fed.Appx. 818
This case was not selected for publication in West's
Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or
after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir.
Rule 36-2.
United States Court of Appeals, Eleventh Circuit.

Albert J. ISAAC, Rosetta W. Isaac,
Plaintiffs–Appellants,
v.
RMB INC., Cloud & Tidwell LLC,
Defendants–Appellees.

No. 14–11560
|
Non–Argument Calendar
|
March 17, 2015.

**Synopsis**
**Background:** Debtors filed suit against debt collector
alleging violations of Fair Debt Collection Practices Act
(FDCPA). The United States District Court for the
Northern District of 🏳 Alabama, 2014 WL 1278096,
granted debt collector summary judgment. Debtors
appealed.

**Holdings:** The Court of Appeals held that:

[1] bona fide errors defense protected debt collector from
liability, and

[2] court properly ordered second deposition of plaintiff,
with costs to defendant.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary
Judgment.

West Headnotes (2)

[1]     **Finance, Banking, and Credit**⚖️Debt

collection practices

Debt collector's violations of FDCPA, based on
collector's actions in continuing to call debtors
despite receiving cease-and-desist letter and
hanging up on debtors without disclosing its
identity, were the result of bona fide errors,
since the actions had occurred in good faith and
despite debt collector's procedures reasonably
adapted to avoid the errors; debt collector had
two specifically trained employees who
ordinarily processed cease-and-desist letters but
who were both absent when collector received
the cease-and-desist letter from debtors, as soon
as the letter was logged in system, the calls
ceased without further action by debtors, and
computer program collector used to detect
whether a call had reached a live person or an
answering machine mistook debtor's unusually
long telephone introduction to be an answering
machine's outgoing message, resulting in
termination of the call without disclosure of
caller's identity. Fair Debt Collection Practices
Act, § 813(c), 🏳 15 U.S.C.A. § 1692k(c).

5 Cases that cite this headnote

[2]     **Federal Civil Procedure**⚖️Failure to Appear or
Testify; Sanctions
**Federal Civil Procedure**⚖️Payment of
expenses

Magistrate Judge had ample authority to compel
plaintiff to attend a second deposition, even after
the discovery deadline, as well as award costs of
second deposition to defendant, where plaintiff
had impeded the original deposition by
wrongfully refusing to answer nearly all of
defendant's questions and repeatedly, and
without justification, objected that the questions
were irrelevant. Fed.Rules Civ.Proc.Rules
30(a)(2)(A)(ii), 37(a)(3)(B)(i), (a)(5)(A), 28
U.S.C.A.

11 Cases that cite this headnote

Isaac v. RMB Inc., 604 Fed.Appx. 818 (2015)

**Attorneys and Law Firms**

**\*819** Albert J. Isaac, Birmingham, AL, pro se.

Rosetta W. Isaac, Birmingham, AL, pro se.

Neal D. Moore, III, Sarah E. Orr, Leilus Jackson Young, Jr., Ferguson Frost & Dodson, LLP, Jay E. Tidwell, Cloud & Tidwell LLC, Birmingham, AL, for Defendants–Appellees.

Appeal from the United States District Court for the Northern District of Alabama. D.C. Docket No. 2:12–cv–02030–TMP.

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

**Opinion**

PER CURIAM:

Albert and Rosetta Isaac appeal the grant of summary judgment to RMB, Inc. on their claims alleging violations of the Fair Debt Collection Practices Act. The Magistrate Judge held that RMB had raised the bona fide error defense to the Isaacs' FDCPA claims.[1] The Isaacs contend **\*820** that was error. The Isaacs also appeal the Magistrate Judge's order awarding costs and compelling them to attend a deposition after the initial discovery period. We affirm.

I.

We review *de novo* a grant of summary judgment, viewing all evidence in the light most favorable to the nonmoving party—here, the Isaacs. *See Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir.2011). Summary judgment is appropriate when the record presents no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law." *Id.*

The FDCPA prohibits a debt collector from calling a consumer once notified that the consumer wishes the debt collector to cease communication. 15 U.S.C. § 1692c(c). It further proscribes calling a consumer "repeatedly or continuously with intent to annoy, abuse, or harass," as well as calling "without meaningful[ly] disclos[ing] ... the caller's identity." *Id.* § 1692d(5), (6). But the Act provides an affirmative defense from liability:

the bona fide error defense. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352 (11th Cir.2009). To assert the bona fide error defense, a debt collector must prove by a preponderance of evidence that its violation of the FDCPA was unintentional and was the result of a bona fide error, despite procedures reasonably adapted to avoid errors. 15 U.S.C. § 1692k(c). A bona fide error is a mistake that occurred in good faith. *Edwards,* 584 F.3d at 1353.

[1] The Isaacs contend that RMB violated the FDCPA in three ways: (1) continuing to call them despite receiving a cease-and-desist letter; (2) calling them with the intent to annoy or harass; and (3) hanging up on Albert Isaac when he answered its calls without disclosing its identity. But based on the undisputed facts, the Magistrate Judge did not err in holding that all three alleged violations were the result of bona fide errors. First, RMB had two specifically trained employees who ordinarily processed cease-and-desist letters. Both employees were absent when RMB received the Isaacs' cease-and-desist letter—one on maternity leave and the other with an unexpected illness. Although the calls continued for seventeen days after RMB received the letter, as soon as the letter was logged the calls ceased without further action by the Isaacs.

Second, the Isaacs adduced no evidence that RMB called them with the intent to annoy or harass. RMB was attempting to collect debts owed by the Isaacs' adult daughter and Albert Isaac's mother. Those debtors gave the Isaacs' phone number to RMB. In any event, RMB's calls to the Isaacs were relatively infrequent and did not evidence intent to annoy or harass.

Third, RMB used a computer program to detect whether a call reached a live person or an answering machine. The caller would identify herself only if the program detected the call was answered by a live person. This software mistook Albert Isaac's unusually long introduction to be an answering machine's outgoing message, resulting in termination of the call without disclosure of the caller's identity.

The Magistrate Judge properly held that RMB's policies and procedures were reasonably adapted to avoid the kinds of errors that occurred in this case, and that the errors did not occur in bad faith. *See Edwards,* 584 F.3d at 1352–53. RMB presented a valid bona fide error defense.

Isaac v. RMB Inc., 604 Fed.Appx. 818 (2015)

## II.

The Isaacs also challenge the Magistrate Judge's order compelling Rosetta Isaac to **821** attend a second deposition after the discovery period had ended and awarding RMB the cost of filing a motion to compel her attendance. In her first deposition, Rosetta Isaac refused to answer many of RMB's questions and repeatedly objected that the questions were irrelevant. We review the Magistrate Judge's actions for an abuse of discretion. *See* Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1146–47 (11th Cir.2006); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir.1997).

A deponent may refuse to answer questions only if "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion" to terminate the deposition for abuse. Fed.R.Civ.P. 30(c)(2) (a deposition objection "must be noted on the record, but the examination still proceeds"). The Isaacs have never argued that any of these exceptions applied, so Rosetta Isaac wrongfully refused to answer nearly all of RMB's questions.

[2] The Magistrate Judge thus had ample authority to compel her to attend another deposition, even after the discovery deadline, because she impeded the original deposition. *See* Fed.R.Civ.P. 37(a)(3)(B)(i) (court may compel a party to answer questions after she refuses to do so); Fed.R.Civ.P. 30(a)(2)(A)(ii) (court may grant leave for a second deposition); Fed.R.Civ.P. 29 (court may alter discovery procedures). The award of costs was also proper. *See* Fed.R.Civ.P. 37(a)(5)(A) (providing that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). The Isaacs have never argued that an award of costs would be unjust. *See* Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii) (court must not award costs if a deponent's nondisclosure was substantially justified or the circumstances otherwise make such an award unjust).

## AFFIRMED.

## All Citations

604 Fed.Appx. 818

---

**Footnotes**

1      The parties consented to the jurisdiction of the Magistrate Judge, so the order he issued is appealable.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.