**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 22-cv-23171-BLOOM/Torres

Stephen Lance Braverman,
Defendant.

FILED BY MC D.C.

FEB 11 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

**RE: Response to Motion to Compel Deposition Testimony**

**Date:** February 7, 2025
**To:** The Honorable Court and Counsel of Record

---

### INTRODUCTION

I, Stephen Lance Braverman, respectfully submit this response to the motion to compel deposition testimony filed by Daniel Forman, Esq. of Forman Law Group and Thomas A. Kissane, Esq. of Schlam Stone & Dolan LLP, on behalf of Mr. Troy Hogg.

---

### STATEMENT OF PURPOSE

**1. Background Context**

As a litigant navigating complex and concurrent legal proceedings—both in connection with the SEC case and ongoing litigation in New York involving matters related to Arbitrade and Cryptobontix—I find it necessary to preserve my constitutional rights carefully and prudently.

**2. Rationale for Invoking the Fifth Amendment**

Given the intertwined nature of facts and allegations that might overlap these distinct cases, I assert my Fifth Amendment right to avoid self-incrimination. This protection is essential to shield me from being compelled to provide testimony that could be unfairly used beyond the intended scope of this deposition, especially considering the simultaneous litigation in another jurisdiction.

**3. Concerns Over Public Mischaracterization**

I am aware that Mr. Hogg—who has been found guilty by the Ontario Securities Commission (OSC) of offenses related to this matter—may disseminate misleading interpretations of my legal rights assertion via his newsletter. I respectfully request that the Court prevent Mr. Hogg or his counsel from misrepresenting my legal stance.

---

### EXHIBIT A: Ontario Securities Commission's Reasons and Decision

This exhibit details the findings and decisions regarding the activities of Troy James Hogg. Key points include:

- **Securities Violations:**
  The OSC imposed significant financial penalties against Troy James Hogg and associated entities for fraudulent crypto asset practices, totaling approximately **CAD 61 million.**

- **Asset Management Implications:**
  The regulatory findings indicate a potential cross-border impact if assets fall within U.S. jurisdiction, and international comity principles may lead to enforcement in foreign courts.

- **Legal Precedents:**

  o *SEC v. Quinn* underscores prohibitions on misusing restitutory assets for defense funding.

  o *SEC v. Bremont* reinforces that restitution funds must remain available before legal expenditures, emphasizing the priority of corrective financial measures.

## LIMITATIONS IN SCOPE

- **Focus on Direct Relevance:**
  My invocation of Fifth Amendment rights is strictly limited to preventing responses that could affect separate legal challenges, thereby preserving the procedural integrity of the distinct legal frameworks involved.

- **Emphasizing Cooperation with Procedure:**
  Although I assert this privilege, I reaffirm my commitment to fully cooperate with inquiries that are directly and solely pertinent to the SEC case, within the scope established by this Court.

## CONCLUSION

I appreciate the Court's understanding of my position and the importance of upholding fundamental legal protections during these concurrent legal proceedings. I respectfully request thoughtful consideration of this rationale in addressing the motion to compel deposition testimony and in preventing any misleading dissemination of my legal stance.

**Respectfully submitted,**

Stephen Lance Braverman
Pro Se Defendant
3916 Greenwood St.
Newbury Park, CA 91320
sbraverman22@gmail.com
516-398-4617

**Exhibit A**

**Ontario Securities Commission's Reasons and Decision**

This document from the Ontario Securities Commission (OSC) details the findings and decisions regarding the activities of Troy James Hogg. The OSC judgment encompasses the following key points:

1. **Securities Violations**: The OSC has imposed significant financial penalties against Troy James Hogg and associated entities in relation to fraudulent practices in the sale and promotion of crypto assets. The penalties encompass both administrative fines and restitution amounts, approaching CAD 61 million in total.

2. **Asset Management Implications**: The severity of these regulatory findings suggests a cross-border impact, particularly if assets reside or are moved within U.S. jurisdiction. International comity principles may see attempts at enforcement within foreign courts.

3. **Legal Precedents**:

    - The document aligns with principles seen in U.S. court cases, such as SEC v. Quinn, indicating prohibitions on the use of assets earmarked for restitution or regulatory claims to fund legal defenses.

    - Similarly, SEC v. Bremont supports asset conservation to meet restitution mandates before expenditure on legal costs, enforcing that funds allocated for corrective measures remain intact.



| Capital Markets Tribunal | Tribunal des marchés financiers | 22nd Floor 20 Queen Street West Toronto ON M5H 3S8 | 22e étage 20, rue Queen ouest Toronto ON M5H 3S8 |

**IN THE MATTER OF
TROY RICHARD JAMES HOGG, CRYPTOBONTIX
INC., ARBITRADE EXCHANGE INC.,
ARBITRADE LTD., T.J.L. PROPERTY
MANAGEMENT INC. and GABLES HOLDINGS INC.**

File No. 2022-20

**Adjudicator:** Andrea Burke (chair of the panel)
Sandra Blake
M. Cecilia Williams

December 19, 2024

**ORDER**
(Subsection 127(1) and section 127.1 of the *Securities Act*, RSO 1990, c S.5)

WHEREAS on September 30, 2024, the Capital Markets Tribunal held a hearing at 20 Queen Street West, Toronto, Ontario to consider the sanctions and costs that the Tribunal should impose on Troy Richard James Hogg, Cryptobontix Inc., Arbitrade Exchange Inc., Arbitrade Ltd. (**Arbitrade Bermuda**), T.J.L. Property Management Inc. and Gables Holding Inc. as a result of the findings in the Reasons and Decision on the merits, issued on June 14, 2024;

ON READING the materials filed by the Ontario Securities Commission, and on hearing the submissions of the representatives for the Ontario Securities Commission, and no one appearing for the respondents;

IT IS ORDERED that:

1. pursuant to paragraph 2 of subsection 127(1) of the *Securities Act* (the **Act**), trading in any securities or derivatives by the respondents shall cease permanently;

2. pursuant to paragraph 2.1 of subsection 127(1) of the *Act*, the acquisition of any securities by the respondents is prohibited permanently;

3. pursuant to paragraph 3 of subsection 127(1) of the *Act*, any exemptions contained in Ontario securities law do not apply to the respondents permanently;

1

4. pursuant to paragraphs 7 and 8.1 of subsection 127(1) of the *Act,* Hogg shall immediately resign any positions that he holds as a director or officer of an issuer or registrant;

5. pursuant to paragraphs 8 and 8.2 of subsection 127(1) of the *Act,* Hogg is prohibited from becoming or acting as a director or officer of any issuer or registrant permanently;

6. pursuant to paragraph 8.5 of subsection 127(1) of the *Act,* the respondents are prohibited from becoming or acting as a registrant or as a promoter permanently;

7. pursuant to paragraph 9 of subsection 127(1) of the *Act*:

    a. Arbitrade Bermuda shall pay an administrative penalty in the amount of $2,000,000 to the Commission;

    b. Hogg and Cryptobontix shall jointly and severally pay an administrative penalty in the amount of $1,000,000 to the Commission;

    c. Hogg and Arbitrade Exchange shall jointly and severally pay an administrative penalty in the amount of $500,000 to the Commission;

    d. Hogg and Gables shall jointly and severally pay an administrative penalty in the amount of $500,000 to the Commission; and

    e. Hogg and TJL shall jointly and severally pay an administrative penalty in the amount of $500,000 to the Commission;

8. pursuant to paragraph 10 of subsection 127(1) of the *Act*:

    a. Arbitrade Bermuda shall disgorge to the Commission the amount of US$41,622,965.27, of which amount Hogg and Cryptobontix shall be jointly and severally liable to disgorge US$7,822,296.72; and

    b. Hogg shall disgorge to the Commission an additional amount of US$10,109,038, of which amount:

        i. TJL shall be jointly and severally liable to disgorge US$5,637,259.39; and

        ii. Gables shall be jointly and severally liable to disgorge US$4,345,737.14; and

9. pursuant to section 127.1 of the *Act*:

    a. Hogg, Cryptobontix, Arbitrade Exchange and Arbitrade Bermuda shall pay costs to the Commission in the amount of $534,084.22, for which they shall be jointly and severally liable; and

2

    b. Hogg, TJL and Gables shall pay costs to the Commission in the amount of $133,521.05, for which they shall be jointly and severally liable.

*"Andrea Burke"*
―――――――――――――
Andrea Burke

| *"Sandra Blake"* | *"M. Cecilia Williams"* |
|---|---|
| Sandra Blake | M. Cecilia Williams |

3





