

FILED BY ⎯⎯ D.C.

JUL 14 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-23171-DAMIAN/D'ANGELO

**SECURITIES AND EXCHANGE COMMISSION,**

    **Plaintiff,**

v.

**ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,**

    **Defendants.**

---

## DEFENDANT MAX BARBER'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37(b)

Defendant Max Barber, proceeding pro se, respectfully moves for sanctions against the Securities and Exchange Commission (SEC) for its bad-faith failure to comply with an on-the-record discovery agreement.

### INTRODUCTION

The integrity of the discovery process depends on parties honoring their commitments. The SEC has breached that trust. After its counsel made an unambiguous, on-the-record promise to produce its expert's contract and non-conflict letter, the SEC engaged in a pattern of stonewalling, ignoring six separate inquiries from Defendant. This was not an innocent oversight; it was a deliberate strategy to run out the clock, forcing Defendant to prepare for trial

without critical impeachment evidence. **This bad-faith conduct—compounded by the SEC's simultaneous demand that Defendant finalize his trial disclosures—has irrevocably prejudiced the defense.** The SEC's inevitable, last-minute production of these documents cannot cure the harm caused by its delay. The only appropriate remedy to cure the prejudice and deter future misconduct is to exclude the SEC's expert witness.

## FACTUAL BACKGROUND

1. **The SEC's Unambiguous On-the-Record Promises (June 11, 2025)** During the deposition of SEC expert Faisal Ahmed, SEC counsel Alice Sum made two clear promises to produce documents.

    a. The Expert Contract:

    "MR. BARBER: *And then just for the record, Alice, has that been produced as far as part of your production?* **MS. SUM:** *I don't believe there was a Request for Production for the contract.* ***But I don't have an issue with providing a copy of the contract.*** *MR. BARBER: Okay. That would be great. So if you could provide that that would be fantastic, after this.* (See Deposition of F. Ahmed, 10:8-20, attached as Exhibit 1).

    b. The Non-Conflict Letter;

    from the expert's other employer, Sam Precious Metals, clearing him to work for the SEC, Ms. Sum confirmed its existence: "MR. BARBER: So, it'd be correct that you have a document signed by Mr. Ayub to perform the SEC?   MS. SUM: ...Individuals who are permitted to. To perform work have been cleared and it includes Mr. Ayub.MR.

BARBER: Yes. So, I just wanted to make clear for the record the representations and the history of the Precious metals background from Sam and some others and just confirming that the consulting company had the non-conflict letter to perform these services. That's all. (See Deposition of F. Ahmed, 82:20-83:7, attached as Exhibit 1).

**2.     Defendant's Good-Faith Efforts and the SEC's Pattern of Stonewalling** Despite the SEC's clear promises, the documents were not produced. Defendant made multiple attempts to resolve the issue informally, all of which were ignored by the SEC:

**June 26, 2025:** Email follow-up. **No response.** (Exhibit 2).

**June 27, 2025:** Email follow-up. **No response.** (Exhibit 3).

**June 30, 2025:** Email follow-up. **No response.** (Exhibit 4).

**July 8, 2025:** Email follow-up, explicitly asking if a motion to compel was necessary.

**No response.** *"Where is the contract with you and your expert and the non conflict letter you promised ? Do I have to motion to compel this? Let me know today"*. The SEC again failed to respond. (Exhibit 5).

**July 9, 2025:** Formal meet-and-confer letter. **No response.** (Exhibit 6).

This month-long pattern of deliberate indifference demonstrates contempt for the discovery process and for a pro se defendant's rights.

## ARGUMENT

### 3. THE SEC VIOLATED A DE FACTO COURT ORDER, JUSTIFYING SANCTIONS.

The SEC will likely argue this motion is premature because no formal court order was violated. This argument elevates form over substance and should be rejected. An oral stipulation made on the record is treated as a binding order for the purposes of Rule 37. As the Second Circuit held, a party's commitment in open court has the "full force and effect of an order." *Jones v. Uris Sales Corp.*, 373 F.2d 644, 646-47 (2d Cir. 1967). SEC counsel's statement, "I don't have an issue with providing a copy," was an unequivocal commitment upon which Defendant was entitled to rely.

To require Defendant to file a motion to compel, win, and wait for another violation before seeking sanctions would be to reward the SEC for its initial misconduct. The SEC has already demonstrated its unwillingness to cooperate by ignoring five emails and a formal meet-and-confer letter. Forcing the parties through a redundant procedural step would be futile and a waste of judicial resources.

### 4. THE SEC'S PATTERN OF CONDUCT DEMONSTRATES BAD FAITH, NOT INADVERTENCE.

The SEC will surely claim its failure was an "inadvertent oversight." This claim is irreconcilable with the facts. A single missed email might be an oversight. **Ignoring six separate inquiries over several weeks is a pattern of willful blindness.** The SEC had multiple opportunities to correct its "mistake" but chose to remain silent.

This conduct meets the standard for bad faith, which includes not only intentional misconduct but also a "conscious disregard for the discovery process." *See, e.g., SEC v. Kramer*, 778 F. Supp. 2d 1220 (M.D. Fla. 2011). As a federal agency, the SEC should be held to a higher standard of conduct. Its decision to stonewall a pro se litigant is precisely the kind of behavior that sanctions are meant to address.

5.  **THE SEC'S BELATED PRODUCTION CANNOT CURE THE SEVERE PREJUDICE.** The SEC will inevitably produce the documents now and argue that any prejudice has been cured. This argument is disingenuous. **The prejudice to Defendant is not the permanent absence of the documents, but the inability to use them during the critical trial preparation phase.** By withholding this evidence while discovery was ongoing and deadlines for expert disclosures were looming, the SEC forced Defendant into a "Catch-22":

   a.  He was forced to plan his trial strategy, including whether to retain a rebuttal expert, without key information about the SEC's primary expert.

   b.  He was denied the ability to conduct follow-up discovery based on the contents of the contract and non-conflict letter.

A last-minute document dump does not restore these lost opportunities. It forces Defendant to scramble, potentially re-depose the expert (if the Court even allows it), and alter his strategy on the eve of trial. This is a classic, incurable procedural prejudice caused entirely by the SEC's gamesmanship.

## 6. EXCLUSION IS THE ONLY PROPORTIONATE SANCTION TO REMEDY THE HARM AND DETER MISCONDUCT.

The SEC will argue that excluding its expert is a "draconian" sanction. However, the sanction must be proportionate to the misconduct and the resulting harm.

> **Lesser Sanctions are Ineffective:** An award of costs does not fix the strategic prejudice. An adverse inference instruction is insufficient because it does not prevent the jury from being swayed by expert testimony that Defendant was unfairly prevented from challenging.

> **The Harm Fits the Sanction:** The SEC's misconduct was aimed at shielding its expert from full scrutiny. The most direct and proportionate sanction is therefore to remove that expert from the proceedings.

> **Deterrence is Critical:** As in *Kramer*, the Court must send a clear message that a party—especially a government agency—cannot benefit from its own discovery abuse. If the only penalty for getting caught is to finally do what you were supposed to do in the first place, there is no deterrent.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Max Barber respectfully requests an Order imposing the following sanctions:

1. **Exclusion of Evidence:** Prohibiting the SEC from calling Mr. Faisal Ahmed as a witness

and striking his expert report;

2. **Alternative Relief:** In the alternative, an adverse inference instruction and an order requiring the SEC to pay all costs associated with any necessary re-opening of discovery; and

3. **Award of Costs:** Requiring the SEC to pay the reasonable expenses incurred by Defendant in bringing this Motion.

For the reasons stated herein, Defendant Max Barber respectfully requests that the Court grant this Motion for Sanctions and provide all other relief it deems just and proper.

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the undersigned Pro Se Defendant certifies that he has conferred in good faith with counsel for Plaintiff, the SEC, to resolve the issues in this motion without court action. These good-faith attempts include multiple emails and a formal letter sent between June 26, 2025, and July 9, 2025. Plaintiff's counsel, and Co-Defendants have not responded to any of these attempts to confer, taking no position in support or opposition.

Dated: July 10, 2025

Respectfully submitted,
*/s/ Max W. Barber*
Max W. Barber
Defendant, Pro Se
1028 S 1900 E
Salt Lake City, UT 84108
Tel: (801) 518-1821
23blackbee@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2025, I served a true and correct copy of the foregoing DEFENDANT MAX BARBER'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37(b) as required by each recipient's format either by: via Email, United States First Class Postal Service and/or the Court's CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Max W. Barber
Max W. Barber

**Email and/or United States First Class Postage:**

Alice K. Sum
Senior Trial Counsel
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Email: sumal@sec.gov

Clerk of Court
U.S. District Court for the Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

Via E-mail Stephen L. Braverman, pro se
    E-mail: sbraverman22@gmail.com

Via E-mail Troy R.J. Hogg, pro se
    E-mail: troyhogg2020@protonmail.com

Via E-mail James L. Goldberg, pro se
    E-mail: James_Goldberg@msn.com

Max Barber
NONE
1028 S 1900 E
SALT LAKE CTY UT 84108-1861

SALT LAKE CITY UT 840
10 JUL 2025 PM 3 L



$0.97⁰
US POSTAGE IMI
FIRST-CLASS
FROM 84108
07/10/2025
Stamps.com

Clerk of the Court, U.S. District Court
for S.D.FL
299 E Broward Blvd
FT LAUDERDALE FL 33301-1944