UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R. J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

**DEFENDANTS GOLDBERG AND HOGG'S JOINT MOTION FOR DEFAULT RELIEF,**

**SEVERANCE, AND SANCTIONS AGAINST DEFENDANTS BARBER AND**

**BRAVERMAN**

Defendants Troy R. J. Hogg and James L. Goldberg, proceeding pro se, respectfully move for

entry of default relief, severance, and sanctions against co-defendants Max W. Barber and

Stephen Braverman, and state as follows:

## I. INTRODUCTION

1. Barber and Braverman have failed to timely oppose pending motions directed at their conduct.

Braverman has filed nothing. Barber filed only a procedurally defective Motion to Strike and a

Rule 11 "safe harbor" notice that expired on August 18, 2025 without a motion being filed.

Under Local Rule 7.1(c), failure to timely oppose constitutes default.

## II. FACTUAL BACKGROUND

2. On July 21, 2025, Defendants Hogg and Goldberg filed motions including Judicial Notice,

Sanctions, and Severance directed to the distinct misconduct of Barber and Braverman.

3. Braverman never filed any opposition within the 14-day window. His silence constitutes

default.

4. Barber filed a Motion to Strike instead of a merits opposition. A motion to strike does not

address the substance and cannot substitute for a response under Rule 7.1(c).

5. Barber also served a Rule 11(c)(2) "notice of intent" on July 28, 2025. The safe harbor period

expired on August 18, 2025. Barber failed to file any Rule 11 motion with the Court. His threat is

void and itself constitutes harassment and multiplication of proceedings.

## III. LEGAL STANDARD

6. Local Rule 7.1(c)(1): "Failure to serve an opposing memorandum within fourteen (14) days…

may be deemed sufficient cause for granting the motion by default." See *United States v. One*

*Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir.

2004) (*failure to contest allegations results in waiver*).

7. Fed. R. Civ. P. 20 & 21: authorizes severance to prevent prejudice from improper joinder. See

*In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1307 (S.D. Fla. 2003) (court has broad

discretion to order severance under Rule 21 to prevent prejudice and promote judicial economy).

8. Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority authorize sanctions for filings made for harassment, delay, or needlessly increasing costs. See *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239–40 (11th Cir. 2007) (Rule 11, §1927, and inherent authority allow sanctions for bad-faith or abusive litigation tactics).

## IV. ARGUMENT & DISCUSSION

9. Braverman's silence for more than 14 days constitutes default under Local Rule 7.1(c). All pending motions directed at him should be deemed unopposed and granted.

10. Barber's Motion to Strike is not a merits opposition. He failed to respond as required by Local Rule 7.1(c). His expired Rule 11 notice further underscores bad faith.

11. Discovery shows Barber and Braverman orchestrated U.S. token sales, diverted funds and assets, and committed fraud. Their misconduct is distinct from Hogg and Goldberg. Continued joinder creates spillover prejudice. Severance is required under Rules 20, 21, and 42(b).

12. Defendants Barber and Braverman's repeated failures to respond warrant sanctions under Rule 11, Rule 37, and 28 U.S.C. § 1927. Specifically, Defendants Hogg and Goldberg respectfully request:

(a) Preclusion of Barber and Braverman from later submitting evidence or arguments that could have been raised in opposition;

(b) Monetary sanctions to compensate for the costs of responding to frivolous Rule 11 notices and motions to strike; and

(c) Referral for consideration of fraud on the Court for repeated misrepresentations, impeachment, and including Barber's concealment of his Chapter 11 bankruptcy filing.

13. Barber has repeatedly contradicted himself in his own filings, acknowledging his own missed deadlines and lodging untimely papers, while simultaneously seeking to strike Defendants' filings as "untimely." This hypocrisy underscores his bad faith and supports default relief and sanctions. A party cannot profit from procedural defaults of others while ignoring his own.

Public records confirm that Barber filed a Chapter 11 bankruptcy petition. Neither the Court, plaintiff, nor co-defendants were notified. The Bankruptcy Code requires disclosure, and concealment of a bankruptcy filing has been deemed bad faith and grounds for sanctions. See *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). This reinforces Barber's continued pattern of fraud and procedural abuse.

14. Braverman's total silence operates as a default under Local Rule 7.1(c)(1). The Eleventh Circuit has held that a defendant's failure to respond constitutes an admission of the well-pleaded allegations of fact. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, the factual matters raised in Defendants' Judicial Notices and motions must be deemed admitted.

15. Barber has likewise failed to contest the merits. Instead of a substantive response, he filed only a Motion to Strike and a Rule 11 notice. A motion to strike is not a merits opposition; it seeks only to erase filings without rebutting the underlying facts. His Rule 11 notice expired without a motion being filed, and thus is void. Barber's refusal to address the merits is a waiver of opposition. The Eleventh Circuit recognizes that a party's failure to contest factual allegations results in waiver. See *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

16. Therefore, both Braverman's silence and Barber's failure to address the merits constitute admissions by default. The Court should deem the facts presented in Defendants' Judicial Notices and motions as established, including evidence of Barber's and Braverman's serious misconduct, such as diversion of money and assets, alteration of agreements, concealment of bankruptcy, and material misrepresentations among other things.

17. Judicial economy also favors granting this motion. By deeming Barber and Braverman in default and sanctioning their misconduct now, the Court prevents future "trial-within-a-trial" proceedings over their bad faith and defaults. This narrows the scope of disputed facts, streamlines trial, and conserves judicial resources.

## V. THE SEC's WAIVER BY FAILING TO FILE

18. Although the SEC expressed opposition during the meet-and-confer process, it never filed any written opposition on the docket to Defendants' Motion to Sever. Local Rule 7.1(c)(1) provides that "failure to serve an opposing memorandum within fourteen (14) days… may be deemed sufficient cause for granting the motion by default." Courts in this District hold that informal opposition by email or conferral does not preserve a party's position; only docketed filings carry legal effect.

19. Instead of addressing the merits, the SEC filed a blanket motion to strike nearly all pro se filings (DE 421), seeking to erase them wholesale rather than contest their substance. Such a tactic underscores that the SEC cannot rebut the factual and legal arguments presented, and further illustrates waiver. The SEC's silence on the merits therefore constitutes admission that the relief requested is proper. Accordingly, in addition to Braverman's total

silence and Barber's defective motion practice, the SEC's failure to file any response further supports granting severance and default relief in full.

20. **Lack of Evidence Against Hogg and Goldberg; Judicial Consensus Limiting Scope of Securities Definition**

Despite years of litigation, the SEC still lacks any admissible evidence tying Defendants Hogg or Goldberg to fraud. Its own pleadings affirm that all DIG tokens were sold programmatically on Livecoin, a secondary foreign exchange—a fact that fatally undermines both *Howey* and jurisdiction:

**a. Programmatic Exchange Sales Are Not Securities**

In *SEC v. Ripple Labs, Inc., No. 20 Civ. 10832 (S.D.N.Y. July 13, 2023*, Judge Torres held that programmatic sales of XRP on exchanges were not securities, as buyers could not expect profits derived from Ripple's efforts—and did not know they were buying from Ripple.

In *SEC v. Binance Holdings Ltd., No. 23-cv-1599 (D.D.C. June 28, 2024)*, a D.C. court held that secondary sales of BNB by non-issuers are not securities transactions, because SEC failed to show buyers expected profits from Binance's efforts.

**b. Extraterritoriality Bars Jurisdiction**

Under *Morrison v. National Australia Bank Ltd.*, securities laws apply only to domestic transactions. Since DIG sales occurred on Livecoin—a foreign exchange—U.S. jurisdiction does not attach.

Combining foreign venue and programmatic exchange transactions, the SEC's case collapses on both jurisdictional and substantive grounds. Having dropped Sections 5(a) and 5(c), the SEC is left only with fraud counts—which require proof of misrepresentation, scienter, and reliance. Yet no direct testimony, expert evidence, or documentary proof ties Hogg or Goldberg to any wrongdoing.

Meanwhile, discovery confirms that Braverman and Barber orchestrated U.S. token sales, diverted funds and assets, and misrepresented facts—but none of that conduct connects to Hogg or Goldberg. The SEC supplies no evidence to do so.

c. **Conflicting Proceeds Figures and the Mandela Hands: Collateral Misappropriated by Barber, Not Fraud by Hogg or Goldberg**

The SEC's own Complaint alleges inconsistent figures — citing $36.8 million in DIG proceeds during one period, and $45 million "total" in another . These shifting numbers are deployed to exaggerate the perception of funds raised and imply otherwise. Yet the SEC simultaneously admits that the Mandela "Golden Hands" were pledged as DIG's backing and valued between $10 and $50 million. At the high end, the Hands alone exceeded the SEC's largest alleged proceeds figure. These admissions fatally undermine the SEC's narrative of an "unbacked fraud token." They instead demonstrate that DIG was represented as asset-backed, and that any fraud lies in Barber and SION's misuse of the value asset, taken under the guise of collateral for Barber's fake gold pledge. That misconduct is attributable solely to Barber and SION—not to Hogg or Goldberg.

21. **Braverman and Barber's Defaults Constitute Admissions of Liability.**

    It is well established that a party's default operates as an admission of the well-pleaded

    factual allegations against them. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561

    F.3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.

    1987). By failing to oppose the pending motions, and in Braverman's case by total silence,

    both Braverman and Barber have defaulted under S.D. Fla. L.R. 7.1(c). As a matter of law,

    their defaults constitute admissions of the distinct misconduct alleged, including

    orchestrating token sales, diverting funds, and making material misrepresentations. The

    Court may therefore deem those facts established and proceed to impose appropriate

    sanctions and severance.

22. Judicial economy and the broader litigation record further confirm that severance is

    warranted. Defendant Hogg filed suit against Barber and Braverman in the New York

    Supreme Court (Index No. 656639/2021) **more than a year before the SEC initiated this**

    **enforcement action**. That case targets the very same misconduct—Barber's

    misappropriation of the Mandela "Golden Hands," fraudulent pledges of gold, and

    diversion of assets. The fact that Hogg was already seeking to hold Barber and Braverman

    accountable in a separate forum demonstrates that he stood as their adversary, not their

    accomplice. Recognizing Barber and Braverman's defaults here, while allowing Hogg and

    Goldberg to be severed, prevents prejudicial spillover, avoids duplicative proceedings, and

    reinforces the reality that liability rests with Barber and Braverman alone.

## VI. CONCLUSION

23. Defendants Barber and Braverman have defaulted on multiple motions, concealed material facts, and engaged in a pattern of delay and bad faith. Under Local Rule 7.1(c), their silence and failure to respond operate as admissions. Their misconduct has been independently corroborated by documentary evidence and discovery. To protect the integrity of these proceedings, prevent prejudicial spillover, and preserve judicial economy, the Court should grant this motion in full, deem the facts established, impose sanctions, and sever Hogg and Goldberg from Barber and Braverman.

## VII. RELIEF REQUESTED

WHEREFORE, Defendants Hogg and Goldberg respectfully request that the Court:

A. Deem all pending motions directed at Defendants Barber and Braverman unopposed and GRANTED by default under Local Rule 7.1(c);

B. Enter findings, consistent with Eleventh Circuit law, that Barber's and Braverman's defaults constitute admissions of liability as to the well-pleaded allegations of misconduct, including diversion of assets, fraudulent pledges, concealment of bankruptcy, and material misrepresentations;

C. Recognize that the SEC has not filed a merits opposition to these issues, has failed to produce admissible evidence connecting Hogg or Goldberg to any misrepresentation or scienter, and has admitted that all DIG token sales were programmatic foreign exchange trades, which foreclose jurisdiction under *Morrison* and securities status under *Howey* as confirmed by *Ripple and Binance,*

D. Sever Defendants Hogg and Goldberg from Barber and Braverman under Rules 20, 21, and 42(b), in light of the distinct and unrebutted factual record, and to prevent prejudicial spillover at trial;

E. Impose sanctions on Barber and Braverman for bad-faith defaults and procedural abuse, including:

1.  Preclusion from introducing any untimely evidence or arguments that could have been raised in opposition;

2.  Monetary sanctions under Rule 11 and 28 U.S.C. § 1927;

3.  Referral for consideration of fraud on the Court for repeated misrepresentations; and

F. Grant such further relief as the Court deems just and proper.


August 21, 2025.

Respectfully submitted,



James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent, Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**Certificate of Conferral**

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, undersigned certifies that on August 21, 2025, he conferred in good faith by email with counsel for the Securities and Exchange Commission, and with co-defendants Stephen L. Braverman and Max W. Barber, regarding the relief sought in this motion.

The email set forth the specific grounds for the motion and the relief requested, and invited responses by 2:00 p.m. EST on August 21, 2025. Defendant Braverman replied requesting production of the full draft motion but did not provide any substantive position. Defendant Barber and the SEC did not respond at all.

Accordingly, undersigned certifies that the motion is opposed or, alternatively, that opposition could not be ascertained despite good-faith efforts to confer.

August 21, 2025.

Respectfully submitted,



James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent, Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R. J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

**[PROPOSED] ORDER ON DEFENDANTS GOLDBERG AND HOGG'S MOTION TO DEEM DEFAULTS, SANCTION DEFENDANTS BARBER AND BRAVERMAN, AND FOR SEVERANCE**

Upon consideration of Defendants James L. Goldberg's and Troy R.J. Hogg's motion, and the record in this case, the Court finds that Defendants Max Barber and Stephen Braverman failed to timely respond to multiple pending motions directed at them, including Rule 11 motions, Judicial Notices, and the Motion for Severance. Under Local Rule 7.1(c)(1), failure to respond constitutes waiver and admission.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. All pending motions directed at Barber and Braverman are DEEMED UNOPPOSED and GRANTED by default under Local Rule 7.1(c).

2.  Consistent with Eleventh Circuit precedent, Barber's and Braverman's defaults constitute admissions of the well-pleaded allegations of misconduct against them, including diversion of assets, fraudulent pledges, concealment of bankruptcy, and material misrepresentations.

3.  The Court further recognizes that the SEC has not filed a merits opposition to these issues and has failed to produce admissible evidence connecting Defendants Hogg or Goldberg to any misrepresentation or scienter. The SEC's own pleadings admit that all DIG token sales occurred programmatically on a foreign exchange (Livecoin), which forecloses jurisdiction under *Morrison* and securities status under *Howey* as interpreted in *Ripple* and *Binance* and that DIG was represented as backed by the Mandela 'Golden Hands,' valued between $10 and $50 million. This fact further undermines the SEC's narrative of an 'unbacked fraud token' and places the liability squarely on Barber and SION.

4.  Defendants Hogg and Goldberg are SEVERED from Defendants Barber and Braverman under Fed. R. Civ. P. 20, 21, and 42(b), in light of the distinct and unrebutted factual record and to prevent prejudicial spillover at trial.

5.  Sanctions are imposed on Barber and Braverman for defaults and bad-faith conduct, including:

    a. Preclusion from introducing untimely evidence or arguments that could have been raised in opposition;

    b. Monetary sanctions under Rule 11 and 28 U.S.C. § 1927;

    c. Referral for consideration of fraud on the Court.

6.  The Court may enter such further relief as it deems just and proper.

DONE AND ORDERED at _____, Florida, this ___ day of _____, 2025.

_____

HON. MELISSA DAMIAN

UNITED STATES DISTRICT JUDGE