**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-23171-DAMIAN/D'ANGELO

FILED BY _____ D.C.

SEP 0 2 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**ARBITRADE LTD., et al.,**

Defendants.

---

<u>**DEFENDANT MAX W. BARBER'S MOTION FOR SANCTIONS AGAINST**</u>
<u>**DEFENDANTS TROY R.J. HOGG AND JAMES L. GOLDBERG PURSUANT TO FED.**</u>
<u>**R. CIV. P. 11 AND THE COURT'S INHERENT POWER**</u>

Defendant Max W. Barber, proceeding *pro se*, respectfully moves this Honorable Court

for an order imposing sanctions on Co-Defendants Troy R. J. Hogg and James L. Goldberg

("Hogg and Goldberg"). This motion is necessitated by a coordinated barrage of four filings

submitted by Hogg and Goldberg (the "Challenged Filings"), [1] which represent a calculated

abuse of the judicial process designed to harass Mr. Barber, inject prejudice into the record, and

circumvent this Court's scheduling orders. For the reasons set forth herein, sanctions are not only

---

[1] The Challenged Filings are identified in ECF No. 462 at 1-2 and ECF No. 461 at 1-2. They include ECF
Nos. 441, 442, 444, and 445

warranted but necessary to deter future misconduct and protect the integrity of these proceedings.

## **INTRODUCTION**

The Federal Rules of Civil Procedure are not suggestions; they are commands. After years of litigation and with discovery closed, this SEC enforcement action is poised for dispositive motions. However, on the eve of these critical deadlines, Hogg and Goldberg have unleashed a torrent of filings designed to transform this case. Instead of defending against the SEC's allegations, they have chosen to attack their co-defendants with filings that threaten the "just, speedy, and inexpensive determination" of this action, in direct contravention of Fed. R. Civ. P. 1.

The Challenged Filings violates every core tenet of Federal Rule of Civil Procedure 11(b):

- They were filed for an **improper purpose**—to harass Mr. Barber and execute a prejudicial "trial by ambush" long after discovery had closed.

- They advance **legally unwarranted contentions**, most notably by grotesquely misusing Federal Rule of Evidence 201 to request "judicial notice" of hotly disputed and defamatory allegations.

- They are replete with **factual contentions that lack evidentiary support** and are, in many instances, directly contradicted by the public records Hogg and Goldberg themselves cite.

This conduct, taken as a whole, also constitutes bad-faith litigation abuse, warranting sanctions under the Court's inherent power. Mr. Barber has complied with all procedural prerequisites,

including serving a detailed "safe harbor" notice pursuant to Rule 11(c)(2). [2] Hogg and Goldberg were given a 21-day opportunity to withdraw their offending papers and avoid this motion. They refused. Their defiance compels Mr. Barber to seek the Court's intervention.

## PROCEDURAL COMPLIANCE

On July 28, 2025, Mr. Barber served Hogg and Goldberg with a "NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS" (ECF No. 461). This notice meticulously identified the specific conduct alleged to violate Rule 11 and provided the mandatory 21-day period, which was set to expire on August 18, 2025, to withdraw or correct the Challenged Filings. [3] *See* Fed. R. Civ. P. 11(c)(2). Hogg and Goldberg have failed to do so. This motion is therefore ripe for adjudication.

## LEGAL STANDARD

### A.      Federal Rule of Civil Procedure 11

Rule 11 requires that an attorney or *pro se* party conduct a "reasonable inquiry" into the facts and law before presenting a paper to the court. The rule establishes an objective standard of "reasonableness under the circumstances." *Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987) (en banc). A court may impose sanctions if a filing is presented for an improper purpose, contains legal contentions unwarranted by existing law, or asserts factual contentions that lack

---

[2] *See* ECF No. 461, "DEFENDANT MAX W. BARBER'S NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS..."
[3] *See* ECF No. 461 at 3

evidentiary support. Fed. R. Civ. P. 11(b)(1)-(3). The rule "applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989). The primary purpose of Rule 11 is to deter frivolous litigation and abusive tactics.

### B.    The Court's Inherent Power

Separate and apart from Rule 11, federal courts possess an "inherent power to manage [their] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes the power to sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. An award of sanctions under the Court's inherent power is justified when a party has "knowingly or recklessly raised a frivolous argument, or has argued a meritorious claim for the purpose of harassing an opponent." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

### <u>ARGUMENT</u>

### I.    The Challenged Filings Were Presented for an Improper Purpose in Violation of Rule 11(b)(1).

Hogg and Goldberg's filings are not a good-faith effort to advance this litigation. Instead, they represent a coordinated strategy designed to harass Mr. Barber, cause unnecessary delay, and introduce a torrent of prejudicial, factually baseless, and legally unwarranted arguments into

the record. Their actions violate Rule 11(b)(1) on two independent grounds.

### A.    The Post-Discovery Filings Constitute a Prejudicial "Trial by Ambush."

Hogg and Goldberg's filings were submitted months after the close of fact discovery, in violation of this Court's Scheduling Order—a deadline which is not a "frivolous piece of paper... which can be cavalierly disregarded by counsel without peril." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). They advance a narrative of complex misconduct alongside hundreds of pages of exhibits. This is not a legal argument based on the existing record but a new, fact-intensive attack that would require substantial discovery to rebut. The voluminous filings are overwhelmingly composed of exhibits bearing Max Barber's own Bates stamp numbers, indicating they are not newly discovered documents but materials Hogg has possessed for years.[4] This conduct constitutes a calculated "trial by ambush". By strategically withholding these arguments until dispositive motions were imminent, Defendants sought to prejudice Mr. Barber by preventing him from conducting discovery. The prejudice to Mr. Barber is severe and incurable, as he has been deprived of the ability to: (1) depose witnesses concerning the new allegations; (2) retain a forensic document examiner to rebut the claims of forgery; and (3) issue subpoenas to investigate the context of the documents.[5]

Furthermore, the filings are replete with "impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f), injecting criminal-like allegations of forgery and theft that are untethered to the SEC's

---

[4] *See* ECF No. 462 at 5 ("The voluminous filings are overwhelmingly composed of exhibits bearing Max Barber's own Bates stamp numbers. These are not newly discovered documents; they are materials Barber produced during discovery that have been in Hogg's possession for years.")

[5] *See* ECF No. 462 at 6 (listing the specific discovery Mr. Barber is now unable to conduct).

actual claims. [6] The inclusion of such material serves no purpose other than to harass Mr. Barber and poison the record, further evidencing an improper purpose. *See Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992).

**B.     The Filings Advance a Bad-Faith Blame-Shifting Narrative.**

The content of the filings is a transparent, self-serving effort to recast Hogg and Goldberg as unwitting victims. A prime example is their reliance on a 2021 New York lawsuit filed by Hogg as supposed evidence of his innocence. [7] Hogg conveniently omits that the SEC's investigation commenced in 2020—a full year before he filed his suit. [8] His lawsuit was a reactive tactic filed only after he was aware he was the subject of a federal investigation. [9]

**II.     The Filings Advance Legally Unwarranted Contentions in Violation of Rule 11(b)(2).**

**A.     The "Judicial Notice" Filings are a Flagrant Abuse of Federal Rule of Evidence 201.**

Defendants improperly invoke Federal Rule of Evidence 201 to ask the Court to take "judicial notice" of scandalous and hotly contested accusations of "fraud, perjury, theft,

---

[6] *See* ECF No. 445, title ("...OF FRAUD, PERJURY, THEFT, CONSPIRACY, AND COLLUSION..."); ECF No. 444, title ("...FOR FRAUD ON THE COURT, PERJURY, FORGERY, AND LITIGATION ABUSE")

[7] *See* ECF No. 444 at 7-9 (Sections V and VI); ECF No. 442 at 7 (Section IV.C).

[8] *See* ECF No. 462 at 9 ("Mr. Hogg conveniently omits that the SEC's investigation, including subpoenas to all parties, commenced in 2020-a full year before he filed his suit...")

[9] *Id.* ("His lawsuit was not a proactive attempt to unwind 'fraud'; it was a reactive and self-serving tactic filed only after he was aware he was the subject of a federal investigation.").

conspiracy, and collusion". [10] Rule 201 is strictly limited to adjudicative facts that are "not subject to reasonable dispute". The Eleventh Circuit has been unequivocally clear that "taking judicial notice of a disputed fact is improper." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). A court may take notice of public records "only to establish the fact of such *litigation* and related filings," not to accept the allegations within them as true. *Paez v. U.S. Att'y Gen.*, 977 F.3d 1137, 1142 (11th Cir. 2020). Defendants' attempt to use FRE 201 to legitimize their own disputed allegations as established facts is a flagrant misuse of procedure and demonstrates that their legal contentions are not warranted by existing law.

**B.    The Pro Se "Forensic Analysis" Is an Improper Attempt to Circumvent Expert Disclosure Rules.**

The defendant Hogg and Goldbergs' "Barber Judicial Notice" (ECF No. 445) contains what purports to be "layman forensic analysis of documents, including 'side-by-side signature comparisons' to prove forgery". [11] This is a transparent attempt to introduce expert testimony under the guise of lay opinion, long after the Court's deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2) has passed. Handwriting analysis and forgery detection fall squarely within the domain of expert testimony under Fed. R. Evid. 702. This end-run around the Federal Rules is further evidence that the legal contentions in the Challenged Filings are unwarranted.

---

[10] *See* ECF No. 445, title.

[11] *See* ECF No. 445 at 3 ("Side-by-side signature comparisons confirm graphical overlays and inconsistencies, establishing a clear pattern of fraud and forgery."); *see also* ECF No. 462 at 8 (characterizing the filing as an "Improper and Undisclosed Expert Report").

### III.    The Filings Are Premised on Factual Contentions Lacking Evidentiary Support in Violation of Rule 11(b)(3).

The Offending Filings are rife with material falsehoods, misrepresentations, and strategic omissions that are directly contradicted by public records—in most cases, the very records the Defendants themselves cite. This pattern of misrepresentation goes beyond mere negligence; it demonstrates a reckless disregard for the truth. The sheer number of easily verifiable falsehoods suggests that Defendants' "inquiry" was not just unreasonable, but nonexistent, and that the filings were submitted with the intent to mislead the Court and malign a co-defendant. Sanctions are appropriate where a party's allegations are "directly contradicted by the evidence" and lack reasonable inquiry. *Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987) (en banc)

| HOGG & GOLDBERG'S CLAIM | THE REALITY (PER PUBLIC RECORDS) |
|---|---|
| *Hybrid Int'l, LLC v. Scotia Int'l of Nevada, Inc.*: The lawsuit concerned a "failed precious-metals purchase linked to a crypto venture". [12] | **FALSE FABRICATION & CRITICAL OMISSION.** Public records confirm the case was a breach of contract dispute regarding a "Carbon Fines Recovery System," completely unrelated to crypto or gold. [13] More egregiously, |

---

[12] *See* ECF No. 445 at 8.
[13] *See* ECF No. 462 at 13; *see also* ECF No. 462, Exhibit A, at 22.

| | Defendants ( Hogg and Goldberg ) concealed that the plaintiff is an international fugitive facing over 1,400 criminal charges for fraud and theft, and a motion to vacate the judgment was filed in June 2025. [14] |
|---|---|
| ***BlackBird v. Worth Capital et al.***: The case is "Ongoing in federal court" and "active as of the last filings". [15] | **DEMONSTRABLY FALSE.** The public docket shows the case was formally **terminated on August 23, 2022**. [16] |
| ***Malcolm Duncan v. Max Barber***: The case demonstrates a "pattern of failing to honor financial obligations". [17] | **MISLEADING OMISSION.** Defendants strategically concealed that the case was permanently dismissed. Mr. Barber defeated the allegations causing "Duncan" to enter a **"Stipulation of Discontinuance with Prejudice,"** not an adjudication of fault. [18] |
| ***The Evolant Blind Trust v. Subghallager Trust et al.***: The case is captioned *The Evolant Blind Trust v. Scotia International of Nevada Inc., et* | **DISTORTION BY OMISSION.** The actual case caption is *The Evolant Blind Trust v. Subghallagher Trust et al.* and names numerous |

---

[14] *See* ECF No. 462 at 13-14.
https://www.businesslive.co.za/bd/national/2024-06-09-sa-fugitive-living-high-life-in-the-us/
[15] *See* ECF No. 445 at 7.
[16] *See* ECF No. 462 at 14; *see also* ECF No. 462, Exhibit B, at 23 (Docket report showing "Date terminated: 08/23/2022").
[17] *See* ECF No. 445 at 9-10.
[18] *See* ECF No. 462 at 15; *see also* ECF No. 462, Exhibit D, at 25 ("STIPULATION OF DISCONTINUANCE WITH PREJUDICE").

| | |
|---|---|
| *al.*. [19] | defendants. [20] The caption was deliberately altered to improperly isolate Mr. Barber. |
| ***U-Be-Livin-Smart Inc. v. Ryan L. Thomas, et al.***: The entity NaPo Limited is Mr. Barber's "offshore entity". [21] | **FUNDAMENTAL FACTUAL ERROR.** The entity is associated with another individual, Nikolas Korakianitis. [22] This misrepresentation of a basic fact demonstrates a complete failure to conduct the required "reasonable inquiry". |

## IV.     Sanctions Are Also Warranted Under the Court's Inherent Power.

The coordinated nature of the Challenged Filings—a four-pronged assault based on lies and procedural gamesmanship—demonstrates bad faith.  This is not a single, misguided filing; it is a vexatious and oppressive litigation campaign. Such conduct falls squarely within the Court's inherent power to sanction. *See Chambers*, 501 U.S. at 45-46. Hogg and Goldberg have abused the judicial process for the sole purpose of harassing Mr. Barber, justifying sanctions under this Court's inherent authority to protect its own integrity. *See Byrne*, 261 F.3d at 1106.

---

[19] *See* ECF No. 445 at 7.
[20] *See* ECF No. 462 at 15; *see also* ECF No. 462, Exhibit C, at 24 (showing the correct case caption).
[21] *See* ECF No. 445 at 10.
[22] *See* ECF No. 462 at 16.

## APPROPRIATE SANCTIONS

To deter Hogg, Goldberg, and others from engaging in such abusive tactics, Mr. Barber respectfully requests the following sanctions:

1. **Striking the Challenged Filings:** The most direct remedy is to strike ECF Nos. 441, 442, 444, and 445 from the record in their entirety.

2. **Awarding Reasonable Expenses, Including Fees:** An order directing Hogg and Goldberg to pay Mr. Barber the reasonable expenses incurred in responding to the Challenged Filings and in preparing both the safe harbor notice and this motion.

3. **Monetary Sanctions Payable to the Court:** A monetary penalty sufficient to deter future misconduct.

4. **Other Directives:** Any other nonmonetary directives or appropriate deterrents the Court deems just and necessary to protect the integrity of these proceedings and prevent further litigation abuse. [23]

## CONCLUSION

For the foregoing reasons, Defendants Troy R. J. Hogg and James L. Goldberg have flagrantly violated Federal Rule of Civil Procedure 11(b)(1), (b)(2), and (b)(3), and have engaged in bad-faith litigation tactics sanctionable under this Court's inherent power.

**WHEREFORE,** Defendant Max W. Barber respectfully requests that this Honorable Court enter an Order:

---

[23] *See* ECF No. 461 at 12 (listing the requested relief in the safe harbor notice).

1.     **GRANTING** this Motion for Sanctions;

2.     **STRIKING** ECF Nos. 441, 442, 444, and 445 from the docket;

3.     **AWARDING** Defendant Barber his reasonable expenses incurred in connection
with the Challenged Filings and this Motion;

4.     **IMPOSING** monetary sanctions against Defendants Hogg and Goldberg, payable
to the Court; and

5.     **GRANTING** such other and further relief as this Court deems just and proper.

Dated: August 24, 2025                            Respectfully submitted,

                                                  /s/ Max W. Barber
                                                  Max W. Barber
                                                  Defendant, Pro Se
                                                  1028 S 1900 E SLC, Utah 84108
                                                  Tel: (801) 518-1821
                                                  23blackbee@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25 th day of August, 2025, I served a true and correct copy of the foregoing **DEFENDANT MAX W. BARBER'S MOTION FOR SANCTIONS AGAINST DEFENDANTS DEFENDANTS TROY R.J. HOGG AND JAMES L. GOLDBERG, PURSUANT TO FED. R. CIV. P. 11 AND THE COURT'S INHERENT POWER** as required by each recipient's format either by: via Email, United States First Class Postal Service and/or the Court's CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Max W. Barber
Max W. Barber

**Email and/or United States First Class Postage:**

**Via First Class Postage**:
Clerk of Court
Wikie D Ferguson Jr. U.S. District Court
for the Southern District of Florida
400 North Miami Avenue,
Miami, FL 33128-1801

**Via E-mail** Alice K. Sum, Plaintiff Counsel, SEC
            Email: sumal@sec.gov

**Via E-mail** Stephen L. Braverman, pro se
            E-mail: sbraverman22@gmail.com

**Via E-mail** Troy R.J. Hogg, pro se
            E-mail: troyhogg2020@protonmail.com

**Via E-mail** James L. Goldberg, pro se
            E-mail: James_Goldberg@msn.com



Max Barber
NONE
1028 S 1900 E
SALT LAKE CITY UT 84108-1861

SALT LAKE CITY UT 840

26 AUG 2025 PM 1 L

$1.0
US POSTAGE
FIRST-CLA
FROM 84
08/25/2
Stamps.

Clerk of Court
Wikie D. Ferguson Jr. U.S. Courthou
400 N Miami Ave
MIAMI FL 33128-1801

REC'D BY _____ D.C.

SEP 0 2 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI