UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23171-DAMIAN/D'ANGELO



SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

DEFENDANT JAMES L. GOLDBERG'S MOTION FOR LEAVE TO AMEND MOTION IN LIMINE

Defendant James L. Goldberg, appearing pro se, respectfully moves for leave to amend his Motion in Limine (ECF No. 365), and states as follows:

1. On July 1, 2025, Defendant Goldberg filed a Motion in Limine (ECF No. 365) seeking to exclude investor testimony derived from third-party misrepresentations, including witnesses influenced by non-party Ronnie Moas.

2. Since that filing, new evidence has come to light confirming the SEC's reliance on Moas and his subscriber base, despite its express denials on the record. This evidence includes:

- o **Exhibit F** – September 23, 2025 Email from Ronnie Moas (ECF No. 519), in which Moas admitted that "more than 2,000 of my subscribers were scammed and robbed" and that he maintained and provided "a spreadsheet with contact info for more than 2,000 victims … all subscribers of mine."

- o **Exhibit G** – February 27, 2019 Email from Moas to the Ontario Securities Commission (OSC) with SEC copied, showing that Moas simultaneously supplied materials to both regulators, confirming SEC–OSC joint reliance.

- o **Exhibit H** – Collections of subscriber pump emails, including aggressive promotions of DIG tokens and manipulative reliance tactics circulated by Moas. These bare the markings by the SEC stating, ***"OIA User Restrictions Confidential pursuant to Securities Exchange Act s.24(d). DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings."***

- o **Exhibit I** – May 16, 2025 Email from Moas to Defendants, admitting again that "more than 2,000 of my subscribers were victimized," while threatening incarceration and restitution demands.

- o **Exhibit J** – June 7–8, 2025 Emails from Moas to Defendants and directly to Judge Damian and state judges, in which Moas claimed to be the "whistleblower" in both SEC and OSC cases and forwarded batches of documents to chambers, further demonstrating repeated ex parte communications and contempt of the Florida injunction.

3. These materials show that the SEC's purported "victims" and witnesses are in fact Moas's paid newsletter subscribers or social media followers, and that both the SEC and OSC coordinated outreach to those subscribers. Evidence of SEC–OSC joint investigations demonstrates that Moas's materials were shared between regulators and directly formed the foundation of this case.

4. At the September 16, 2025 hearing, Judge Damian asked the SEC directly whether it was relying on Ronnie Moas. The SEC unequivocally stated "no." In its Omnibus Opposition (ECF No. 420), the SEC further characterized Defendants' arguments about Moas reliance as "absurd."

Yet Moas's own admissions in Exhibit F, and corroborating exhibits G–J, prove those denials inaccurate.

5. At the September 25, 2025 hearing, Magistrate Judge D'Angelo specifically suggested that Defendants file for leave to amend their Motions in Limine, given that other pending filings had been denied as moot or duplicative. This motion follows that guidance.

6. Defendant Goldberg seeks leave only to supplement and expand Section I of his Motion in Limine regarding Ronnie Moas and subscriber-derived witnesses.

7. All other arguments in Defendant Goldberg's Motion in Limine (ECF No. 365) are expressly preserved and incorporated by reference, including objections to investor declarations, press releases, "pump-and-dump" terminology, control-person allegations, and related matters. Nothing in this amendment constitutes waiver or abandonment.

WHEREFORE, Defendant James L. Goldberg respectfully requests that this Court grant leave to file the attached Amended Motion in Limine, limited to the issues identified above.

Respectfully submitted,



_____

James L. Goldberg, Pro Se

515 NW 120th St

Miami, FL 33168

james-goldberg@msn.com

(305) 785-6900