UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

**DEFENDANT JAMES L. GOLDBERG'S [PROPOSED] AMENDED MOTION IN LIMINE TO EXCLUDE MOAS-DERIVED WITNESSES AND EVIDENCE**

Defendant James L. Goldberg, appearing pro se, respectfully submits this Amended Motion in Limine, supplementing and expanding Section I of his original Motion in Limine (ECF No. 365). Newly available evidence confirms that the Securities and Exchange Commission ("SEC") has in fact relied upon Ronnie Moas and his subscriber base, despite repeated denials.

All other arguments contained in ECF No. 365 remain preserved and incorporated by reference, including challenges to investor declarations, press releases, "pump-and-dump" terminology, control-person allegations, and related evidentiary objections.

## I. INTRODUCTION

The SEC knows it cannot call Ronnie Moas directly. He is permanently enjoined by a Florida court from further communications, and a Default Judgment found him liable for cyberstalking, libel, libel per se, and tortious interference (Exhibit E). Calling him would violate court orders and expose the SEC to immediate impeachment.

Instead, the SEC has attempted to launder his narrative through his subscribers, presenting them as "victims" even though their only knowledge comes from Moas's newsletters, emails, and promotional hype and attacks. At the September 16, 2025 hearing, Judge Damian asked the SEC whether it was relying on Moas. The SEC answered "no." In its Omnibus Opposition, the SEC doubled down, calling Defendants' arguments "absurd". (See ECF No. 420)

Yet Moas himself admitted: *"More than 2,000 of my subscribers were scammed and robbed. A spreadsheet with contact info for more than 2,000 victims ... all subscribers of mine."* (Exhibit F, ECF No. 519). Evidence further shows the SEC and OSC coordinated outreach to those subscribers in joint investigations. The SEC's denials are flatly contradicted by its own evidence handling and litigation conduct. (See Exhibit A from ECF No. 365)

## II. BACKGROUND

### A. Moas's Admissions Regarding His Subscribers

In his September 23, 2025 email to SEC, OSC, FBI, and this Court (Exhibit F), Moas admitted he maintained and provided regulators with subscriber spreadsheets containing over 2,000 names. (Exhibit F, ECF No. 519). He identified these subscribers as the "victims" in this case.

### B. SEC–OSC Joint Investigations and Witness Canvassing

On February 27, 2019, only weeks after the Florida injunction, Moas emailed the OSC with the SEC copied (Exhibit G). The OSC later canvassed those subscribers for witness declarations. (See Exhibit A from ECF No. 365) The SEC and OSC shared evidence, confirming cross-border reliance on Moas's tainted subscriber base.

### C. Subscriber Pump Campaigns

Moas's subscriber communications were not neutral analysis but aggressive pump campaigns. In Exhibits D and H, Moas boasted promises of overnight returns, and urged coordinated buying.

These emails from Exhibit H were labeled by the SEC with footers stating:

*"OIA User Restrictions Confidential pursuant to Securities Exchange Act s.24(d). DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings."*

This proves the SEC processed Moas's subscriber emails as evidence while simultaneously shielding him from criminal referral — an unmistakable sign of reliance and cover-up.

### D. Repeated Ex Parte and Retaliatory Conduct

Moas repeatedly violated injunctions by contacting this Court and parties:

- May 16, 2025: Threatening email to Defendants referencing "more than 2,000 of my subscribers" (Exhibit I)

- June 7–8, 2025: Emails to Defendants and directly to Judges Damian and Arzola, forwarding 20-page packets and proclaiming himself the "whistleblower" in SEC and OSC cases (Exhibit J).

These actions flagrantly violated the Florida Permanent Injunction (Feb. 1, 2019) and Default Judgment (Mar. 29, 2023) (See Exhibit E from ECF No. 365).

## III. LEGAL ARGUMENT

### A. Inadmissible Hearsay (FRE 801–802)

Moas's newsletters, subscriber and followers declarations are out-of-court statements. Subscriber testimony repeating his claims is double hearsay and inadmissible.

### B. Lack of Foundation / Personal Knowledge (FRE 602)

Subscribers and followers lack direct knowledge of Arbitrade, Cryptobontix, or Goldberg. Their testimony is derivative of Moas's hype and attacks.

### C. Improper Lay Opinion (FRE 701)

Statements about token value, Arbitrade's gold reserves, or Defendants' intent are speculative and inadmissible lay opinions.

### D. Unfair Prejudice and Jury Confusion (FRE 403)

Jurors would perceive subscribers or followers as independent victims when they are in fact Moas's customers and fans following his recommendations. Any probative value is outweighed by prejudice and confusion.

### E. Rule 26 / 37 Failures

The SEC failed to disclose that its witnesses were sourced from Moas's subscriber spreadsheets and fan base and OSC canvassing. Rule 26 requires such disclosure; Rule 37(c)(1) mandates exclusion where nondisclosure is neither harmless nor justified.

**F. Due Process and Reversible Error**

Moas's ex parte communications deprived Defendants of cross-examination and tainted the process. Admission of subscriber and follower testimonies would violate Defendants' due process rights and constitute reversible error on appeal.

**G. SEC Laundering Moas Through Subscribers**

The SEC knows Moas is disqualified. To evade this, it has attempted to launder his narrative through subscribers. Exhibit H shows the SEC labeled his subscriber emails as restricted evidence while insulating him from criminal referral. This is deliberate reliance disguised as independence.

**H. SEC's Reliance Despite Injunction**

Moas was permanently enjoined on February 1, 2019. (See Exhibit E from ECF No. 365)

Yet later that same month, he met with the SEC and provided evidence (Exhibit G). The SEC knowingly relied on a barred witness.

**I. SEC's Motion to Exclude Florida Orders Confirms Reliance**

The SEC's own Motion in Limine (See ECF No. 338, 419) seeks to bar all references to the Florida Permanent Injunction (Feb. 1, 2019) and the Default Final Judgment (Mar. 29, 2023) against Ronnie Moas. If Moas were irrelevant to this case, these orders would be immaterial. Yet the SEC's effort to conceal them betrays its reliance on Moas-derived evidence and its fear that the jury will see Moas's judicial disqualification.

This is not a neutral request. It is a deliberate attempt to sanitize the record: the SEC wants to benefit from Moas's influence through subscriber testimony while preventing the jury from

learning that Moas was permanently enjoined for cyberstalking, libel, libel per se, IIED, and tortious interference, and that his pleadings were struck for egregious misconduct. Such selective concealment is fundamentally unfair and violates Defendants' right to present impeachment evidence.

Moreover, the SEC has repeatedly disclaimed reliance on Moas. At the September 16, 2025 hearing, it told this Court it was not relying on him. In its Omnibus Opposition, it mocked Defendants' Moas arguments as "absurd." If that were true, the SEC should have no objection to this Court excluding all Moas-related or Moas-derived evidence, including his subscribers and followers. But the SEC will not do so. Instead, it fights to suppress Moas's adverse judicial history while preserving his tainted subscriber base as its core "victim" witnesses.

The contradiction is stark:

- If the SEC is truly not relying on Moas, then it should stipulate to the exclusion of all Moas-related evidence, materials, and witnesses.

- If it refuses, then its conduct confirms what the evidence already shows — that this case is built on Moas, his subscribers and followers, in defiance of court orders and due process.

The Court should not allow the SEC to have it both ways. Moas cannot be simultaneously irrelevant for purposes of impeachment, yet indispensable for purposes of proof.

## IV. RELIEF REQUESTED

**Defendant Goldberg respectfully requests that the Court:**

1. Exclude all investor declarations or testimony sourced from Ronnie Moas's subscriber base, newsletters, or social media followers.

2. Exclude the testimony of Robert Goldschmidt and Elliott Fels, both Moas-influenced and factually compromised.

3. Exclude all communications, exhibits, or testimony authored, influenced, or circulated by Ronnie Moas, directly or indirectly.

4. Deny the SEC's request to exclude the Florida Permanent Injunction and Default Judgment against Moas, which directly establish his disqualification.

5. Preserve and grant all additional relief requested in Defendant Goldberg's original Motion in Limine (ECF No. 365).

## V. EXHIBITS

**Original Exhibits from ECF No. 365 (July 1, 2025):**

- **Exhibit A** – Email from OSC enforcement officer confirming regulators coordinated outreach to Moas's subscriber base (2019).

- **Exhibit B** – Emails showing SEC declarant Robert Goldschmidt's direct personal friendship with Moas, compromising independence.

- **Exhibit C** – TipRanks documentation downgrading Moas from "top analyst" to "blogger" after discovering he lacked financial credentials.

- **Exhibit D** – Over 100 pages of Moas subscriber communications, showing active promotion of DIG tokens and later retaliation via complaints.

- **Exhibit E** – Florida state-court injunctions and defamation/libel findings against Moas (prior filings).

**New Exhibits Attached to this Amended Motion:**

- **Exhibit F** – Ronnie Moas Email to SEC/OSC/FBI/FLSD (Sept. 23, 2025) (ECF No. 519), admitting "more than 2,000 of my subscribers were scammed and robbed" and providing regulators with a subscriber spreadsheet.

- **Exhibit G** – Ronnie Moas Email to OSC with SEC copied (Feb. 27, 2019), showing joint reliance by both regulators.

- **Exhibit H** – Moas subscriber pump emails (Exhibit CC; RM Exhibit O), including SEC footers marked *"OIA User Restrictions Confidential ... DO NOT DISCLOSE TO CRIMINAL AUTHORITIES."*

- **Exhibit I** – Ronnie Moas Email to Defendants (May 16, 2025), again referencing "2,000 subscribers" as victims while threatening incarceration.

- **Exhibit J** – Ronnie Moas Emails to Defendants and Judges Damian and Arzola (June 7–8, 2025), forwarding documents ex parte and proclaiming himself the "whistleblower" in SEC/OSC proceedings.

**(Exhibits from ECF Nos. 365 and 388 remain incorporated by reference).**

Respectfully submitted,

_____

James L. Goldberg, Pro Se

515 NW 120th St

Miami, FL 33168

james-goldberg@msn.com

(305) 785-6900