UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'Angelo

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD., et al.,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT JAMES GOLDBERG'S
MOTION FOR LEAVE TO AMEND MOTION IN LIMINE**

    Plaintiff Securities and Exchange Commission ("SEC") responds to Defendant James Goldberg's Motion for Leave to Amend Motion *in Limine* ("Motion to Amend") [ECF No. 530] as follows:

**I.    Introduction**

    Goldberg's Motion to Amend should be denied because there is no "new evidence" that allegedly "confirm[s] the SEC's reliance on Moas and his subscriber base" and the proposed Amended Motion *in Limine* simply rehashes the arguments in his Motion *in Limine* addressing Ronnie Moas. The purported "new evidence" Goldberg mentions in the Motion to Amend predate the filing of his Motion *in Limine* [ECF No. 365], and Goldberg provides no justification for why he failed to include these exhibits when he filed his Motion *in Limine*. Goldberg's Motion *in Limine* has been fully briefed, and he has not provided any justification to re-open briefing.

## II.     Argument

As a threshold matter, Goldberg misunderstands Magistrate Judge D'Angelo's statements during the September 25, 2025 hearing about seeking leave to amend Defendant's respective motions *in limine*. Goldberg states that Judge D'Angelo "specifically suggested that Defendants file for leave to amend their Motions *in Limine*, given that other pending filings had been denied as moot or duplicative." [ECF No. 530 at p. 3] This characterization inaccurately implies that Judge D'Angelo *instructed Defendants to proceed* with such a filing or otherwise gave the green light to do so regardless of whether Goldberg has a legal basis to do so. On the contrary, Judge D'Angelo said:

> So you could file a motion for leave and you could explain to her why you need either a second Motion in Limine, or why you need to amend, or update your Motion in Limine and she will either say, yes, I will permit it or, no, I won't.

Transcript of September 25, 2025 hearing at 111:25-112:5.

Goldberg's Motion to Amend states in a cursory manner that, since he filed his Motion *in Limine* on July 1, 2025, "new evidence has come to light" without explaining to the Court *how* and *when* Goldberg came to be in receipt of the purported new evidence. The SEC can explain. Of the five new documents listed in the Motion to Amend, two of the documents – Exhibits G and H – were produced by the SEC to Goldberg during the discovery process, while he was represented by counsel, and well before the April 18, 2025 discovery cutoff. Two other Exhibits, I and J, are emails from Moas to Defendants dated May 16, 2025, and June 7-8, 2025, respectively, and predate Goldberg's Motion *in Limine*. The only document that post-dates Goldberg's *Motion in Limine* is Exhibit F, a September 23, 2025 email from Moas to the Court, which is part of the Court record [ECF No. 519] but does not support Goldberg's attempts to exclude evidence and testimony from investors victimized by Defendants' fraudulent conduct. Whether investors subscribed to Moas'

2

newsletters or Moas provided information to the SEC and Ontario Securities Commission is irrelevant to the claims that Defendants engaged in fraud.[1]

Goldberg has provided no explanation for his failure to include Exhibits G, H, I, and J – which were already in his possession – in his Motion *in Limine*. In the absence of such information, Goldberg cannot demonstrate (and has not demonstrated) that he exercised reasonable diligence in bringing the issue to the Court's attention. *See, e.g., Perez v. New Auto Image Marketing, Inc.*, Case No. 15-21893-CIV-Lenard/Goodman, 2015 WL 12881224 at *1 (S.D. Fla. Nov. 13, 2015) (denying motion for leave to amend complaint because plaintiff made no attempt to explain why due diligence could not have revealed the information obtained during the relevant depositions).

At this point in the litigation, Goldberg has already moved to limit testimony of witnesses and evidence that are purportedly adjacent to Moas, and the arguments are fully briefed. Goldberg has not explained why due diligence could not have revealed Exhibits G, H, I, and J, which were in his possession when he was filing his Motion *in Limine*, or why the Court should allow a second bite at briefing the exact same issue regarding Moas.

For all these reasons, Goldberg's Motion to Amend should be denied.

---

[1] As the SEC noted its opposition to Defendants' Motion *in Limine* [ECF No. 428], there is nothing wrong with the SEC reaching out during the investigation to investor victims who purchased DIG – regardless of how the SEC learned their names, whether the Ontario Securities Commission also reached out to them, or if the investors happened to know Moas, were friends with Moas, or were subscribed to his emails. These variables cannot and do not absolve Defendants' fraudulent conduct.

3

November 26, 2025                    Respectfully submitted,

**Alice K. Sum**
Alice K. Sum, Esq.
Senior Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 26th day of November 2025, on counsel for Stephen Braverman via CMECF and all parties in the manner denoted below.

Troy R.J. Hogg, *pro se*
E-mail: troyhogg2020@protonmail.com

James L. Goldberg, *pro se*
E-mail: james_goldberg@msn.com

Max W. Barber*, pro se*
Email: maximas24@me.com; 23blackbee@gmail.com

                                               **Alice K. Sum**
                                               Alice K. Sum, Esq.