UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

    Defendants, and

SION TRADING FZE,

    Relief Defendant.

## DEFENDANT STEPHEN L. BRAVERMAN'S
## MOTION FOR JUDGMENT ON PLEADINGS

Defendant, Stephen L. Braverman ("Braverman"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(c) moves for a judgment on the pleadings for the Complaint as to him, and states as follows:

### INTRODUCTION

1. On September 30, 2022, the SEC's filed its complaint against Arbitrade Ltd. et al (D.E. 1)(the "Complaint"), wherein it alleged multiple causes of action, including violations of Sections 5(a) and 5(c) of the Securities Act, Sections 17(a)(1)–(3) of the Securities

Act, Section 10(b) of the Exchange Act, and related control-person and aiding-and-abetting counts.

2. The SEC filed its Amended Complaint on July 14, 2025 (D.E. 415) (the "Amended Complaint"). While maintaining substantially the same factual narrative, the Amended Complaint eliminates Count I in its entirety and thereby abandons all claims under Sections 5(a) and 5(c) of the Securities Act. On September 25, 2025, the Court rather than requiring the SEC to file the Amended Complaint entered an Order striking Count I of the Complaint. As a result, the Complaint minus Count 1 is operative complaint (the "Operative Complaint"). The Operative Complaint now asserts only fraud-based claims and related derivative theories (including control-person liability and aiding-and-abetting) against Mr. Braverman.

3. The Operative Complaint is fatally defective as to Mr. Braverman as it does not allege any specific misstatement, omission, or deceptive act by him, pled with the particularity required by Rule 9(b), which requires the plaintiff to specify the who, what, when, where, and how of the alleged fraud. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237. It does not allege facts showing that he had actual knowledge of any fraudulent scheme or that he substantially assisted any clearly defined primary violation. Instead, the SEC relies on group pleading, generalized "red flags" rhetoric, and conclusory assertions that he "should have known" of others' alleged misconduct.

4. For the foregoing reasons, Defendant Braverman is entitled to judgment on the pleadings being entered in his favor under Rule 12(c).

## I. LEGAL STANDARD

5. The standard for judgment on the pleadings under Rule 12(c) is the same as under Rule 12(b)(6). Judgment on the pleadings is appropriate where, taking the well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff, the Complaint nonetheless fails to state a claim upon which relief can be granted and is therefore ripe for judgment on the pleadings.

6. In *Oriental Trading,* the Court, quoting in part Perez, stated, "[f]ederal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings and provides: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (alterations added). Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). *Oriental Republic of Uruguay v. Italba Corp.*, 606 F. Supp. 3d 1250, 1258 (S.D. Fla. 2022).

## ARGUMENT

## II. PROCEDURAL BACKGROUND

7. At the September 25, 2025 hearing on the SEC's motion for leave to amend, Magistrate Judge D'Angelo made unequivocally clear that she was not authorizing the filing of a new complaint. She stated:

> "Therefore, I will allow the amendment of the Complaint. And rather than ordering the SEC to file an amended complaint and ordering new answers to be filed, I will strike Count One from the Complaint. So the complaint that is on the docket is still the operative complaint in this case. The only difference is that Count One will be stricken. Everything else will remain exactly the

3

    same. The summary judgment motions remain pending for the Court's consideration on all remaining counts. All of the briefing remains intact for the Court's consideration."

8. The SEC similarly informed the Court that it was essentially not filing a new pleading, stating on the record:

"In an effort to streamline this case and to focus solely on the SEC's fraud claim against the Defendants, the SEC is seeking to voluntarily dismiss Count One. Prior to filing our motion for leave to amend the complaint and to dismiss Count One, the SEC sent a redline of the amended complaint to the Defendants, which showed that the only thing that we had been changing from the complaint was simply dropping Count One and making a few scrivener's corrections for scrivener's errors."

9. In accordance with Fed. R. Civ. P. Rule 12(c) a motion for judgment on the pleadings may be filed after the pleadings are closed but early enough not to delay trial. Here, the Court has not yet reset this action for trial and therefore this motion is appropriate as it will not delay trial.

### III. REMOVAL OF COUNT ONE OF THE COMPLAINT FUNDAMENTALLY ALTERS THE SEC'S THEORY AND PRESENTS LEGAL DEFECTS IN THE FRAUD CLAIMS ALLEGED BY THE SEC

10. The SEC's original theory in its Complaint relied heavily on Count One (the Section 5 unregistered-offering claim) to form a broad "scheme" narrative. The SEC initially treated the allegedly unregistered offering as the core misconduct from which other claims derived.

11. Once Count One is removed, the remaining antifraud counts, brought under Section 10(b) of the Exchange Act, Rule 10b-5, and Sections 17(a)(1)–(3) of the Securities Act, require the SEC to plead investor-directed misstatements, omissions, or fraudulent acts

with particularity under Rule 9(b). The SEC may not bootstrap the former Section 5 theory into the fraud counts.

12. The Court in *BIH* states, "Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b–5 all proscribe fraudulent conduct in the purchase or sale of securities". (*S.E.C. v. BIH Corp.*, 5 F. Supp. 3d 1342, 1347 (M.D. Fla. 2014)).

13. With Count One stricken, the Operative Complaint loses the only alleged "core" misconduct on which the remaining counts were premised. The remaining claims therefore must stand on their own and plead specific, actionable misstatements or other deceptive conduct. They do not. The Operative Complaint offers no independently actionable misrepresentation or deceptive act attributable to Mr. Braverman and thus fails as a matter of law.

## IV. THE AMENDED COMPLAINT FAILS TO PLEAD A PRIMARY VIOLATION WITH PARTICULARITY

14. The Amended Complaint does not identify a single misstatement made by Mr. Braverman, nor does it specify any particular investor to whom he allegedly communicated anything. Rule 9(b) requires that the SEC allege the "who, what, when, where, and how" of each alleged misrepresentation. Group pleading is impermissible. (See *Phillips v. Sci.-Atlanta, Inc.*, 374 F.3d 1015, 1017-18 (11th Cir. 2004)). Even in civil enforcement actions, the SEC must meet Rule 9(b)'s standards when alleging fraud. (See *SEC v. Spinosa*, 31 F. Supp. 3d 1371, 1374 (S.D. Fla. 2014)).

15. The Amended Complaint continues to rely on collective labels such as "Arbitrade," "the team," or "Defendants" without differentiating Mr. Braverman's conduct. The allegations are conclusory and lack specification of dates, audiences, mediums of

5

communication, or content of any supposed misstatements. Such allegations cannot satisfy Rule 9(b). See *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (dismissal required where complaint fails to attribute statements to specific individuals).

## V. THE SEC FAILS TO PLEAD GENERAL AWARENESS WITH PARTICULARITY

16. General awareness requires particularized allegations showing that the defendant knew or was severely reckless in not knowing that he played a role in improper conduct. The SEC must allege facts supporting a strong inference of scienter at least as compelling as any non-culpable explanation. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

### A. The SEC Improperly Relies on Job Title Alone

17. The amended complaint again alleges that Mr. Braverman "was held out as COO" and therefore "must have been aware" of the alleged gold-backed DIG token promotions. But the SEC alleges no particularized facts describing the scope of Mr. Braverman's responsibilities, what information he was provided, or how he supposedly learned that any statements were false.

18. The Eleventh Circuit has rejected job-title-based scienter repeatedly. See *Brophy v. Jiangbo Pharms., Inc.*, 781 F.3d 1296, 1304–05 (allegations based on status as CFO "insufficient as a matter of law"); *Schultz v. Applica Inc.*, 488 F. Supp. 2d 1219, 1227 (allegations must include specific facts showing that the executive received or ignored contradictory information); and In re Smith Gardner Sec. Litig., 214 F. Supp. 2d 1291,

1303 (general references to "senior management" inadequate). The SEC's failure to add any such specific allegations indicates that it does not possess them.

### B. The SEC Still Cannot Identify Any Specific "Red Flag" Known to Mr. Braverman

19. The Operative Complaint describes the alleged deficiencies in various audits related to SION and the purported gold. None of these paragraphs identify any communication to Mr. Braverman, any meeting he attended, any email copying him, any document he reviewed, or any conversation he had.

20. Without allegations that Braverman personally received contradictory information, scienter cannot be inferred.

21. The SEC previously argued that Braverman "ignored red flags," but without alleging that he was aware of them, such accusations cannot satisfy Rule 9(b). Courts do not allow plaintiffs to infer scienter from the mere existence of red flags unconnected to the defendant.

### C. The SEC Still Cannot Identify Which Press Release He Reviewed

22. The Operative Complaint again alleges that Mr. Braverman "reviewed at least one press release." This allegation fails Rule 9(b) because it does not specify:

- the date of the release,
- the particular statement he reviewed,
- the content he allegedly knew was false,
- what information contradicted the statement, or
- when he obtained that information.

23. The SEC admitted that the "universe" of releases was "tiny," only four, yet still cannot identify which one. After a multi-year investigation, the inability to identify a single document reviewed by the defendant speaks for itself.

### D. The Bureau Veritas Email Does Not Establish Scienter

24. The Operative Complaint again cites an email in which Braverman purportedly stated that "counting bars is overkill." As previously noted by Braverman, the email shows that Braverman sought to initiate discussions with Bureau Veritas about scope and process. The SEC alleges no facts showing he knew that prior audits were deficient, nor that counting individual bars was necessary to confirm the gold's existence.

25. *Schultz* quotes *In re Sportsline.com Sec. Litig.*, (366 F.Supp.2d at 1164) "[I]f the facts alleged do not exclude other plausible explanations that would under a plaintiff's circumstantial inference of scienter, than that plaintiff's facts cannot be fairly said to raise a 'strong inference' that defendant acted with the required state of mind". (*Schultz v. Applica Inc.*, 488 F. Supp. 2d 1219, 1226 (S.D. Fla. 2007)).

26. For these reasons, the SEC fails to allege general awareness.

## VI. THE SEC CONTINUES TO FAIL TO PLEAD SCIENTER

27. Scienter requires a "strong inference" of intent to deceive, manipulate, or defraud. See 15 U.S.C. § 78u-4(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). The Complaint still alleges at most that Braverman "should have known" certain things or was responsible for administrative or financial handling functions.

28. The Eleventh Circuit has held that a showing of severe recklessness satisfies the scienter requirement. The Court in *Ziemba* quotes *McDonald,* "Severe recklessness is limited to *those* highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it". (*McDonald v.*

*Alan Bush Brokerage Co.*, 863 F.2d 809, 814 (11th Cir.1989)). *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)

29. The inference that Braverman acted innocently or merely performed routine business functions is far stronger than *the* SEC's conclusory assertions. Therefore, the scienter allegations remain insufficient as a matter of law.

## VII. THE OPERATIVE COMPLAINT FAILS TO PLEAD SUBSTANTIAL ASSISTANCE UNDER SECTION 20(e)

30. In order to substantiate a *claim* under Section 20(e), the Eleventh Circuit requires the SEC to plead and prove (1) a primary securities law violation, (2) the defendant's knowledge of the violation, and (3) substantial *assistance* provided by the defendant to the violator. This standard has been applied in numerous cases, including *S.E.C. v. Goble*, and *S.E.C. v. Big Apple Consulting USA, Inc*.

31. The SEC has not pled any primary violation, nor any basis to conclude that Braverman had actual knowledge of any fraud. *Moreover*, the Operative Complaint does not describe any specific act of substantial assistance. There is no detailed factual allegations demonstrating that the defendant's conduct proximately caused the violation.

32. The administrative conduct attributed to Braverman, largely concerning financial processing after alleged token sales, does not amount to substantial assistance because it is not tied to any investor-facing deception. Without Count One's now-eliminated "offering" narrative, the SEC has no coherent theory explaining how Mr. Braverman substantially assisted any actionable fraud. The aiding-and-abetting claims therefore must be dismissed.

9

## VIII. THE OPERATIVE COMPLAINT FAILS RULE 9(b)'S PARTICULARITY REQUIREMENT

33. Rule 9(b) requires plaintiffs to plead the "who, what, when, where, and how: the details of the alleged fraud," particularly in securities-fraud actions. (*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237).

34. The Complaint relies on grouped or collective references to "the defendants" without identifying Braverman's individual acts with precision. This is insufficient. The SEC must plead the particular role Braverman allegedly played in authoring, approving, or disseminating any misstatement or in effectuating transfers that advanced a specific deception.

35. The Operative Complaint fails to plead concrete chronology tying any Braverman act to any particular investor decision or to any particular press release, audit, transaction date, or conversion event.

36. The Operative Complaint fails to plead information about transaction amounts, counterparties, and bank or crypto routes that would allow Braverman to be tied to a particular transaction that plausibly served the scheme.

37. The Operative Complaint fails to identify communications to or from Braverman that show he knew of falsity or willfully ignored contrary information.

38. Because the SEC cannot identify a single particularized instance where Braverman took an act that was itself deceptive or that materially advanced a deceptive campaign, Rule 9(b) requires dismissal.

**IX. THE SEC STILL FAILS TO PLEAD A DOMESTIC SECURITIES TRANSACTION UNDER MORRISON**

39. The Supreme Court in *Morrison v. National Australia Bank, Ltd.*, 561 US 247 266-67(2010) held that Section 10(b) applies only to (1) transactions in securities listed on domestic exchanges or (2) domestic transactions in other securities. The Eleventh Circuit has adhered to this rule. See *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1310 (11th Cir. 2011).

40. The Operative Complaint fails to allege that any investor purchased the DIG token through a domestic exchange, through a broker in the United States, or under circumstances where irrevocable liability was incurred in the United States. The SEC identifies no U.S. purchaser, no U.S. offer, no U.S. contract formation, no domestic wire instructions, and no domestic point of acceptance. Such omissions are fatal. Because the antifraud counts require a domestic transaction, and because the Operative Complaint does not allege one, the remaining claims must be dismissed.

**CONCLUSION**

**WHEREFORE**, Defendant Stephen L. Braverman respectfully requests that this Court:

1. Enter a Judgment on the Pleadings in favor of Braverman with prejudice, and
2. Grant such further relief as the Court deems appropriate.

**REQUEST FOR HEARING**

Defendant, Stephen Braverman respectfully requests oral argument on this Motion, and estimates that argument will require approximately thirty (30) minutes.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that conferral is not required pursuant to Local Rule 7.1(a)(3).

Respectfully submitted on December 4, 2025.

> KERR LAW GROUP
> *Attorneys for Stephen L. Braverman*
> 1025 W. Indiantown Road, #102
> Jupiter, Florida 33458
> Telephone: (561) 571-0358
> **/s/  Russell A. Kerr**
> Russell A. Kerr, Esq., Bar #10206
> S. Mitchell Moran, Esq., Bar #113344
> RKerr@RussellKerrLaw.com
> SMitchellMoran@kerrlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2025, a true and correct copy of the foregoing was filed with the Court using CM/ECF to: Troy R.J. Hogg, Pro Se, troyhogg2020@protonmail.com, Max W. Barber, Pro Se, maximas24@me.com; 23blackbee@gmail.com, Counsel for Plaintiff- Securities and Exchange Commission, Alice K. Sum, Esq., Securities and Exchange Commission, sumal@sec.gov, and James L. Goldberg, Pro Se, james_goldberg@msn.com.

> **/s/ Russell A. Kerr**
> Russell A. Kerr, Esq.