UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'Angelo

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC., TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

FILED BY __MCO__ D.C.

DEC 03 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT JAMES L. GOLDBERG'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND MOTION IN LIMINE**

Defendant **James L. Goldberg**, appearing **pro se**, respectfully submits this Reply to Plaintiff's Response (DE 541).

The SEC's Opposition avoids the core evidentiary and due-process issues raised in the Motion for Leave, and instead rests on a single contention: "these documents existed earlier."

That argument is legally incorrect, factually incomplete, and ignores the record, case law, the realities of pro se litigation, and most importantly, the SEC's own catastrophic admission in DE 541.

The Court **should grant leave** because amendment is required to prevent a miscarriage of justice, to address newly relevant evidence arising from the SEC's contradictory representations, and to ensure that inadmissible, tainted, and biased testimony is not permitted to reach the jury.

**I. The SEC's Opposition Fails Because "New Relevance" Is Legally Recognized as "New Evidence"**

The SEC argues Exhibits F–J are not "new evidence" because some existed earlier.

This is a fundamental misstatement of law.

Courts repeatedly hold that evidence is "new" when:

- **its significance becomes apparent only after the opposing party changes position,**
- **its relevance arises due to new factual disputes,**
- **contradictory statements transform previously immaterial documents into critical evidence,** or
- **government representations expose the need for supplemental filing.**

**Authority supporting this principle:**

- **Lussier v. Runyon**, 50 F.3d 1103, 1112 (1st Cir. 1995)

    Evidence is "new" when it gains relevance because of the opposing party's later position.

- **Smith v. United States**, 142 Fed. Cl. 389, 398 (2019)

    Evidence becomes "newly discovered" when "its materiality arises only after new filings or government assertions."

- **United States v. Jarnigan**, 709 F.3d 258, 266 (4th Cir. 2013)

    Evidence is new when it becomes relevant due to the government's subsequent statements.

- **Lowe's Home Centers v. Olin Corp.**, 313 F.3d 1307, 1315 (11th Cir. 2002)

    Earlier evidence becomes new when "its importance was not reasonably knowable" until the opposing party adopted a contradictory factual position.

**Here, the SEC created the need for amendment.**

Until the September 16, 2025 hearing, when Judge D'Angelo asked whether the SEC relied on Ronnie Moas, the SEC had never stated its position on this issue.

The SEC answered: **"No."**

Only then did Exhibits F–J become materially necessary, because they directly contradict the SEC's representation to this Court.

The contradiction, not the timestamp, is what makes the evidence "new."

**II. The SEC's Opposition Misrepresents Judge D'Angelo's Instructions**

The SEC argues James "misunderstood" the Court.

But the SEC itself quotes the transcript:

**"…you could file a motion for leave and explain why you need to amend or update your Motion in Limine, and the Court will decide whether to permit it."**

(DE 541 at 2)

This was not ambiguous.

This was not conditional.

This was the Court expressly authorizing leave to be sought.

Mr. Goldberg did exactly what the Court directed.

The SEC's attempt to recast this as improper is misleading and unfounded.

**III. Pro Se Status, Document Volume, Technological Limitations, and Timing Provide Good Cause for Amendment**

The SEC ignores the realities of this litigation:

- Mr. Goldberg became pro se in April 2025.

- He is not technologically sophisticated.

- The SEC produced hundreds of thousands of pages and files over years.

- Many files were buried in subdirectories and were not accessible without advanced digital-search tools.

- Mr. Goldberg had only a few months to review what the SEC and multiple regulatory agencies generated over nearly seven years.

- The relevance of the exhibits did not exist until the SEC denied reliance on Moas.

Controlling law holds:

• ***Erickson v. Pardus*, 551 U.S. 89 (2007)**

Courts must liberally construe pro se filings.

- ***Haines v. Kerner*, 404 U.S. 519 (1972)**

Pro se litigants are not held to the same standards as trained attorneys.

- ***Mee Industries v. Dow Chemical*, 608 F.3d 1202 (11th Cir. 2010)**

Diligence must be evaluated considering document volume and complexity.

- ***Wright v. Compass Vision*, 60 F. App'x 334 (11th Cir. 2003)**

Courts must consider "litigant capacity, access to counsel, and complexity of the record."

Applying this precedent:

It is unreasonable to expect that a pro se litigant could search and interpret a massive federal discovery record before the need for amendment existed.

Good cause is met.

**IV. The SEC's Own Admission in DE 541 Is Catastrophic and Renders Its Entire Witness Pool Inadmissible**

The SEC states:

"Whether investors subscribed to Moas' newsletters… is irrelevant."

(DE 541 at 3)

This is not a mere oversight, it is a binding admission that destroys their case.

This statement confirms:

- The SEC's witnesses are Moas subscribers
- SEC located these witnesses through Moas
- Their impressions were shaped entirely by Moas

- Moas's defamatory campaigns influenced their beliefs
- Moas's retaliatory emails primed them
- None possess *any independent knowledge* of Defendants
- None relied on Defendants' statements, only Moas's
- Every witness is the fruit of a poisoned tree: Moas

This admission disqualifies the entire witness pool under:

• **FRE 602 — Lack of personal knowledge**

Subscribers never interacted with Arbitrade or Goldberg.

• **FRE 701 — Improper lay opinions**

Their "understanding" is derivative of Moas's hype.

• **FRE 802 — Double hearsay**

Their testimony merely repeats Moas's inadmissible statements.

• **FRE 403 — Jury prejudice and confusion**

The jury would be misled into believing they are independent investors.

• **Bias Doctrine**

A witness influenced by a defamer under injunction is per se unreliable.

• **Rule 37(c)(1)**

SEC failed to disclose:

- that witnesses were sourced through Moas,

- the subscriber spreadsheets,

- the OSC–SEC canvassing operation,

- the tainted communications.

Nondisclosure mandates exclusion unless harmless, and here the nondisclosure is devastating.

• **Due Process**

Government reliance on:

- an enjoined defamer,

- violating a Permanent Injunction,

- with ongoing ex parte communications,

- and retaliatory conduct,

undermines the integrity of the proceeding.

**This admission alone justifies allowing amendment and excluding the witnesses.**

**V. The SEC Knows Its Witness Pool Is Tainted — Which Is Why It Tried to Suppress the Moas Injunction**

The SEC filed a Motion in Limine (ECF 338, 419) seeking to bar:

- the Florida Permanent Injunction against Moas,

- the Default Final Judgment,

- all references to his libel, cyberstalking, and tortious interference.

If Moas were truly irrelevant, the SEC would not need to hide this evidence.

This contradiction is revealing:

- SEC relies on Moas for witness sourcing
- SEC denies reliance publicly
- SEC tries to prevent the jury from learning Moas is enjoined
- SEC seeks to benefit from Moas's influence while suppressing his disqualification
- SEC thus uses tainted evidence while blocking impeachment

This is the precise pattern courts reject as unfair, prejudicial, and constitutionally impermissible.

**VI. The SEC Fails to Address Any Substantive Evidentiary Challenge, Which Constitutes Concession**

In its Response, the SEC does *not rebut a single legal basis* for exclusion:

- FRE 403 (unfair prejudice)
- FRE 602 (lack of personal knowledge)
- FRE 802 (hearsay/double hearsay)
- FRE 701 (speculation)
- Rule 26(a) (failure to disclose witness source)
- Rule 37(c)(1) (mandatory exclusion)
- Due process violations
- Permanent Injunction violations
- Ex parte contamination

- Source bias doctrine

- Government misconduct doctrine

**Issues not addressed are deemed abandoned.**

*United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990).

The SEC's silence speaks volumes.

## VII. Amendment Is Required to Protect Due Process and Prevent a Tainted Trial

The Supreme Court has held:

- Chambers v. Mississippi, 410 U.S. 284 (1973)

   Fairness requires exclusion of unreliable, contaminated evidence.

- Greer v. Miller, 483 U.S. 756 (1987)

   Due process violated where prejudicial information reaches the jury.

- United States v. Hasting, 461 U.S. 499 (1983)

   Courts must safeguard the fairness of proceedings.

When the government:

- relies on an enjoined witness,

- uses witnesses recruited through prohibited conduct,

- processes emails violating court orders,

- obtains testimony through undisclosed channels,

- denies reliance while relying extensively,

then the proceeding is constitutionally tainted.

Amendment is not only justified, it is mandatory to preserve fairness.

**VIII. The SEC Violated Rule 26(a)(1)(A)(i) by Concealing the Source, Bias, and Subscriber Relationship of Its Witnesses - Mandatory Exclusion Applies Under Rule 37(c)(1)**

Separately, and independently, the SEC's witness pool must be excluded because the SEC violated its mandatory disclosure obligations under Rule 26(a)(1)(A)(i). The SEC never disclosed the most material fact about its investor witnesses: that they were sourced through Ronnie Moas, that many were Moas newsletter subscribers, and that their understanding of Arbitrade, the DIG token, and the Defendants was shaped entirely by Moas's publications, communications, and defamatory campaigns.

Rule 26(a)(1)(A)(i) required the SEC to disclose not only the identity of each witness, but also the "subjects of information" known to the witness and the relationship or mechanism through which the witness obtained that information. The method by which the SEC located these witnesses, via Moas's subscriber base, OSC canvassing tied to Moas, and communications influenced by Moas, is precisely the type of sourcing information Rule 26 requires to be disclosed because it bears directly on witness bias, credibility, knowledge, and admissibility. None of this information was disclosed.

This nondisclosure is neither harmless nor justified. Because the SEC withheld the fact that its witnesses were recruited through Moas, a person operating under a Permanent Injunction for libel, harassment, threats, and disinformation, the SEC prevented Defendants from understanding the true nature of the witness pool, from conducting meaningful discovery, and from timely

challenging the admissibility of these witnesses under Rules 602, 701, 802, 403, and established bias doctrine.

Under Rule 37(c)(1), exclusion is mandatory where a party fails to disclose information required by Rule 26(a). The SEC cannot satisfy its burden to show substantial justification or harmlessness. Its failure to disclose the Moas-sourced nature of its witnesses independently bars the SEC from using these witnesses at trial. This forms an additional and independent basis to grant leave to amend and to consider the Amended Motion in Limine.

## CONCLUSION

For the reasons above:

- The SEC's procedural argument fails under controlling law,
- The SEC's own admission in DE 541 is devastating and disqualifies its witnesses,
- The Permanent Injunction renders Moas-derived evidence inadmissible,
- Good cause exists under Rule 16(b)(4),
- All evidentiary doctrines support exclusion, and
- Due process demands that the tainted witness pool not be presented to a jury.

**Defendant respectfully requests that the Court GRANT leave to amend the Motion in Limine and consider the Amended Motion (DE 530-1) on the merits.**

Respectfully,

_____

James L. Goldberg, Pro Se

515 NW 120th St

Miami, FL 33168

Email: james_goldberg@msn.com

Tel: (305) 785-6900

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **3 day of December, 2025**, a true and correct copy of the foregoing **Reply in Support of Motion for Leave to Amend Motion in Limine** was served via email upon all pro se Defendants and via email upon counsel for Plaintiff and counsel for Defendant Stephen L. Braverman, as follows:

Troy R.J. Hogg, Pro Se

Email: troyhogg2020@protonmail.com

Max W. Barber, Pro Se

Emails: maximas24@me.com; 23blackbee@gmail.com

Counsel for Plaintiff — Securities and Exchange Commission

Alice K. Sum, Esq.

Securities and Exchange Commission

801 Brickell Avenue, Suite 1950

Miami, Florida 33131

Email: sumal@sec.gov

Served via email.

Counsel for Defendant Stephen L. Braverman

Russell Kerr, Esq.

Law Offices of Russell Kerr, P.A.

Email: rkerr@russellkerrlaw.com

Served via email.

Respectfully submitted,

James L. Goldberg, Pro Se

515 NW 120th St

Miami, FL 33168

Email: james_goldberg@msn.com

Tel: (305) 785-6900

Clerk of Court

United States District Court

Southern District of Florida

400 North Miami Avenue

Miami, FL 33128

Date: December 3rd, 2025

Re: SEC v. Arbitrade Ltd., et al.

Case No. 22-cv-23171-DAMIAN/D'Angelo

Submission of Defendant James L. Goldberg's Reply in Support of Motion for Leave to Amend Motion in Limine

Dear Clerk of Court:

Please find enclosed for filing in the above-captioned matter the following document submitted on behalf of Defendant James L. Goldberg, appearing pro se:

1. **Defendant James L. Goldberg's Reply in Support of Motion for Leave to Amend Motion in Limine.**

Kindly docket this filing and forward a copy to chambers.

Thank you for your assistance.

Respectfully submitted,


_____

James L. Goldberg, Pro Se

515 NW 120th St

Miami, FL 33168

james_goldberg@msn.com

(305) 785-6900