UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

    Defendants, and

SION TRADING FZE,

    Relief Defendant.

**DEFENDANT STEPHEN L. BRAVERMAN'S
MOTION TO DISMISS THE REVISED COMPLAINT
FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendant Stephen L. Braverman ("Braverman"), pursuant to Fed. R. Civ. P. 12(b)(1), moves to dismiss the Complaint with Count One stricken (Hereinafter referred to as "Revised Complaint") in its entirety as to him, and states as follows:

**I. INTRODUCTION**

1. The SEC's Revised Complaint, after removing Count One under Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)], no longer alleges any primary violation of the federal securities laws to which Braverman could be a secondary aider or abettor. Counts IX through XI of the Revised Complaint, directed at Braverman, depend entirely

on the existence of primary violations by Arbitrade Ltd., Cryptobontix Inc., Hogg, and Goldberg under Section 10(b) and Rule 10b-5. Absent a valid predicate offense, the aiding-and-abetting claims cannot stand as a matter of law, and the Court lacks subject matter jurisdiction over such derivative counts.

2. Subject matter jurisdiction may be raised at any stage of litigation. In *Land Shark Shredding*, the Court quoted the Supreme Court in *Arbaugh*, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp*, 546 U.S. 500 (Land Shark Shredding, LLC v. United States, 145 Fed.Cl. 530 (2019).

3. "Subject matter jurisdiction does not exist under either the Securities Exchange Act of 1934 or the Securities Act of 1933 unless the transactions in question involved a 'security' within the meaning of both acts. 'Security' is defined in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. Section 78c(a) (10) and Section 2 of the Securities Act of 1933, 15 U.S.C. Section 77b(1). The two (2) definitions are virtually identical. *Tcherepnin v. Knight,* 389 U.S. 332, 335-36 (1967) (*Southwest Inv. I v. Midland Energy Co.*, 596 F. Supp 219 222 (E.D. Mo. 1984).

4. Under section 10(b) of the Securities Exchange Act of 1934 it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate." 15 U.S.C. § 78j. The Commission's Rule 10b–5 makes it unlawful

    (a) To employ any device, scheme, or artifice to defraud,

    (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.17 C.F.R. § 240.10b–5. The existence and involvement of a "security" is a necessary prerequisite to a Rule 10b–5 violation (*Levine v. Diamanthuset, Inc.*, 950 F.2d 1478 (1991)). 1

5. The SEC's Revised Complaint voluntarily eliminated Count One, its sole claim under the Securities Act of 1933 asserting the unregistered offer and sale of a security. That count was the only jurisdictional anchor invoking the Court's authority over the alleged token "DIG" as a security. Without that predicate, the Exchange Act counts (Section 10(b) and Rule 10b-5) and secondary-liability claims under Section 20(e) of the Exchange Act cannot stand, because both require the existence of a "security" within the meaning of the Acts.

6. If DIG is not a security, this Court lacks subject-matter jurisdiction over the remaining counts. The SEC's decision to withdraw Count One is therefore dispositive.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction.

7. "Federal courts are courts of limited jurisdiction, possessing only the authority granted by Constitution and statute". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When jurisdiction turns on a statutory definition, here, whether the instrument is a "security", the Court must dismiss if the pleading fails to plausibly establish that jurisdictional fact. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 101-02 (1998).

### III. THE SEC HAS NO JURISDICTIONAL BASIS NOW THAT COUNT ONE IS GONE

8. The Exchange Act provisions invoked, Sections 10(b), 20(e), 27(a), are jurisdictionally limited to "transactions in securities." See 15 U.S.C. Section 78j(b); Section 78aa. The original Complaint satisfied that threshold (if at all) by alleging unregistered offers and sales of a security under Securities Act Section 5. The Revised Complaint deletes that claim entirely.

9. That omission is fatal. Courts uniformly recognize that the SEC must plead the existence of a "security" to invoke Exchange Act jurisdiction. (See *Southwest Inv. I.*, above). Without such a predicate, there is no "subject matter" for the Court to adjudicate.

### IV. DIG IS NOT A SECURITY UNDER HOWEY AND THEREFORE CANNOT SUPPORT FEDERAL JURISDICTION

10. The SEC's Revised Complaint offers only conclusory assertions that DIG constituted an "investment contract." Under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), an "investment contract" exists only when there is (1) an investment of money, (2) in a common enterprise, (3) with an expectation of profits, (4) derived from the efforts of others.

11. In order to "satisfy the *Twombly/Iqbal* plausibility standard" for stating a claim for securities fraud, a complaint must, among other things, "explain what securities were allegedly purchased." *Huelbig v. Aurora Loan Servs., LLC*, 2011 WL 4348281, at *7 (S.D.N.Y. May 18, 2011), adopted by, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011). "[Federal Rule of Civil Procedure] 9(b) requires that a securities fraud claim based on misstatements must identify: (1) the allegedly fraudulent statements, (2) the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent." *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F.Supp.3d 628, 642 (S.D.N.Y. 2015). "[F]acts asserted in [a] complaint fail[ ] to raise a strong inference of

scienter [if] those facts raise[ ] no plausible inference of misrepresentation in the first place." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 177 (2d Cir. 2015) (*Champions League, Inc. v. Woodard*, 224 F.Supp.3d 317 (S.D.N.Y. 2016)).

12. Even accepting the Revised Complaint's allegations as true, none of these elements is sufficiently pled:

   a. **Common Enterprise.** There are no allegations tying token-holder fortunes together or to Arbitrade's performance. *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020) (finding commonality only where investor profits rose and fell with issuer success).

   b. **Expectation of Profits from Others' Efforts.** The pleading merely asserts that Arbitrade "announced" plans involving gold backing. Mere promotional language or secondary-market trading expectations do not create an "investment contract." *Marine Bank v. Weaver*, 455 U.S. 551, 559 (1982) ("unique" transactions not securities).

   c. **Economic Reality.** Where purchasers seek consumptive use or speculative trading profits unrelated to managerial efforts, the asset is not a security. *SEC v. Life Partners, Inc.*, 87 F.3d 536, (D.C. Cir. 1996).

13. Because DIG does not meet *Howey*, the SEC cannot invoke the Exchange Act and the Court lacks subject-matter jurisdiction.

## V. AIDING-AND-ABETTING COUNTS (COUNTS IX–XI) CANNOT INDEPENDENTLY CONFER JURISDICTION

14. The Court in *S.E.C. v. Goble* said, "to impose aiding and abetting liability under § 20(e) there must be: (1) a primary violation of the securities laws; (2) the aider and abettor must have knowledge of the primary violation; and (3) the aider and abettor must provide

substantial assistance in the commission of the primary violation. See *VanCook v. SEC*, 653 F.3d 130, 142 (2d Cir.2011) (*S.E.C. v. Goble*, 682 F.3d 934, 947 (11th Cir. 2012)).

15. The SEC can pursue civil actions against individuals who knowingly or recklessly provide substantial assistance to a primary violator of securities laws. However, in *SEC v.* Patel, the Court says, "[t]he final claim targeted by the motions seeks to hold Bhatt secondarily liable for aiding and abetting Patel and Horowitz's violations. Section 20(e) Exchange Act and Section 15(b) of the Securities Act enables 'the SEC, but not private litigants, to bring civil actions against aiders and abettors of securities fraud.' *SEC v. Apuzzo*, 689 F.3d 204, 211 (2d Cir. 2012) (citing 15 U.S.C. § 78t(e)); see also 15 U.S.C. § 77*o*(b) (codifying § 15(b) of the Securities Act). Under either section, the SEC must allege (1) 'the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party'; (2) that the aider and abettor acted knowingly or recklessly; and (3) 'substantial assistance' by the aider and abettor in the achievement of the primary violation." Id. (*Securities and Exchange Commission v. Patel* 794 F.Supp.3d 111 (E.D.N.Y. 2025)).

16. The Apr. 5 2023 Order denying Braverman's first Motion to Dismiss [ECF 76] relied on the presence of allegedly properly pleaded primary Exchange Act violations in Counts V–VII. But those primary violations have now been fundamentally altered:

- The SEC no longer alleges a statutory "security";
- The earlier factual predicates (fraud in DIG sales) were tethered to Count One's Section 5 allegations; and
- Aiding-and-abetting is derivative, it "requires an underlying primary violation." *SEC v. Big Apple Consulting USA, LLC*, 783 F.3d 786, 800 (11th Cir. 2015).

17. Moreover, the aiding-and-abetting counts assert only that Braverman "converted proceeds" or "facilitated transfers." These are at most ancillary commercial activities, insufficient

under *Big Apple Consulting* and *FTC v. WV Universal Mgmt.*, 877 F.3d 1234, 1241 (11th Cir. 2017) ("requires a primary violation, substantial assistance, and a culpable state of mind"). Administrative or mechanical acts do not amount to "substantial assistance."

## VI. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL OR ANCILLARY JURISDICTION

18. Absent a viable federal securities claim, no independent jurisdiction remains. The Exchange Act does not create pendant authority over non-securities conduct. *Kokkonen*, 511 U.S. at 377. Dismissal under Rule 12(b)(1) is therefore mandatory. *Steel Co.*, 523 U.S. at 94 (no "hypothetical jurisdiction").

## VII. CONCLUSION

Because the SEC has withdrawn the only count conferring statutory jurisdiction, and because DIG is not a "security" under the Exchange Act, the Court lacks subject-matter jurisdiction over all remaining counts as to Braverman.

**WHEREFORE**, Defendant Stephen L. Braverman respectfully requests that this Court:

1. Dismiss the Revised Complaint in its entirety as to him pursuant to Fed. R. Civ. P. 12(b)(1); and
2. Grant such further relief as the Court deems just and proper.

## REQUEST FOR HEARING

Defendant, Stephen Braverman respectfully requests oral argument on this Motion, and estimates that argument will require approximately [15] minutes.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that conferral is not required pursuant to Local Rule 7.1(a)(3).

Respectfully submitted on December 8, 2025.

> KERR LAW GROUP
> *Attorneys for Stephen L. Braverman*
> 1025 W. Indiantown Road, #102
> Jupiter, Florida 33458
> Telephone: (561) 571-0358
>
> */s/ Russell A. Kerr*
> Russell Kerr, Esq., Bar #10206
> S. Mitchell Moran, Esq., Bar #113344
> RKerr@RussellKerrLaw.com
> SMitchellMoran@kerrlawgroup.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of December, 2025, a true and correct copy of the foregoing was filed with the Court using CM/ECF to: Troy R.J. Hogg, Pro Se, troyhogg2020@protonmail.com, Max W. Barber, Pro Se, maximas24@me.com; 23blackbee@gmail.com, Counsel for Plaintiff- Securities and Exchange Commission, Alice K. Sum, Esq., Securities and Exchange Commission, sumal@sec.gov, and James L. Goldberg, Pro Se, james_goldberg@msn.com.

> */s/ Russell A. Kerr*
> Rusell A. Kerr, Esq.