**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-CV-23171-DAMIAN/D'ANGELO

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

v.

**ARBITRADE LTD., CRYPTOBONTIX INC.,**

**TROY R.J. HOGG, JAMES L. GOLDBERG,**

**STEPHEN L. BRAVERMAN, and MAX W. BARBER,**

**Defendants.**

_____/



**DEFENDANTS HOGG AND GOLDBERG'S JOINT NOTICE OF SPECIAL OBJECTION TO THE SCOPE AND USE OF THE SEC'S EXPERT TESTIMONY**

*(Filed for preservation and trial management purposes only; not a motion; not seeking dispositive relief)*

**I. INTRODUCTION AND PURPOSE OF NOTICE**

Defendants Troy R. J. Hogg and James L. Goldberg ("Defendants"), proceeding pro se, submit this Joint Notice of Special Objection to the Scope and Use of the SEC's Expert Testimony for the limited and non-dispositive purpose of preserving evidentiary objections, clarifying the permissible scope of expert testimony at trial, and avoiding jury confusion.

This Notice is not a Daubert motion, not a motion in limine, not a dispositive filing, and does not request relief. All motion practice is closed. Defendants expressly submit this Notice solely to:

1. Identify material, sworn limitations admitted by the SEC's expert, Faisal Ahmed ("Ahmed");

2. Preserve objections under Federal Rules of Evidence 702 and 403;

3. Prevent the inadvertent presentation of expert opinions that exceed the expert's admitted scope; and

4. Assist the Court in managing expert testimony at trial consistent with its gatekeeping role.

Courts routinely permit such notices to preserve objections and frame trial management issues without reopening motion practice.

## II. PROCEDURAL POSTURE

Expert discovery is closed. Dispositive motions, Daubert motions, motions in limine, and requests for clarification are closed. Defendants fully acknowledge and respect the Court's orders governing filings and do not seek to reopen any such matters.

This Notice is submitted strictly as a preservation and scope-limitation notice, anticipating the presentation of expert testimony at trial, where objections under Rules 702 and 403 must be raised contemporaneously to avoid waiver.

## III. THE SEC'S EXPERT'S ADMITTED SCOPE LIMITATIONS

Ahmed's own expert report and sworn deposition testimony impose clear, material, and repeated limitations on the scope of opinions he may permissibly offer. These admissions are not disputed factual matters; they are the expert's own statements.

### A. Scope Defined by the Expert Report

In the Engagement section of his report, Ahmed states:

"Specifically, I have been asked to render an opinion on whether the actions of **Defendants** … related to Arbitrade purportedly acquiring and receiving title to $10 billion in gold bullion … comported with the international standards and code of practices governing the gold sector."

This written engagement definition limits Ahmed's role to describing gold-industry standards and procedures, not assigning fault, authority, legal responsibility, or securities-law conclusions.

Ahmed further states in his report:

"They further raise numerous affirmative defenses, which are legal defenses beyond the scope of my expertise and not the subject of this Report."

Thus, by the four corners of his own report, Ahmed disclaims expertise in legal conclusions, defenses, and fault-based determinations.

### B. Scope Confirmed in Sworn Deposition Testimony

Ahmed repeatedly confirmed under oath that:

- His role was limited to explaining standard industry procedures;
- He did not conduct investigations;

- He did not validate evidence or authenticate documents;

- He did not determine who was responsible for what;

- He did not determine who had authority within the companies;

- He did not determine who had authority to assign or scope audits; and

- He relied on the SEC's complaint for assumptions regarding roles and obligations.

These admissions are reflected consistently across both deposition sessions.

## IV. RISK OF SCOPE CREEP AND JURY CONFUSION

Despite these express limitations, Ahmed's report contains prescriptive language such as "Defendants should have…," particularly in the context of audit scope, due diligence, and verification processes.

Defendants do not raise this issue to relitigate admissibility, but to note a material tension between:

1. The expert's admitted lack of authority to assign responsibility, determine governance roles, or validate facts; and

2. Prescriptive statements that, if presented without limitation, may be understood by a jury as fault or legal responsibility determinations.

Allowing such testimony without clarification risks confusing the jury as to the distinction between:

- Descriptive background on industry procedures (within scope), and

- Normative or fault-based conclusions (outside scope).

This risk is heightened because Ahmed admitted that his attribution of obligations to "Defendants" was derived from the SEC's complaint rather than independent determinations of authority or responsibility.

## V. PRESERVATION OF OBJECTIONS

Defendants provide this Notice to preserve the following objections for trial:

- Objections under Federal Rule of Evidence 702 to any expert testimony exceeding the expert's admitted scope;

- Objections under Federal Rule of Evidence 403 to testimony likely to mislead or confuse the jury by presenting prescriptive or fault-based opinions as expert conclusions; and

- Objections to expert testimony that relies on unverified allegations as factual premises.

Defendants intend to raise these objections contemporaneously at trial, including through Rule 104(a) voir dire if necessary.

## VI. CONCLUSION

Defendants respectfully submit this Joint Notice solely to preserve objections and assist in the orderly and fair management of expert testimony at trial. This Notice seeks no ruling, no relief, and no modification of existing orders.

Dated: December 15th, 2025

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**APPENDIX A — SELECTED VERBATIM SCOPE ADMISSIONS OF THE SEC'S EXPERT**

*(Attached for preservation and accuracy; quotations only; no argument.)*

1. **Scope — Procedures Only**

   "*My role was to explain the standard industry procedures in the gold sector and whether those procedures were followed.*"
   **Source:** Faisal Ahmed Deposition DE547-3 (Mar. 12, 2025), 41:10–14.

2. **No Responsibility Allocation**

   "*It was not an investigative report on who's responsible for what.*"
   **Source:** Faisal Ahmed Deposition DE547-3 (June 11, 2025), 109:6–8.

3. **Reliance on the SEC Complaint**

   "*What I put down is the SEC's complaint, the alleged complaint.*"
   **Source:** Faisal Ahmed Deposition DE547-3 (Mar. 12, 2025), 43:2–3.

4. **No Validation / No Investigation of Allegations**

   "*That was not my area of expertise or my agreement or my scope to actually investigate what the complaint SEC is valid and to validate the evidence.*"
   **Source:** Faisal Ahmed Deposition DE547-3 (Mar. 12, 2025), 43:24–39.

5. **No Authority Determination (Roles/Governance)**

   "*No, it's the complaint, because it was, again, beyond my scope to actually establish what was their role within the company.*"
   **Source:** Faisal Ahmed Deposition DE547-3 (Mar. 12, 2025), 65:16–19.

6. **Report Scope — GoldSector Standards Only**

   *"Specifically, I have been asked to render an opinion on whether the actions of* **Defendants** *... comported with the international standards and code of practices governing the gold sector."*

   **Source:** Expert Report of Faisal Ahmed, DE 5471 at 4:1–15.

7. **Legal Defenses Beyond Expertise (Report Disclaimer)**

   *"They further raise numerous affirmative defenses, which are legal defenses beyond the scope of my expertise and not the subject of this Report."*

   **Source:** Expert Report of Faisal Ahmed, DE 5471 at 6:6–9.