UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

FILED BY _____ D.C.
DEC 15 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANTS HOGG AND GOLDBERG'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NOTICE OF SPECIAL OBJECTION**

*(Filed for preservation and trialmanagement purposes only; not a motion; not seeking relief)*

**I. INTRODUCTION AND LIMITED PURPOSE**

Defendants Troy R. J. Hogg and James L. Goldberg ("Defendants"), proceeding pro se, submit this Notice of Supplemental Authority in support of their previously filed Joint Notice of Special Objection to the Scope and Use of the SEC's Expert Testimony.

This filing is submitted for the limited purpose of providing controlling and persuasive authority confirming that:

1. An expert may not exceed the scope of opinions he admits he was retained to offer;

2. An expert may not assign fault, responsibility, or legal obligation where he disclaims authority to do so;

3. An expert may not present allegations or pleadings as factual predicates for expert opinions; and

4. Trial courts retain a continuing gatekeeping obligation under Federal Rule of Evidence 702 and a duty to prevent jury confusion under Rule 403, even where Daubert and motion practice has closed.

This Notice does not seek relief, does not reopen motion practice, and is filed solely to preserve objections and assist the Court in managing expert testimony at trial.

## II. SUPPLEMENTAL AUTHORITIES

Federal Rule of Evidence 702 requires that expert testimony be grounded in specialized knowledge that will assist the trier of fact, be based on sufficient facts or data, and reflect a reliable application of principles and methods to the facts of the case. Fed. R. Evid. 702(a)–(d). These requirements inform the Court's continuing obligation to ensure that expert testimony presented at trial remains within the scope of the expert's admitted role and does not mislead the jury.

**A. Experts May Not Exceed Their Admitted Scope or Offer Opinions Outside Their Retention**

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562–63 (11th Cir. 1998)

The Eleventh Circuit held that expert testimony must be limited to the subject matter for which the expert is qualified and retained, and that testimony exceeding that scope is not admissible under Rule 702.

*Relevance:* Confirms that where an expert admits his role is limited (e.g., to describing procedures), opinions assigning fault or responsibility exceed permissible scope.

### B. Experts May Not Offer Legal Conclusions or Fault Assignments

*United States v. Frazier,* 387 F.3d 1244, 1262–63 (11th Cir. 2004) (en banc)

The Eleventh Circuit emphasized that expert testimony must assist the trier of fact without usurping the role of the Court or jury, and that opinions amounting to legal conclusions or fault determinations are inadmissible.

*Relevance:* Supports exclusion or limitation of expert opinions framed as what a party "should have" done where the expert disclaims authority to determine responsibility.

### C. Experts May Not Rely on Allegations or Pleadings as Substitutes for Facts

*McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1245–46 (11th Cir. 2005)

The court held that expert opinions must be grounded in sufficient facts or data and may not be based on assumptions or unverified assertions.

*Relevance:* Confirms that expert opinions premised on allegations rather than independently verified facts fail Rule 702(b) and (d).

**D. Rule 702 Gatekeeping Is a Continuing Obligation at Trial**

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)

The Supreme Court held that a trial court's gatekeeping obligation applies to all expert testimony and continues through trial.

*Relevance:* Confirms that scope objections and limitations may be raised and enforced at trial notwithstanding the closure of pretrial motion practice.

**E. Rule 403 Requires Exclusion or Limitation of Testimony Likely to Mislead or Confuse the Jury**

*United States v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005)

The Eleventh Circuit recognized that even relevant expert testimony may be limited or excluded where its probative value is substantially outweighed by the danger of misleading the jury.

*Relevance:* Supports limiting expert testimony to prevent jurors from treating prescriptive or faultbased opinions as factual determinations.

**F. Additional Eleventh Circuit Authority on Scope, Reliability, and Trial-Stage Gatekeeping**

*SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 805–06 (11th Cir. 2015)

The Eleventh Circuit reaffirmed that expert testimony may not offer legal conclusions or normative judgments that invade the role of the jury, including opinions that effectively tell the jury what a party should have done.

*Relevance:* Supports limiting expert testimony that assigns fault or prescribes conduct where the expert disclaims authority to determine responsibility.

*United States v. Milton,* 99 F.4th 1207, 1219–21 (11th Cir. 2024)

The Eleventh Circuit emphasized that Rule 702 requires courts to ensure that expert opinions reflect a reliable application of methodology to facts, not assumptions or unverified premises, regardless of the expert's credentials.

*Relevance:* Confirms that expert opinions grounded in allegations rather than validated facts may be limited at trial under Rule 702(d).

*Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1291–93 (11th Cir. 2005)

The court held that expert opinions lacking testing or validation of underlying assumptions are unreliable under Rule 702 and may not be presented to the jury as expert conclusions.

*Relevance:* Supports limiting testimony where the expert admits he did not investigate or validate factual predicates.

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1341–42 (11th Cir. 2003)

The Eleventh Circuit recognized that trial courts retain discretion to limit expert testimony to prevent jury confusion, even where the expert is otherwise qualified and admissible.

Relevance: Confirms the Court's authority to manage expert scope at trial to avoid misleading the jury.

### III. APPLICATION TO THE SEC'S EXPERT TESTIMONY

The supplemental authorities above confirm that where, as here, an expert:

- Admits his role is limited to describing industry procedures;

- Disclaims investigation, validation, authority, and responsibility determinations;

- Disclaims legal expertise; and

- Acknowledges reliance on allegations as the source of role attribution;

any testimony exceeding those bounds may be objected to and limited at trial under Rules 702 and 403.

This Notice is submitted solely to assist the Court in recognizing the applicable legal framework governing expert scope and to preserve Defendants' objections.

### IV. CONCLUSION

Defendants respectfully submit this Notice of Supplemental Authority to support the orderly and fair management of expert testimony at trial. This filing seeks no ruling, no relief, and no modification of existing orders.

Dated: December 15th, 2025

Respectfully,



_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570