UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23171-DAMIAN/D'ANGELO**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

**DEFENDANTS HOGG AND GOLDBERG'S CONSOLIDATED RESPONSE IN OPPOSITION**

**TO DE 537, DE 5371, DE 542, AND DE 546**

Defendants Troy R. J. Hogg and James L. Goldberg, proceeding pro se, respectfully submit this Consolidated Response solely to preserve procedural posture with respect to filings at DE 537, DE 5371, DE 542, and DE 546.

This filing:

- Does not request relief;

- Does not seek sanctions;

- Does not address the merits of any motion;

- Does not expand or reopen motion practice; and

- Is submitted in express compliance with the Court's Omnibus Order at DE 513.

## I. GOVERNING PROCEDURAL DIRECTIVES (DE 513)

On September 17–18, 2025, the Court entered its Omnibus Order (DE 513), which provides in relevant part that:

- "Duplicative motions will be DENIED."

- "These rulings are binding on the Parties as set forth on the record."

- "The Court will not permit further motion practice of this nature."

The Court further cautioned that continued prohibited or duplicative filings could result in sanctions. Defendants submit this Consolidated Response in strict adherence to those directives.

## II. PROCEDURAL SEQUENCE OF BRAVERMAN FILINGS

Defendant Braverman previously filed a Rule 12 motion earlier in this action (DE 76). Following that filing, the Court closed Rule 12 motion practice through its casemanagement orders and DE 513.

Subsequently, the following filings were entered:

- DE 542 — Motion for Judgment on the Pleadings under Rule 12(c);

- DE 546 — Motion to Dismiss for Lack of SubjectMatter Jurisdiction under Rule 12(b)(1).

Rule 12(c) applies the same standard as Rule 12(b)(6) and must be filed sufficiently early so as not to delay trial. Rule 12(g)(2) governs successive Rule 12 motions. These procedural observations are stated solely for preservation purposes.

### III. DE 537 AND DE 5371 (MOTION FOR LEAVE AND ATTACHED RESPONSE)

DE 537 seeks leave to file a sanctionsrelated response. DE 5371 was filed on the docket prior to the Court ruling on the request for leave.

Defendants note the following undisputed procedural facts:

1. DE 5371 was submitted before the Court granted leave;

2. Sanctionsrelated briefing was addressed at the September hearing;

3. The Omnibus Order expressed that additional sanctions briefing would not be permitted; and

4. No active sanctions briefing deadline existed at the time of filing.

These facts are noted without argument.

## IV. DE 542 (RULE 12(c) MOTION)

DE 542 was filed after Rule 12 practice had closed and after the Court stated that further motions of this nature would not be entertained. Defendants make no merits response and submit this section solely to preserve procedural sequence.

## V. DE 546 (RULE 12(b)(1) MOTION)

DE 546 asserts lack of subjectmatter jurisdiction following the prior Rule 12 motion at DE 76 and after dispositive motion practice had concluded. Defendants note that the issues raised were available earlier in the case. This section is submitted solely to preserve procedural posture.

## VI. PRESERVATION STATEMENT

By filing this Consolidated Response, Defendants Hogg and Goldberg:

1. Preserve procedural objections related to timing and sequence;

2. Acknowledge and comply with the Court's Omnibus Order (DE 513);

3. Do not seek relief or Court action; and

4. Will not submit further briefing absent direction from the Court.

Respectfully,



_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of December, 2025, a true and correct copy of the following documents:

- **Joint Notice of Special Objection**

- **Notice of Supplemental Authority**

- **Consolidated Response in Opposition to DE 537, DE 537-1, DE 542, and DE 546**

was served via email on all counsel of record and pro se parties listed below, each of whom consents to electronic service under Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1:

**Counsel for the Securities and Exchange Commission:**

Alice K. Sum - SumAl@sec.gov

Magaly Ordaz - OrdazM@sec.gov

**Counsel for Defendant Stephen L. Braverman:**

Russell Kerr - rkerr@russellkerrlaw.com

S. Mitchell Moran - SMitchellMoran@kerrlawgroup.com

**Pro Se Defendants:**

Max W. Barber - maximas24@me.com; 23blackbee@gmail.com

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570