UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD., *et al.*,

    Defendants.

### SEC'S MOTION TO STRIKE DEFENDANT STEPHEN BRAVERMAN'S IMPROPERLY FILED DISPOSITIVE MOTIONS

Plaintiff Securities and Exchange Commission moves to strike Defendant Stephen Braverman's improperly filed dispositive motions—Motion for Judgment on the Pleadings ("Motion JoP") [ECF No. 542] and Motion to Dismiss the Revised Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [ECF No. 546]—for the reasons that follow:

**I.     INTRODUCTION**

Braverman's Motion to Dismiss and Motion for JoP should be stricken because they were not filed in good faith and otherwise violate this Court's Order dated May 23, 2025, which limits the parties to filing only one dispositive motion. First, nothing has changed since this Court denied the motions to dismiss the Defendants filed at the beginning of this case that would warrant the Court revisiting its finding of subject matter jurisdiction. Among other things, this Court ruled that the allegations in the SEC's Complaint sufficiently plead an "investment contract" under the *Howey* test. [ECF No. 76.] The voluntary striking of Count I has no impact on the Court's prior ruling because the paragraphs the Court cited in finding subject matter jurisdiction (¶¶ 24, 82, 83,

and 84) remain in the SEC's Complaint after the Court struck Count I (¶¶ 92-95).  Thus, there is no good faith basis to revisit the Court's earlier finding of subject matter jurisdiction.

Additionally, Braverman's Motion for JoP was filed in violation of the Court's May 23, 2025 Order, which specifically provided that the parties may file *only one* dispositive motion. Braverman previously filed two Motions for Summary Judgment; the first was fully briefed and is pending and the second was denied.  Braverman's Motion for JoP also rehashes the same arguments from his initial Motion to Dismiss from early 2023 and his pending Motion for Summary Judgment.  Braverman did not seek leave to deviate from the May 23, 2025 Order, and should not be permitted—especially while represented by counsel—to continue to violate the Order.  Regardless, the purported subject matter jurisdiction issue and the other issues raised in the Motion to Dismiss and Motion JoP are squarely framed within the parties' cross motions for summary judgment, and the Court should not re-open briefing.  As such, both Braverman's Motion to Dismiss and Motion JoP should be stricken as not filed in good faith, untimely, and duplicative.

## II.     PROCEDURAL HISTORY AND BACKGROUND

After the SEC filed its Complaint, Defendants Troy Hogg, James Goldberg, and Stephen Braverman—through their then respective counsel— each filed a Motion to Dismiss, [ECF Nos. 25, 27, and 30].  Hogg and Goldberg challenged the Court's subject matter jurisdiction, and Braverman challenged the sufficiency of the fraud allegations in the Complaint.  In denying the Motions to Dismiss, the Court ruled that the SEC satisfied the test for whether an "investment contract" was sufficiently alleged as required by *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). [ECF No. 76 at pp. 9-12.]  To reach this conclusion, the Court cited ¶¶ 24, 82, 83, and 84 of the Complaint, which contained substantive allegations that there is in this case (a) an investment of money, (b) in a common enterprise, (c) based on an expectation of profits to be derived from the

entrepreneurial or managerial efforts of others. [*Id.* at pp. 10-12.] The Court also found that the SEC had sufficiently alleged a primary securities law violation, Braverman's general awareness of the primary Defendants' scheme, and that Braverman provided substantial assistance to the scheme. [*Id.* at pp. 14-22.]

Subsequently, Goldberg and Hogg filed a Motion for Reconsideration or Alternatively to Certify an Interlocutory Appeal, asking the Court to revisit its denial of Goldberg's Motion to Dismiss primarily based on an out-of-district case, *SEC v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2023 WL 4507900 (S.D.N.Y. July 13, 2023). [ECF No. 95, 104.] The Court denied the Motion for Reconsideration. [ECF No. 115.] The Court reiterated that it had determined that the SEC "has jurisdiction to bring this lawsuit because the Complaint plausibly alleges Defendants' offer of DIG tokens constitutes an 'investment contract' under the *Howey* test." [*Id.* at pp. 5-7.]

Thereafter, the parties continued litigating this case. At one point, the deadline for dispositive motions was set for May 2, 2025. [ECF No. 197.] In addition to the SEC filing a Motion for Partial Summary Judgment, Defendants filed dispositive motions, including Goldberg who filed an Emergency Motion for Summary Judgment, [ECF No. 249], and a Motion for Judgment on the Pleadings Pursuant to Rule 12(c), [ECF No. 250]. After the Court held a status conference on May 21, 2025, the Court issued an Order resetting various deadlines, including extending the dispositive motion deadline to May 28, 2025. [ECF No. 289.] In addressing the fact that certain Defendants had filed more than one dispositive motion, the Court "instructed all Defendants that they may file only one dispositive motion." [*Id.* at p. 2, 3.]

On May 28, 2025, Braverman filed a Motion for Partial Summary Judgment as to Counts X, XI, and XII of the Complaint, arguing that there is no triable issue that any fraud occurred, that Braverman did not possess the requisite scienter, and that Braverman did not provide substantial

3

assistance. [ECF No. 293.] The Motion is fully briefed and pending before the Court. On July 25, 2025, Braverman filed an Emergency Motion for Summary Judgment, Declaratory Relief, and Alternative Dismissal for Lack of Fair Notice [ECF No. 443], arguing that the SEC's then-attempted withdrawal of Count I resulted in a lack of subject matter jurisdiction and the case should be dismissed under Fed. R. Civ. P. 12(h)(3). The Emergency Motion was denied by the Court [ECF No. 513].

On September 25, 2025, the Court held a hearing on various motions, including the SEC's Motion for Leave to Amend Complaint filed on July 14, 2025 [ECF No. 415]. The Court struck Count I (¶¶ 92-95)—as requested by the SEC—from the Complaint and stated that the Complaint filed on September 30, 2022, [ECF No. 1], remains the operative pleading. [ECF No. 526.] The Court did not re-open the pleadings. Counsel for Braverman opposed the SEC's Motion for Leave to Amend Complaint during the hearing, claiming that Defendants would be prejudiced by striking Count I from the Complaint and that the Court would no longer have subject matter jurisdiction. Transcript of September 25, 2025 hearing at pp. 46-48. When Braverman's counsel was unable to explain *why* there would be prejudice to his client, the Court stated:

> If, as you become more familiar with the litigation, you have any ***concern that is based in good faith*** about the Court's subject matter jurisdiction over this action, you can raise the appropriate motion.

*Id.* (emphasis added.)

On December 4, 2025, Braverman's counsel filed the Motion JoP, without seeking leave of Court. [ECF No. 542.] In the Motion JoP, Braverman argues—like he did in his original Motion to Dismiss—that the Complaint fails to plead a primary violation, general awareness, scienter, and substantial assistance with particularity. Braverman also advances a new-for-him argument that the SEC fails to plead a domestic securities transaction under *Morrison v. Nat'l Australia Bank*

4

*Ltd.*, 561 U.S. 247 (2010), which Hogg previously raised in his Motion for Summary Judgment [ECF No. 302], and the SEC addressed in its Response [ECF No. 344 at pp. 3-5].

On December 8, 2025, Braverman's counsel filed a Motion to Dismiss, without seeking leave of Court. Despite the fact that the SEC did not include Braverman as a Defendant in Count I (violations of Section 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)]), Braverman now claims that the deletion of Count I from the Complaint divests this Court of subject matter jurisdiction. [ECF No. 546.] Braverman argues that there is no "predicate offense" to support the SEC's counts for aiding and abetting against him, but he ignores that Counts X, XI, and XII specifically allege that Cryptobontix, Arbitrade, Hogg, and Goldberg violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5, and that Braverman knowingly, or with extreme recklessness provided substantial assistance to them. [ECF No. 1 at ¶¶ 125-126]

On December 16, 2025, the SEC reached out to Braverman's counsel to meet and confer on Braverman withdrawing the improperly filed motions. SEC counsel advised that there was no good faith basis to file either the Motion to Dismiss or Motion JoP the because (1) nothing has changed in this case that warrants this Court revisiting its previous denial of Hogg and Goldberg's motion to dismiss, wherein the Court found that the SEC sufficiently plead an "investment contract" under the *Howey* test based on substantive paragraphs of the Complaint that have not been stricken from the Complaint; and (2) this Court ordered that the Defendants may file only one dispositive motion by May 28, 2025, and Braverman already filed two, [ECF Nos. 293 and 443]. Braverman's counsel did not agree to withdraw the motions.

### III.    ARGUMENT

Courts may strike motions under their inherent power to manage their dockets. *Fisher v. Whitlock*, 784 Fed. Appx. 711, 714 (11th Cir. 2019) ("[T]he district court did not abuse its discretion in exercising its inherent power to manage its docket to strike [the Plaintiff's] motion."); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, Case No. 20-24681-CIV-Scola, 2023 WL 5658916, at *1 (S.D. Fla. Mar. 17, 2023) (citing *Fisher* and granting motion to strike defendants' untimely motions); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (stating that a district court possesses the power to strike a pleading as part of its inherent authority to manage its own docket, enforce its orders, and ensure prompt disposition of legal actions)); *Shaps v. Provident Life & Acc. Ins. Co.*, 1997 WL 34616416, at *1 (S.D. Fla. Apr. 7, 1997) (within court's inherent power to strike motion filing after court-imposed deadline); *Silva v. Swift*, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) ("Of course, a court may strike pleadings and even motions pursuant to a federal court's inherent power").

Here, the Court should strike Braverman's Motion to Dismiss and Motion JoP as improper and not being filed in good faith. While the SEC appreciates that the Court must confirm it has subject matter jurisdiction at any point in the litigation, the Court's consideration is not warranted here due to the procedural history, prior Court Orders, and circumstances surrounding Braverman's filing of the two motions.

First, Braverman's Motion to Dismiss fails to set forth a good faith basis why the Court should revisit its prior finding that the SEC sufficiently plead an "investment contract" under the *Howey* test. Instead, Braverman reasons that the Court must entertain a motion to dismiss for lack of subject matter jurisdiction at any time *even if the allegations supporting subject matter jurisdiction have not changed*. Braverman focuses solely on the striking of Count I, which was

6

never asserted against him, as the watershed moment where the calculus for determining subject matter jurisdiction has morphed. But Braverman overlooks a critical fact: Count I was not the reason why this Court decided there is subject matter jurisdiction. When the Court denied Goldberg and Hogg's Motion to Dismiss and found it had subject matter jurisdiction, it cited ¶¶ 24, 82, 83, and 84 of the Complaint, which contained substantive allegations demonstrating that DIG was offered and sold as an investment contract under *Howey*. [ECF No. 76 at pp. 10-12.] And when the Court granted the SEC's Motion for Leave to Amend Complaint, those paragraphs were not disturbed, and they remain a part of the Complaint to this day. The recent request by the SEC to drop Count I—a failure to register a security count—has no impact on subject matter jurisdiction because the remaining allegations already satisfied the *Howey* test.[1] Moreover, to the extent the Court is going to consider this issue, it should do so on a fully-developed record in the context of the pending cross motions for summary judgment rather than revisiting a decision based solely on the pleadings. Indeed, the Commission's Motion for Partial Summary Judgment argues that the undisputed material facts establish that jurisdiction exists under *Howey*. As such, Braverman's Motion to Dismiss should be stricken.

Second, Braverman's Motion JoP violates this Court's Order dated May 23, 2025, wherein the Court made it clear that Defendants could file only one dispositive motion. [ECF No. 289 at p. 3.] Braverman has filed two Motions for Summary Judgment, the original of which is fully

---

[1] Substantively, Braverman's argument that there is no "predicate offense" or "primary violation" to support the SEC's counts for aiding and abetting against Braverman now that Count I has been stricken patently lacks good faith. A cursory review of Counts X, XI, and XII reflects that the SEC alleged that (1) Cryptobontix, Arbitrade, Hogg, and Goldberg violated Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)(b)], and Rule 10b-5 (i.e., the predicate offense/primary violation), and (2) that Braverman knowingly, or with extreme recklessness provided substantial assistance to them. [ECF No. 1 at ¶¶ 125-126.] Indeed, the registration status of a security is irrelevant to whether a defendant committed fraud or aided and abetted fraud.

briefed and second of which was denied already. While the Court may have given the *pro se* Defendants some greater leeway in their filings, it also made it clear that *pro se* parties must too comply with the Rules and this Court's Orders. And while Braverman's counsel appeared in this case in September, he is nonetheless responsible for becoming familiar with the prior filings, especially the Court's Orders. Additionally, Braverman rehashes the same arguments in his Motion JoP that he raised in his Motion to Dismiss, [ECF No. 30], which the Court denied, and in his Motion for Summary Judgment, [ECF No. 293], which is fully briefed. Re-opening briefing on the same issues that the parties' five (5) cross-motions for summary judgment already cover would be a waste of this Court's resources. Accordingly, the Motion for JoP should also be stricken.

## IV. CONCLUSION

For the foregoing reasons, this Court should exercise its inherent power to manage this docket and strike Braverman's improperly filed motions.

WHEREFORE, the SEC respectfully requests that this Court strike Braverman's improperly filed Motion to Dismiss and Motion JoP, together with other relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel conferred with Braverman's counsel, who opposes the relief sought.

December 18, 2025                                   Respectfully submitted,

/s/Alice Sum
Alice Sum, Esq.
Senior Trial Counsel
Florida Bar No. 354510
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Phone: (305) 416-6293
Email: sumal@sec.gov

*Attorneys for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 18th day of December 2025, on counsel for Stephen Braverman via CMECF and all parties in the manner denoted below.

Troy R.J. Hogg, *pro se*
E-mail: troyhogg2020@protonmail.com

James L. Goldberg, *pro se*
E-mail: james_goldberg@msn.com

Max W. Barber, *pro se*
Email: maximas24@me.com; 23blackbee@gmail.com

/s/Alice Sum
Alice Sum

9