UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

FILED BY _____ D.C.

DEC 19 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANTS HOGG AND GOLDBERG'S NOTICE OF PRESERVATION OF ISSUES
AND STATEMENT OF PROCEDURAL POSTURE**

Defendants Troy R.J. Hogg and James L. Goldberg, appearing pro se, respectfully submit this
Notice solely to preserve the procedural posture of certain issues for the record. This Notice does
not seek relief, does not request clarification of any prior ruling, and does not invite or require
action by the Court.

1.  The Court previously denied motions to dismiss challenging subject-matter jurisdiction
    and pleading sufficiency, concluding that the Commission's Complaint plausibly alleged
    the existence of an "investment contract" under *SEC v. W.J. Howey Co.*, 328 U.S. 293

(1946), for purposes of Rule 12 analysis and jurisdiction at the pleading stage. See, e.g., ECF Nos. 76 and 115.

2. Defendants acknowledge and accept those rulings as resolving pleading sufficiency and jurisdictional challenges at the Rule 12 stage.

3. Defendants respectfully note, however, that the Court has not adjudicated—nor been asked to adjudicate—whether the DIG token constitutes a security or investment contract as a matter of law or fact on a fully developed evidentiary record under Rule 56 or at trial.

4. The merits determination of whether DIG satisfies the elements of *Howey*, including issues concerning the nature of the transactions, the existence of a common enterprise, the source of any alleged expectation of profits, and the application of governing jurisdictional principles, remains pending in the summary-judgment and trial posture of this case.

5. By this Notice, Defendants preserve all rights to contest the Commission's claims on the merits and to raise any appropriate arguments concerning the application of *Howey* and related doctrines at the summary-judgment stage, at trial, and on appeal.

This Notice is submitted solely to ensure the accuracy of the procedural record and to preserve appellate issues. Defendants do not seek to reopen briefing, re-litigate prior rulings, or otherwise burden the Court.

Dated: December 19th, 2025

Respectfully,


_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900



_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of December, 2025, a true and correct copy of the following documents:

1. Defendant Hogg's and Goldberg's Notice of Preservation of Issues and Statement of Procedural Posture.

was served via email on all counsel of record and pro se parties listed below, each of whom consents to electronic service under Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1:

**Counsel for the Securities and Exchange Commission:**

Alice K. Sum - SumAl@sec.gov

Magaly Ordaz - OrdazM@sec.gov

**Counsel for Defendant Stephen L. Braverman:**

Russell Kerr - rkerr@russellkerrlaw.com

S. Mitchell Moran - SMitchellMoran@kerrlawgroup.com

**Pro Se Defendants:**

Max W. Barber - maximas24@me.com; 23blackbee@gmail.com

Respectfully,



_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570