CASE NO. 22-CV-23171-DAMIAN/D'ANGELO

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**ARBITRADE LTD., CRYPTOBONTIX INC.,**

**TROY R.J. HOGG, JAMES L. GOLDBERG,**

**STEPHEN L. BRAVERMAN, and MAX W. BARBER,**

Defendants.

_____/

FILED BY MCO D.C.
DEC 19 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANTS HOGG AND GOLDBERG'S EVIDENCE PROFFER**

**(IN SUPPORT OF SUPPLEMENTAL SANCTIONS MEMORANDUM)**

**PURPOSE AND SCOPE**

This Evidence Proffer is submitted to identify, in neutral and itemized form, the documentary exhibits and sworn testimony on which the Court may rely in resolving the issues presented in Defendants Hogg and Goldberg's Supplemental Sanctions Memorandum. This Proffer does not argue the merits, does not seek relief, and does not request an evidentiary hearing. It simply catalogs the existing record evidence referenced in the Supplemental Sanctions Memorandum to facilitate resolution on the papers.

**I. GOVERNING TRANSACTION DOCUMENTS (GOLD)**

- **Memorandum of Understanding (MOU)** governing the gold transaction structure. *(Ex. 62)*

- **Asset Pledge Agreement** referencing pledged interests derived from SKRs. *(Ex. 63)*

- **Assignment Agreement executed by SION Trading FZE**, purporting to assign "all ownership rights and title" derived from SKRs. *(Ex. C)*

- **Bailment Agreement** governing custody of the underlying gold and retention of title by the bailor absent payment. *(Ex. 70)*

- **Bokhem cancellation and cease-and-desist correspondence (Aug. 2018)** terminating the arrangement for non-payment. *(Exs. 72, 73)*

## II. SAFE KEEPING RECEIPTS (SKRs) AND DRAFTS

- **G4S Safe Keeping Receipts** bearing "said to contain" disclaimers and listing quantities and identifiers. *(Ex. 13; Ex. 14)*

- **SKR drafts/templates and transmissions** reflecting depositor-authored content and placeholders. *(Ex. 329 at 4–5)*

## III. DEPOSITION TESTIMONY – MAX W. BARBER

- **Barber Dep., Vol. I (May 6, 2021)**
  - Denial of SKR authorship and assertion of custodian independence. *(90:44–52)*
  - Admission of drafting SKR language with assistant. *(119:18–22)*
  - Statement that SKR "provides evidence" of asset existence. *(56:48–49)*

- **Barber Dep., Vol. II (May 26, 2021)**

- o   Admissions regarding "no payment, no title" and lack of ownership absent payment. *(146:19–23; 147:1–5; 171:1–5; 206:20–207:8)*

- o   Governance/control testimony. *(248:20–249:3)*

- **Barber Dep. (Feb. 12, 2025)**

  - o   Admissions regarding payments, default timing, and lack of diligence on governance. *(23:55–24:03; 42:24–49; 65:23–66:21)*

## IV. PRESS RELEASES AND PUBLIC COMMUNICATIONS

- **Arbitrade Ltd. Press Release (Nov. 5, 2018)** announcing receipt of title, verification language, and corporate communications policy designating Stephen Braverman as token-holder contact; bearing executive signature block. *(Ex. 4; Meyer_0009982–0009984)*

- **Press Release Drafting and Approval Communications (Oct. 2018)** reflecting active drafting, substantive markup, and approval of the gold press release by Max Barber, Len Schutzman, and Creative Management Partners, with Stephen Braverman copied on the drafting and review communications. These records include proposed language strengthening verification claims ("verified … by direct confirmation from the independent secure vaulting company") and circulation of "Gold Press Release DRAFT 3" for review and approval prior to issuance. *(Exs. 87, 88, 89; EBAR0000329–0000333; EBAR0004852)*

## V. WHITEPAPERS (EXECUTIVE IDENTIFICATION)

- **Arbitrade Whitepaper** identifying senior management/executives, including Stephen Braverman. *(Ex. 25)*

- **Cryptobontix Whitepaper** identifying senior management/executives, including Stephen Braverman. *(Ex. 26)*

## VI. INVESTOR-FACING EMAILS AND SIGNATURE BLOCKS

- **Email communications** addressing Arbitrade operations and DIG tokens using Stephen Braverman's executive signature block (e.g., "Chief Operating Officer, Arbitrade"). *(Exs. 30, 279)*

## VII. TOKEN CUSTODY AND LIQUIDATION RECORDS

- **Email confirmations and transactional notices** evidencing token custody, withdrawals, and liquidation activity at scale, including confirmations bearing Braverman's executive signature block. *(Ex. 279 at 1–2, 20)*

## VIII. DEPOSITION TESTIMONY – STEPHEN L. BRAVERMAN

- **Braverman Dep. (Apr. 17, 2025)**

  - Denials of control and PR authority; admissions of review of press releases; SKR drafting mechanism; direction of attribution changes; "no evidence" assertion. *(396:5–8; 406:17–18; 403:19–21; 403:22–404:4; 404:7–13; 429:8–19; 447:21–25; 365:13–15; 372:19–23; 381:3–6)*

- **Braverman Dep. (Feb. 4, 2025)**

  - Denial of PR authority; admission of content-oversight responsibility. *(180:4–11; 77:20–22)*

## IX. CORROBORATIVE ADJUDICATIVE FINDINGS (FOR LIMITED PURPOSES)

- **Ontario Capital Markets Tribunal** decision identifying Stephen Braverman as Chief Operating Officer. *(Hogg (Re), 2024 ONCMT 15, ¶ 67)*

- **Ontario Divisional Court** decision likewise identifying Stephen Braverman as Chief Operating Officer. *(Hogg v. CEO of the OSC, 2025 ONSC 6214, ¶¶ 9–10)*

## X. LITIGATION FILINGS REFLECTING CONTINUED RELIANCE ON DISPUTED EVIDENTIARY PREDICATES

- **Defendant Max Barber's Reply in Support of Motion to Exclude Expert Testimony** (filed December 16, 2025), continuing to rely on the MOU, Asset Pledge Agreement, and Safe Keeping Receipts as proof of gold ownership and legitimacy of the transaction.

- **Defendant Stephen L. Braverman's Motion for Leave to File Response in Opposition to Motion for Sanctions After Deadline** (D.E. 537), filed October 9, 2025, asserting substantive defenses to sanctions and seeking leave to file a response addressing factual allegations concerning authority, control, and evidentiary legitimacy.

- **Defendant Stephen L. Braverman's Response in Opposition to the Joint Motion for Rule 11 Sanctions** (D.E. 537-1), filed October 9, 2025, in which Braverman, through counsel, advances factual denials and affirmative assertions concerning his role, authority, and the legitimacy of challenged evidence, including a categorical denial of alleged fraud, misappropriation, and coercion, and an assertion that such allegations are "false, unsupported, and wholly immaterial."

## XI. EXPERT REPORT AND RELATED RECORD MATERIALS

- Expert Report of Faisal Ahmed on behalf of the Securities and Exchange Commission, dated March 5, 2024, addressing industry standards for verification, custody, and safekeeping of gold, the non-conformity of Safe Keeping Receipts bearing "said to contain" disclaimers, and the absence of accepted industry documentation supporting claims of ownership or receipt of 395 metric tons of gold. *(DE 547-1)*.

**All exhibits identified herein are already part of the record; copies can be provided promptly if the Court so directs.**

## CERTIFICATION

This Evidence Proffer identifies record materials already produced in discovery and cited in the Supplemental Sanctions Memorandum. It is submitted to facilitate resolution on the papers and does not seek additional relief.

Dated: December 19th, 2025

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of December, 2025, a true and correct copy of the following documents:

1. Defendants Hogg and Goldberg's Notice of Filing Supplemental Sanctions Materials.

2. Defendants Hogg and Goldberg's Supplemental Sanctions Memorandum;

3. Defendants Hogg and Goldberg's Evidence Proffer in Support of Supplemental Sanctions Memorandum

was served via email on all counsel of record and pro se parties listed below, each of whom consents to electronic service under Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1:

**Counsel for the Securities and Exchange Commission:**

Alice K. Sum - SumAl@sec.gov

Magaly Ordaz - OrdazM@sec.gov

**Counsel for Defendant Stephen L. Braverman:**

Russell Kerr - rkerr@russellkerrlaw.com

S. Mitchell Moran - SMitchellMoran@kerrlawgroup.com

**Pro Se Defendants:**

Max W. Barber - maximas24@me.com; 23blackbee@gmail.com

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900


_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570