UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARBITRADE LTD., *et al.*,

    Defendants.

### SEC'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANT STEPHEN BRAVERMAN'S IMPROPERLY FILED DISPOSITIVE MOTIONS

Plaintiff Securities and Exchange Commission files its Reply in Further Support of Motion to Strike Defendant Stephen Braverman's Improperly Filed Dispositive Motions [ECF No. 552] ("Motion to Strike") as follows:

### I.    INTRODUCTION

Braverman's Response misses the forest for the trees and fails to address the central argument in the SEC's Motion to Strike. There is no good faith basis to revisit the Court's earlier finding of subject matter jurisdiction. This Court previously denied motions to dismiss and ruled that the allegations in the SEC's Complaint sufficiently plead an "investment contract" under the *Howey* test. [ECF No. 76 at pp. 10-11, citing to Complaint at ¶¶ 24, 82, 83, and 84.] When the Court recently granted the SEC's Motion for Leave to Amend Complaint and struck Count I, the Court did not disturb any of the allegations on which the Court relied in finding an investment contract, including paragraphs 24, 82, 83, and 84. Thus, contrary to Braverman's assertions, there have been no changes to the Complaint relevant to subject matter jurisdiction. And while the Court

must confirm it has subject matter jurisdiction at any point in the litigation, that does not mean that defendants should be permitted to repackage a previously rejected argument when there has been no change to the allegations that previously were accepted as conferring subject matter jurisdiction.

As for Braverman's Motion for Judgment on the Pleadings ("Motion JoP"), it mimics his Motion to Dismiss [ECF No. 30] and his Motion for Partial Summary Judgment [ECF No. 293]. There is no basis to revisit the pleading sufficiency of the SEC's Complaint against Braverman when (1) this Court already found the allegations of aiding and abetting fraud to be sufficiently plead and denied his Motion to Dismiss; (2) his Motion for Partial Summary Judgment arguing the sufficiency of the evidence for the aiding and abetting fraud claims is fully briefed and pending; and (3) this Court ruled that the parties are each limited to one dispositive motion.

Regardless, the purported subject matter jurisdiction issue and the sufficiency of the fraud allegations raised in Braverman's Motion to Dismiss and Motion JoP are squarely framed within the parties' cross motions for summary judgment, which have been fully briefed since July, and the Court should not re-open briefing. Accordingly, both Motions should be stricken as not filed in good faith, untimely, and duplicative.

## II.  ARGUMENT

### A. The SEC Did Not Trigger a Jurisdictional Issue When it Moved to Amend the Complaint

Braverman attempts to shift the blame to the SEC for his improper filings by arguing that the SEC triggered the need for his two Motions. To the contrary, Braverman seeks to relitigate previously disposed of issues or indirectly force additional briefing on pending, fully-briefed dispositive motions. As the SEC outlined in its Motion to Strike, the procedural history and this Court's prior rulings on the Defendants' motions to dismiss demonstrate that there is no valid basis to revisit the pleading sufficiency of the SEC's Complaint as to subject matter jurisdiction or the

fraud and aiding and abetting fraud claims. Braverman continues to focus solely on the striking of Count I, which was never asserted against him, arguing that the striking of Count I from the Complaint has resulted in new defects. Critically, he avoids addressing the SEC's central argument that the allegations this Court previously found to support subject matter jurisdiction remain in the Complaint today (¶¶ 24, 82, 83, and 84[1]). That Braverman may disagree with this Court's prior ruling is not a basis to manufacture an issue or to revisit the issue. Indeed, this Court rejected Goldberg and Hogg's Motion for Reconsideration of the Court's conclusion that the Complaint adequately alleged an investment contract [ECF No. 115]. Based upon the absence of *any* response on this point, this Court should deny Braverman's Motion to Dismiss.

### B. Braverman Mischaracterizes the Court's Statement During the September 26, 2025 Hearing

As with any court filing, "just because you can, doesn't mean you should." In addition to blaming the SEC for why he needed to file the two Motions, Braverman insists that the Court *invited* him to do so and he acted accordingly. Under this reasoning, Braverman and his counsel could file any motion—regardless of whether it is in good faith—so long as the Federal Rules of Civil Procedure provide for such a motion. The Court expressly stated that any motion concerning

---

[1] Although the Court granted the SEC's Motion for Leave to Amend and struck Count I (¶¶ 92-95), Braverman attempts to attach significance to the *proposed* Amended Complaint the SEC filed as an exhibit to its Motion for Leave to Amend [ECF No. 415-1]. Specifically, Braverman points to certain language that does not appear in paragraph 84 of the proposed Amended Complaint and argues that the Court should infer meaning from this change. To clarify, the SEC reviewed the proposed Amended Complaint, and determined that the missing language from paragraph 84 was due to a scrivener's error from using an earlier version of the Complaint when preparing the proposed Amended Complaint. That earlier version did not contain the language missing from paragraph 84 in the proposed Amended Complaint. The SEC did not intend to delete that language. In any event, this issue is irrelevant because the original Complaint is the operative pleading, and the only change is that Count I was stricken.

3

subject matter jurisdiction needed to be "based in good faith" and be "appropriate." Braverman's two Motions are neither for the reasons argued in the SEC's Motion to Strike and in this Reply.

### C. The Court's May 23, 2025 Order Limited Each Party to One Dispositive Motion

After the Defendants filed multiple dispositive motions (motions for summary judgment and one motion for judgment on the pleadings), the Court made it clear that each Defendant could only file one dispositive motion, which each Defendant did. [ECF No. 289]. Any issue, whether directed at the sufficiency of the evidence or concerning pure issues of law, should have been raised in Defendants' motions for summary judgment. In fact, the SEC, Hogg, and Goldberg filed motions for summary judgment wherein they argue the application of the *Howey* test to the facts of this case. More than six months after the extended dispositive motions deadline of May 28, 2025, Braverman is now attempting to back-door a new motion for summary judgment. To be clear, the SEC is not attempting to "suppress" Braverman's arguments. The very issues Braverman raises concerning the *Howey* test and subject matter jurisdiction are robustly addressed in the parties' fully briefed cross-motions for summary judgment. The Court should not re-open briefing on an issue that is already fully briefed.

### D. The Court is Not Required to Revisit Its Prior Ruling on Subject Matter Jurisdiction When the Underlying Allegations Supporting the Ruling are Unchanged

While the SEC agrees that subject matter jurisdiction may be raised at any stage of litigation, this does not mean that the Court should revisit the same issue again and again if the relevant allegations have not changed. As argued *supra* and in its Motion to Strike, the allegations underlying this Court's prior finding of subject matter jurisdiction remain in the Complaint. Thus, there is no good faith basis to revisit that ruling, as this Court has already ruled in denying Goldberg and Hogg's Motion for Reconsideration. [ECF No. 115].

### E. Braverman's Motion for Judgment on the Pleadings Rehashes the Same Arguments from His Motion to Dismiss and Motion for Partial Summary Judgment

Braverman rehashes the same arguments in his Motion JoP that he raised in his Motion to Dismiss, [ECF No. 30], which the Court denied, and in his Motion for Partial Summary Judgment, [ECF No. 293], which is fully briefed. Contrary to his assertions, the SEC is not trying to avoid judicial scrutiny. Rather, the SEC is focused on preservation of judicial and party resources. Revisiting the allegations of fraud in the SEC's Complaint (versus the evidence) when the Court already found that the SEC *sufficiently plead* the aiding and abetting fraud counts against Braverman is a waste of this Court's resources. And the *sufficiency of the evidence* of Braverman's aiding and abetting fraud is addressed within Braverman's Motion for Partial Summary Judgment. Injecting a Motion JoP at this point unnecessarily clogs the Court's docket.

### F. The Striking of Count I Has No Impact on Subject Matter Jurisdiction

Braverman's argument that the Rule 9(b) pleading with particularity standard was triggered when Count I was stricken is wholly unsupported. Braverman fundamentally misunderstands the nature of Count I versus the fraud counts against him and his co-Defendants as well as what he previously argued in his original Motion to Dismiss. First, Count I was never asserted against Braverman. Also, the aiding and abetting fraud claims against Braverman are *not* related to Count I. And independent of Count I, the Court previously ruled that the SEC sufficiently plead its aiding and abetting fraud claims against Braverman because Braverman filed a Motion to Dismiss that challenged the sufficiency of those allegations.

Similarly defective is Braverman's argument that the SEC has not alleged a primary violation. A cursory review of Counts X, XI, and XII reflects that the SEC alleged that (1) Cryptobontix, Arbitrade, Hogg, and Goldberg violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 (i.e., the predicate offense/primary violation), and (2) that

Braverman knowingly, or with extreme recklessness provided substantial assistance to them. [ECF No. 1 at ¶¶ 125-26.] Put simply, Count I was never the "primary violation" alleged by the SEC against Cryptobontix, Arbitrade, Hogg, and Goldberg so its striking is inconsequential to the aiding and abetting fraud claim against Braverman.

### G. The SEC is Not Attempting to Avoid a Merits Review and Braverman's Arguments are Already Addressed in the Cross-Motions for Summary Judgment

Braverman's *ad hominem* assertion that the SEC is trying to avoid a merits review is meritless. The SEC fully expects that the Court will rule on the same arguments when it issues rulings on the parties' five cross-motions for summary judgment. Whether the Court has subject matter jurisdiction, the application of the *Howey* test, and the sufficiency of the evidence of fraud and aiding and abetting fraud are briefed extensively in the parties' cross-motions for summary judgment. Therefore, this Court should exercise its inherent power to manage the docket and not allow Braverman to inject improper, late, and duplicative motions—which bring nothing new to the table—at this stage of the litigation. *Fisher v. Whitlock*, 784 Fed. Appx. 711, 714 (11th Cir. 2019) ("[T]he district court did not abuse its discretion in exercising its inherent power to manage its docket to strike [the Plaintiff's] motion."); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, Case No. 20-24681-CIV-Scola, 2023 WL 5658916, at *1 (S.D. Fla. Mar. 17, 2023) (citing *Fisher* and granting motion to strike defendants' untimely motions).[2]

More concerning are Braverman's citations to *SEC v. Coinbase* opinions for the propositions that the SEC cannot use a motion to strike and that the SEC is trying to "short-circuit judicial consideration." Neither of the two *SEC v. Coinbase* opinions at 761 F. Supp. 3d 702 (Jan.

---

[2] Braverman argues that Rule 12(f) does not authorize striking motions. This argument is misplaced. The SEC's motion is grounded in the Court's inherent authority to manage its docket, not Rule 12(f).

6

7, 2025) and 726 F. Supp. 3d 260 (S.D.N.Y. 2024) cited by Braverman address a motion to strike filed by the SEC, let alone contain the following quoted language: "is not a basis for striking" or "short-circuit judicial consideration." Undersigned has also conducted a thorough search for orders in the *SEC v. Coinbase* case in Westlaw, LEXIS, and PACER and was unable to locate the quoted or similar language. Regardless of whether Braverman and his counsel simply miscited the *SEC v. Coinbase* cases or used a generative artificial intelligence program that "hallucinated" the quotes, Braverman and his counsel owe this Court a duty of candor and should be required to explain the origins of the non-existent quoted language. *O'Brien v. Flick*, Case No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5-6 (S.D. Fla. Jan. 10, 2025). If Braverman and his counsel cannot provide good faith justification for these fake citations, this Court can impose sanctions. *Id.* at *6-7.

### H. There Is Prejudice To The SEC

Although the SEC does not have to demonstrate prejudice stemming from Braverman's two Motions in order for this Court to exercise its inherent authority to manage its docket, the SEC would be prejudiced because resources would have to be spent on further briefing issues already before the Court and would delay this Court in issuing rulings on the parties' five cross-motions for summary judgment and other various pending pretrial motions.

### III.   CONCLUSION

For the foregoing reasons, this Court should exercise its inherent power to manage this docket and strike Braverman's improperly filed motions.

January 9, 2025                                    Respectfully submitted,

/s/Alice Sum
Alice Sum, Esq.
Senior Trial Counsel
Florida Bar No. 354510
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Phone: (305) 416-6293
Email: sumal@sec.gov

*Attorneys for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 9th day of January 2025, on counsel for Stephen Braverman via CMECF and all parties in the manner denoted below.

Troy R.J. Hogg, *pro se*
E-mail: troyhogg2020@protonmail.com

James L. Goldberg, *pro se*
E-mail: james_goldberg@msn.com

Max W. Barber*, pro se*
Email: maximas24@me.com; 23blackbee@gmail.com

/s/Alice Sum
Alice Sum