UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO



SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants.

_____/

**DEFENDANTS HOGG AND GOLDBERG'S LIMITED PROCEDURAL RESPONSE TO DEFENDANT BARBER'S CONSOLIDATED MOTION TO STRIKE AND MOTION TO RESET EVIDENTIARY HEARING**

Defendants Troy R.J. Hogg and James L. Goldberg, proceeding pro se, submit this limited procedural response to Defendant Max W. Barber's "Consolidated Motion to Strike Unauthorized December Filings and Motion to Reset Evidentiary Hearing" (the "Motion"). This response is filed solely to prevent any inference of waiver or consent and is intentionally confined to threshold procedural issues. Defendants do not seek to reopen motion practice, expand the record, or request any affirmative relief.

## I. INTRODUCTION

Barber's Motion should be DENIED or STRICKEN because it constitutes new, affirmative motion practice that is procedurally improper and exceeds the scope of permissible filings under this Court's prior docket-control orders. The Motion seeks to strike filings, reset proceedings, and obtain coercive relief against co-defendants, relief that is not authorized by the Federal Rules and is inconsistent with the Court's expressed intent to limit adversarial escalation in this matter.

Defendants submit this response only to preserve their procedural posture and to clarify that Barber's Motion is not conceded. Nothing herein invites further proceedings or merits review.

## II. PROCEDURAL BACKGROUND

1. On September 17–18, 2025, the Court entered an **Omnibus Order (DE 513)** resolving numerous pending motions and, as stated on the record, curtailed further duplicative or escalating motion practice.

2. On October 10, 2025, the District Court entered an **Order Granting the SEC's Unopposed Motion for Stay of Proceedings (DE 538)**, administratively closing the case while retaining jurisdiction to address pending matters.

3. Following the resumption of Court operations, the SEC, not Defendants Hogg or Goldberg, filed the first new motions to strike, thereby re-engaging the Court's active docket management in a limited and targeted manner.

4. Barber's Motion was filed thereafter and seeks broad, affirmative relief unrelated to responding to the SEC's filings.

### III. BARBER'S MOTION IS PROCEDURALLY IMPROPER

**A. Barber Initiates New Affirmative Motion Practice**

Barber's Motion does not respond to a filing directed at him. Instead, it affirmatively seeks to:

- strike Defendants' filings,

- reset an evidentiary hearing,

- expand the scope of proceedings, and

- obtain coercive relief against co-defendants.

This is new motion practice, not defensive briefing, and it was initiated without leave of Court.

**B. Clarification Regarding Defendants' December Filings**

The filings Barber seeks to strike were not new motions and did not request new relief. They were procedural submissions intended solely to organize and supplement the existing record for a sanctions hearing that had already been noticed and was later stayed due to the government shutdown. Those filings expressly disclaimed any request for a ruling, hearing, or expanded briefing and were submitted for consideration only when the Court elects to address the pending sanctions matter. Accordingly, they do not constitute reopened motion practice.

**C. A Motion to Strike Is Not a Proper Vehicle for the Relief Sought**

Motions to strike are disfavored and narrowly confined. They are not a substitute for merits briefing, a mechanism to impose sanctions on co-defendants, or a vehicle to reset proceedings.

Barber's Motion improperly aggregates multiple forms of relief, striking filings, resetting hearings, and seeking sanctions, none of which are appropriately joined or supported under the Federal Rules.

### D. Barber Lacks Standing to Seek the Relief Requested

To the extent Barber seeks sanctions, orders to show cause, or evidentiary consequences against co-defendants, such relief lies within the inherent authority of the Court, not at the unilateral request of a co-defendant through a motion to strike.

### IV. THIS RESPONSE DOES NOT SEEK TO REOPEN PROCEEDINGS

Defendants expressly acknowledge the Court's authority to manage its docket and do not request:

- reopening discovery,
- resetting hearings,
- supplemental briefing, or
- any form of affirmative relief.

This response is submitted solely to ensure that Barber's Motion is not deemed unopposed and to permit the Court to resolve it on procedural grounds consistent with its prior orders and docket-management objectives.

V. CONCLUSION

For the foregoing reasons, Defendant Barber's Motion should be **DENIED or STRICKEN** as procedurally improper and beyond the scope of permissible motion practice. Defendants respectfully request that the Court resolve the Motion without reopening proceedings or expanding the scope of litigation, consistent with its prior rulings and case-management directives.

Date: January 12, 2025

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2026, a true and correct copy of the following documents:

1. Joint Limited Procedural Response to Defendant Barber's Consolidated Motion to Strike and Motion to Reset Evidentiary Hearing

was served via email on all counsel of record and pro se parties listed below, each of whom consents to electronic service under Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1:

**Counsel for the Securities and Exchange Commission:**

Alice K. Sum - SumAl@sec.gov

Magaly Ordaz - OrdazM@sec.gov

**Counsel for Defendant Stephen L. Braverman:**

Russell Kerr - rkerr@russellkerrlaw.com

S. Mitchell Moran - SMitchellMoran@kerrlawgroup.com

**Pro Se Defendants:**

Max W. Barber - maximas24@me.com; 23blackbee@gmail.com

Respectfully,

_____

James L. Goldberg

Pro Se Defendant

515 NW 120th St, Miami, FL 33168

james_goldberg@msn.com | (305) 785-6900

_____

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

troyhogg2020@protonmail.com | (519) 330-6570