UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD.,

CRYPTOBONTIX INC.,

TROY R.J. HOGG,

JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and

MAX W. BARBER,

Defendants,

and

SION TRADING FZE,

Relief Defendant.

_____/

**JOINT REQUEST FOR JUDICIAL NOTICE OF INTERVENING SEC/CFTC**

**INTERPRETIVE GUIDANCE ISSUED MARCH 17, 2026**

Defendants Troy R.J. Hogg ("Hogg") and James L. Goldberg ("Goldberg"), proceeding pro se, respectfully request that this Court take judicial notice of the SEC/CFTC Joint Interpretive Guidance titled "Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets," Release Nos. 33-11412; 34-105020, issued March 17, 2026, and in support state as follows:

## I. INTRODUCTION

1. On March 17, 2026, the Securities and Exchange Commission ("SEC") and Commodity Futures Trading Commission ("CFTC") jointly issued formal interpretive guidance concerning the application of federal securities laws to crypto assets and transactions involving crypto assets.

2. The interpretive release was designated by the Office of Management and Budget as a "major rule" and expressly states that the SEC and its staff will administer the federal securities laws consistent with the interpretation, including with respect to enforcement actions.

3. The guidance directly concerns the precise legal issues presently implicated in this action, including:

   a. the distinction between a digital asset and an investment contract;

   b. purchaser reliance;

   c. essential managerial efforts;

   d. secondary-market transactions;

   e. attribution of issuer representations; and

f. the separation of alleged investment-contract relationships from underlying crypto assets following changes in managerial control and purchaser expectations.

4. Defendants respectfully request that the Court take judicial notice of the SEC/CFTC guidance as an intervening regulatory interpretation directly relevant to the pending claims and legal framework asserted by Plaintiff.

## II. JUDICIAL NOTICE STANDARD

5. Federal Rule of Evidence 201 permits judicial notice of facts and materials not subject to reasonable dispute because they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

6. The SEC/CFTC interpretive release constitutes an official federal agency publication publicly issued by the SEC and CFTC and is therefore an appropriate subject of judicial notice.

## III. RELEVANT PORTIONS OF THE SEC/CFTC INTERPRETIVE GUIDANCE

7. The March 17, 2026 SEC/CFTC interpretive release expressly states at page 27:

"the fact that a non-security crypto asset is subject to an investment contract does not transform the non-security crypto asset itself into a security."

8. The release further states at pages 27-28:

"a non-security crypto asset that has been subject to an investment contract does not remain subject to the associated investment contract in secondary market transactions where purchasers would not reasonably expect such representations or promises to remain connected to the non-security crypto asset."

9. The interpretive release further states at pages 28-29:

"When a purchaser of a non-security crypto asset that has been subject to an investment contract could no longer reasonably expect the issuer's representations or promises to engage in essential managerial efforts to remain connected to the non-security crypto asset, the non-security crypto asset separates from such representations or promises…"

10. The release additionally states at pages 31-32:

"the associated investment contract would cease to exist."

11. The release further provides at page 25:

"a purchaser's reasonable profit expectations depend on the issuer's representations or promises to engage in such essential managerial efforts."

11. The SEC/CFTC guidance also expressly states at page 26:

"it would not be reasonable for a purchaser to expect profits based on representations or promises made by third parties…"

12. The interpretive release further explains throughout Section IV, pages 24-34, that:

   a. purchaser expectations are tied to ongoing essential managerial efforts;

   b. investment-contract relationships may separate from digital assets;

c. changes in managerial control and operational authority are legally significant;

d. attribution of representations matters; and

e. secondary-market transactions require individualized analysis regarding purchaser reliance.

## IV. RELEVANCE TO THIS ACTION

13. Plaintiff's operative Complaint in this action asserts claims premised upon alleged investment contracts involving the DIG token and alleged purchaser reliance upon managerial efforts associated with Defendants.

14. Plaintiff has additionally filed supplemental disclosures introducing investor communications and evidence concerning operational control, managerial authority, investor-facing communications, and shifting corporate governance.

15. The March 17, 2026 SEC/CFTC interpretive guidance directly concerns:

a. how purchaser reliance is evaluated;

b. how managerial efforts are attributed;

c. whether alleged investment-contract relationships remain connected to underlying digital assets;

d. the significance of changes in managerial control; and

e. the continued existence or separation of alleged investment-contract relationships in secondary-market contexts.

16. Defendants respectfully submit that the SEC/CFTC guidance therefore constitutes highly relevant intervening interpretive authority directly bearing upon Plaintiff's asserted

Howey framework and the legal analysis applicable to the claims and evidence presently before the Court.

## V. REQUEST FOR RELIEF

WHEREFORE, Defendants Troy R.J. Hogg and James L. Goldberg respectfully request that this Court:

(a) take judicial notice of the SEC/CFTC Joint Interpretive Guidance titled "Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets," Release Nos. 33-11412; 34-105020, issued March 17, 2026;

(b) recognize the guidance as intervening regulatory authority relevant to the legal framework governing Plaintiff's claims; and

(c) grant such other and further relief as the Court deems just and proper.

DATED: May 29, 2026

Respectfully submitted,

Troy R.J. Hogg, Pro Se

James L. Goldberg, Pro Se