James L. Goldberg

Pro Se Defendant

515 120th St

Miami, FL 33168

Tel: 305-785-6900

Email: James_Goldberg@msn.com



FILED BY _____ D.C.

MAY 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

Tel: (519) 330-6570

Email: troyhogg2020@protonmail.com

**May 29, 2026**

**Clerk of Court**

United States District Court

Southern District of Florida

400 North Miami Avenue

Miami, FL 33128

**Re: SEC v. Arbitrade Ltd., et al., Case No. 22-cv-23171-DAMIAN/D'ANGELO**

**Pro Se Filing by Defendants Troy R. J. Hogg and James L. Goldberg**

Dear Clerk of Court:

Please find enclosed for filing in the above-referenced matter the following documents submitted by Defendants Troy R. J. Hogg and James L. Goldberg:

1. **JOINT REQUEST FOR JUDICIAL NOTICE OF INTERVENING SEC/CFTC INTERPRETIVE GUIDANCE ISSUED MARCH 17, 2026**

2. **JOINT FORMAL PRETRIAL OBJECTIONS OF DEFENDANTS TROY R.J. HOGG AND JAMES L. GOLDBERG TO PLAINTIFF'S SECOND SUPPLEMENTAL RULE 26 DISCLOSURES AND REQUEST FOR STATUS CONFERENCE**

3. **JOINT SUPPLEMENTAL NOTICE OF MATERIAL DISCLOSURE FACTS RELEVANT TO PLAINTIFF'S HOWEY THEORY, PURCHASER RELIANCE ALLEGATIONS, AND PENDING PROCEDURAL POSTURE**

4. **Exhibits** containing Exhibits A through G with declarations under 28 U.S.C. § 1746

Please do not hesitate to contact us at the email or phone number above should the Court require any further clarification or materials.

Thank you for your assistance.

Respectfully,

James L. Goldberg

Pro Se Defendant

515 120th St

Miami, FL 33168

Tel: 305-785-6900

Email: James_Goldberg@msn.com

Troy R. J. Hogg

Pro Se Defendant

72859 Sunridge Crescent

Dashwood, Ontario, Canada

(519) 330-6570

troyhogg2020@protonmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD.,

CRYPTOBONTIX INC.,

TROY R.J. HOGG,

JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and

MAX W. BARBER,

Defendants,

and

SION TRADING FZE,

Relief Defendant.

_____/

**JOINT FORMAL PRETRIAL OBJECTIONS OF DEFENDANTS TROY R.J. HOGG AND JAMES L. GOLDBERG TO PLAINTIFF'S SECOND SUPPLEMENTAL RULE 26 DISCLOSURES AND REQUEST FOR STATUS CONFERENCE**

Defendants Troy R.J. Hogg ("Hogg") and James L. Goldberg ("Goldberg"), proceeding pro se, hereby jointly object to Plaintiff Securities and Exchange Commission's ("SEC") Second Supplemental Rule 26 Disclosures filed May 15, 2026, and respectfully request that this Court schedule a status conference regarding the materially altered legal and factual posture created by Plaintiff's untimely disclosures and intervening regulatory developments. In support thereof, Defendants state as follows:

## I. INTRODUCTION

On May 15, 2026, nearly one year after the close of discovery and after dispositive motion practice had closed, the SEC filed "Plaintiff's Second Supplemental Disclosures Pursuant to Rule 26(a)(1)" identifying a new investor witness, Jason Dolgy, and introducing approximately eighty-nine (89) pages of text message screenshots allegedly produced by that witness.

The disclosures materially prejudice Defendants and improperly alter the factual and legal posture of this case after the close of discovery, while simultaneously introducing evidence that materially contradicts Plaintiff's own unified-enterprise Howey theory alleged throughout this litigation.

The SEC's disclosures also raise substantial issues concerning:

(a) untimely supplementation under Rule 26;

(b) prejudice under Rule 37;

(c) authentication;

(d) hearsay;

(e) attribution;

(f) chain of custody;

(g) evidentiary completeness; and

(h) materially changed legal circumstances arising from intervening SEC/CFTC interpretive guidance issued March 17, 2026.

Accordingly, Defendants respectfully request:

(1) exclusion or limitation of the late disclosures;

(2) preservation of all evidentiary objections;

(3) leave to address the newly introduced materials in supplemental briefing if necessary; and

(4) a status conference to address the procedural and substantive implications created by Plaintiff's untimely disclosures and intervening regulatory developments.

## II. PROCEDURAL BACKGROUND

1. Discovery in this matter closed in or around June 2025.

2. Dispositive motion practice has likewise closed in or around September 2025.

3. On May 15, 2026, the SEC filed supplemental disclosures identifying Jason Dolgy as a witness and disclosing "Documents produced by Jason Dolgy."

4. The disclosures include approximately 89 pages of alleged text-message screenshots between Mr. Dolgy and Defendant Stephen Braverman.

5. Plaintiff did not disclose this witness or these materials during the discovery period despite years of investigation, subpoena authority, access to Defendant Braverman, and extensive discovery proceedings.

6. Plaintiff now seeks to introduce these materials after the close of discovery and after dispositive motion practice has concluded.

## III. FORMAL OBJECTIONS

A. Untimely Disclosure Under Rule 26 and Resulting Prejudice

7. Defendants object to the SEC's supplemental disclosures as untimely under Federal Rule of Civil Procedure 26.

8. Plaintiff had ample opportunity during the discovery period to identify, investigate, subpoena, and disclose these materials.

9. Plaintiff's late disclosure substantially prejudices Defendants because discovery has closed, depositions have concluded, dispositive motions are closed, and Defendants no longer possess a meaningful opportunity to conduct discovery regarding:

a. authenticity;

b. completeness;

c. metadata;

d. device ownership;

e. account attribution;

f. deleted communications;

g. contextual omissions;

h. investor identity verification;

i. platform records; and

j. chain of custody.

10. Defendants further object pursuant to Rule 37(c)(1) and reserve all rights to seek exclusion, limitation, or other appropriate relief.

B. Authentication and Attribution Objections

11. Defendants object to the proposed exhibits for lack of proper authentication.

12. The disclosures consist largely of screenshots lacking:

a. original metadata;

b. native extraction records;

c. forensic verification;

d. platform authentication;

e. device authentication;

f. IP attribution;

g. account ownership verification; and

h. evidentiary chain of custody.

13. To the extent Plaintiff seeks to attribute alleged statements, social media posts, screenshots, or embedded communications to Defendant Hogg, Defendants specifically object on grounds including lack of authentication, attribution, foundation, and completeness.

14. Defendant Hogg further notes that multiple impersonation and fake "Troy" social media accounts existed during the relevant time period, and Plaintiff has not established competent evidentiary foundation tying any referenced social media content directly to

Defendant Hogg. Further, screenshots, reposts, embedded social-media captures, and third-party reproductions absent native platform authentication are insufficient to establish authorship or attribution.

## C. Hearsay and Completeness Objections

15. Defendants object to the disclosures on hearsay grounds and further object under Federal Rule of Evidence 106 to the extent Plaintiff seeks to introduce incomplete excerpts divorced from their broader context.

16. The selective production of screenshots without full communication histories, native exports, or forensic extraction materially impairs contextual evaluation.

## D. The Supplemental Disclosure Materially Contradicts Plaintiff's Core Unified-Enterprise Theory

17. Without waiving any procedural objections, Defendants further note that Plaintiff's own late-filed exhibit materially contradicts core portions of Plaintiff's operative Howey narrative.

18. The disclosed communications repeatedly identify Defendant Stephen Braverman—not Defendants Hogg or Goldberg—as:

a. the operational decision-maker;

b. investor-facing representative;

c. communications authority;

d. exchange negotiator;

e. strategic operator; and

f. future controlling executive.

19. Plaintiff's own exhibit includes statements attributed to Defendant Braverman such as:

"Listen when this was arbitrade i did not control the outcome. Now I do."

20. The exhibit further includes the statement:

"Unfortunately Troy Jamie and Len were unable to execute. Kent and I are not."

21. These statements materially implicate issues concerning:

a. managerial control;

b. operational authority;

c. purchaser reliance;

d. continuity of enterprise management; and

e. intervening separation of managerial efforts.

22. These issues are especially significant in light of the SEC/CFTC Joint Interpretive Guidance issued March 17, 2026 concerning purchaser reliance, essential managerial efforts, and the separation of investment-contract relationships from underlying digital assets following material changes in managerial control and operational authority.

23. Defendants respectfully submit that these intervening developments materially alter the procedural and substantive posture of this case and warrant conference with the Court.

24. This matter has remained stayed since approximately October 15, 2025, reportedly due to circumstances relating to a federal government shutdown.

25. The conditions underlying that stay no longer exist. However, despite the continued procedural inactivity, Plaintiff has continued supplementing the factual record and introducing new witness materials and substantive evidence after the close of discovery and after dispositive motion practice concluded.

26. Defendants respectfully submit that the combination of:

(a) prolonged procedural stay,

(b) post-discovery evidentiary supplementation,

(c) intervening SEC/CFTC regulatory guidance issued March 17, 2026, and

(d) materially altered factual circumstances reflected in Plaintiff's own disclosures,

warrants active judicial management and conference with the Court regarding the appropriate procedural posture moving forward.

27. Defendants therefore respectfully request that the Court schedule a status conference to address the continued stayed posture of this case, the scope and effect of Plaintiff's untimely supplemental disclosures, the procedural prejudice arising from post-discovery evidentiary expansion, the impact of intervening SEC/CFTC interpretive guidance issued March 17, 2026, and whether supplemental briefing or other procedural relief is appropriate without reopening discovery or materially prejudicing Defendants in light of the materially changed legal and factual landscape.

## IV. REQUEST FOR STATUS CONFERENCE

28. Defendants respectfully request that the Court schedule a status conference to address:

a. Plaintiff's untimely supplemental disclosures;

b. prejudice arising from post-discovery evidentiary expansion;

c. authentication and admissibility issues;

d. intervening SEC/CFTC interpretive guidance issued March 17, 2026;

e. whether supplemental briefing is appropriate;

f. whether modification of pretrial scheduling is necessary;

g. prolonged procedural stay; and

h. the materially altered factual and legal posture created by Plaintiff's disclosures.

## V. RESERVATION OF RIGHTS

29. Defendants expressly reserve all rights, objections, defenses, evidentiary challenges, dispositive arguments, supplemental authority arguments, and trial objections arising from Plaintiff's disclosures and any subsequent attempted use thereof.

WHEREFORE, Defendants Troy R.J. Hogg and James L. Goldberg respectfully request that this Court:

(a) sustain Defendants' objections;

(b) preclude or limit Plaintiff's use of the untimely supplemental disclosures;

(c) preserve all evidentiary objections for trial and dispositive consideration;

(d) schedule a status conference regarding the materially altered legal and factual posture of the case; and

(e) grant such other and further relief as the Court deems just and proper.

Date: May 29, 2026

Respectfully submitted,

Troy R.J. Hogg, Pro Se

James L. Goldberg, Pro Se