**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ARBITRADE LTD.,
CRYPTOBONTIX INC.,
TROY R.J. HOGG,
JAMES L. GOLDBERG,
STEPHEN L. BRAVERMAN, and
MAX W. BARBER,

      Defendants, and

SION TRADING FZE,

      Relief Defendant.

**DEFENDANT STEPHEN L. BRAVERMAN'S MOTION FOR INVOLUNTARY**
**DISMISSAL FOR FAILURE TO PROSECUTE**

Defendant Stephen L. Braverman ("Braverman"), by and through undersigned counsel,

respectfully moves for involuntary dismissal of the Securities and Exchange Commission's

claims against him for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and

the Court's inherent authority.

In support, Braverman states as follows:

**I.      INTRODUCTION**

1.  This SEC enforcement action has been pending since September 30, 2022 (ECF No. 1).

2. The case was trial-ready enough that the Court had set calendar call for October 15, 2025 and trial during the two-week trial calendar beginning October 20, 2025.

3. On October 9, 2025, the SEC filed an unopposed motion to stay proceedings because of the then-ongoing federal government shutdown (ECF No. 536).

4. On October 10, 2025, the Court granted the SEC's motion, temporarily stayed all deadlines, cancelled the October 2025 calendar call and trial setting, and directed the Clerk to mark the case closed for administrative and statistical purposes only (ECF No. 538).

5. The stay was expressly tied to the government shutdown. The Court found good cause for the requested stay and extension of deadlines "until the federal government shutdown ends" and stated that it was "temporarily" staying the case "during the pendency of the government shutdown." (ECF No. 538 at 2).

6. The government shutdown ended in November 2025. The shutdown-related basis for the stay therefore expired over six months ago.

7. Yet the SEC has not moved to restore this case to the active docket, has not moved to reset trial, has not requested a post-stay scheduling order, has not filed a status report explaining how it intends to proceed against Braverman, and has not otherwise taken meaningful steps to prosecute its claims against Braverman to final resolution after the shutdown-related basis for the stay expired.

8. Instead, the case remains administratively closed while Braverman remains subject to unresolved federal enforcement claims in a case filed nearly four years ago.

9. The SEC has apparently continued to serve litigation materials, including a supplemental Rule 26 disclosure identifying an additional purported investor, Jason Dolgy, while taking no steps to restore the case to the active docket or obtain a Court-approved post-stay schedule.

10. The SEC should not be permitted to obtain a temporary shutdown-based stay, allow the case to remain administratively closed after the shutdown ended, selectively serve supplemental materials, and leave Braverman under unresolved enforcement claims without an operative schedule or trial date.

11. Braverman therefore requests dismissal for failure to prosecute.

## II. FACTUAL AND PROCEDURAL BACKGROUND

12. The SEC filed this action on September 30, 2022 (ECF No. 1).

13. The case proceeded through years of litigation, including motion practice, discovery, scheduling orders, pretrial proceedings, dispositive motions, motions in limine, expert-related motions, and sanctions-related filings.

14. On July 16, 2025, the Court reset the case for calendar call on October 15, 2025, and trial during the two-week trial calendar beginning October 20, 2025 (ECF No. 427).

15. On September 25, 2025, undersigned counsel appeared on behalf of Braverman (ECF No. 521).

16. On October 9, 2025, the SEC filed an unopposed motion to stay proceedings due to the federal government shutdown (ECF No. 536).

17. On October 10, 2025, the Court granted the SEC's motion (ECF No. 538).

18. In granting the stay, the Court stated that the SEC requested a stay and deadline extensions "until after the ongoing federal government shutdown has ended." (ECF No. 538 at 1).

19. The Court found good cause for the stay and deadline extensions "until the federal government shutdown ends" and stated that it was "temporarily" staying the case "during the pendency of the government shutdown." (ECF No. 538 at 2).

3

20. The Court ordered that "[a]ll deadlines in this case are temporarily STAYED during the pendency of the federal government shutdown and until further Order of this Court." (ECF No. 538 ¶ 2).

21. The Court cancelled the October 15, 2025 calendar call and the October 20, 2025 trial setting, stating that both would "be reset by separate Order." (ECF No. 538 ¶ 3).

22. The Court directed the Clerk to mark the case closed "for administrative and statistical purposes only," retained jurisdiction to address pending motions, and stated that "the case shall be restored to the active docket upon further Order of the Court." (ECF No. 538 ¶ 6).

23. On October 14, 2025, the Magistrate Judge cancelled an October 15, 2025 hearing because the District Court had stayed all deadlines (ECF No. 540).

24. The federal government shutdown ended in November 2025. Thus, the temporary event that justified the stay ended months ago.

25. Since the end of the shutdown, the SEC has not moved to reopen the case, has not moved to lift the stay, has not moved to reset trial, has not proposed a post-stay case schedule, and has not filed a status report addressing how it intends to prosecute its claims against Braverman to final resolution.

26. The docket reflects certain post-stay filings by the SEC and other parties. But those filings do not cure the SEC's failure to restore the case to an active posture or move its claims against Braverman toward trial or final adjudication.

27. Braverman is also aware that the SEC served, but did not file, Plaintiff's Second Supplemental Disclosures Pursuant to Rule 26(a)(1), identifying Jason Dolgy as an additional purported "Investor[] in Arbitrade Ltd. and Cryptobontix, Inc. during the relevant time period."

28. Braverman does not contend that Rule 26 disclosures must ordinarily be filed on the docket. Rather, the point is that the SEC appears to be selectively serving litigation materials while allowing the case to remain administratively closed and without seeking a post-stay schedule.

29. Braverman remains prejudiced by the continued pendency of unresolved enforcement claims, the absence of an active schedule, the lack of a trial setting, and the SEC's failure to take meaningful steps to prosecute its claims after the reason for the stay expired.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 41(b)

30. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

31. Unless the dismissal order states otherwise, a Rule 41(b) dismissal operates as an adjudication on the merits, except for dismissals based on lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Fed. R. Civ. P. 41(b).

32. The Eleventh Circuit recognizes that dismissal with prejudice is a severe sanction and generally requires a clear record of delay or willful conduct and a finding that lesser sanctions would not suffice. See *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333 (11th Cir. 2005); *Jones v. Graham*, 709 F.2d 1457 (11th Cir. 1983).

33. The Eleventh Circuit also recognizes that parties must comply with procedural rules and court orders and that dismissal may be appropriate when a party fails to do so. See *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).

**B. The Court's Inherent Docket-Management Authority**

34. A district court has inherent authority to manage its docket, enforce its orders, and prevent cases from remaining dormant. The Supreme Court has recognized that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

35. That same authority permits the Court to dismiss claims when the plaintiff fails to prosecute them and fails to move the case forward after the temporary basis for a stay has expired.

**IV. ARGUMENT**

**A. The SEC Has Failed to Meaningfully Prosecute Its Claims Against Braverman After the Shutdown-Related Basis for the Stay Expired**

36. The SEC requested a stay because of the federal government shutdown (ECF No. 536). The Court granted a temporary stay for that reason (ECF No. 538).

37. The shutdown ended in November 2025. Yet the SEC has not moved to reopen the case, has not moved to lift the stay, has not moved to reset trial, has not filed a status report, and has not proposed any post-stay schedule to bring its claims against Braverman to final resolution.

38. The issue is not whether any docket activity occurred after the stay. Some activity did occur. The issue is that the SEC has failed to take the meaningful steps necessary to prosecute its claims against Braverman after the stay's basis expired: restoration to the active docket, trial resetting, pending-motion resolution, and a case schedule.

39. A plaintiff cannot obtain a temporary stay based on a government shutdown and then allow the action to remain administratively closed indefinitely after the shutdown ends, while the defendant remains burdened by unresolved enforcement claims.

40. The SEC's continued service of supplemental Rule 26 disclosures underscores the prejudice. If the SEC is continuing to serve litigation materials while the case remains administratively closed, then the SEC should be required to prosecute the case on an active schedule or face dismissal. Because the SEC has not done so, dismissal is warranted.

**B. The Stay Order Contemplated Temporary Administrative Closure, Not Indefinite Dormancy**

41. The Court's stay order confirms that the stay was temporary and based on the government shutdown. The Court found good cause for a stay "until the federal government shutdown ends" and stated that it was temporarily staying the case "during the pendency of the government shutdown." (ECF No. 538 at 2).

42. The order also stated that the case was closed "for administrative and statistical purposes only" and that the Court retained jurisdiction to address pending motions (ECF No. 538 ¶ 6).

43. Administrative closure is not a license for indefinite inaction. Once the shutdown ended, the SEC should have taken steps to restore the case to an active posture or at least notify the Court of the case's status and propose a schedule.

44. The SEC did not do so. Instead, Braverman remains in limbo, with no trial date, no active schedule, and no clarity regarding the SEC's intended path forward.

**C. Braverman Is Prejudiced by the SEC's Failure to Move the Case Forward**

45. This action has been pending since September 2022. Braverman remains subject to unresolved federal enforcement allegations, ongoing reputational harm, litigation burden, uncertainty, and lack of finality.

46. The Court had previously set the case for calendar call and trial in October 2025. Those settings were cancelled due to the shutdown stay. They have not been reset.

7

47. The absence of an active schedule also prejudices Braverman's ability to address late-served supplemental disclosures, pending motions, expert issues, dispositive motions, and trial preparation in an orderly way.

48. The SEC is the plaintiff. It chose to file this enforcement action. It bears the burden of prosecuting its claims. It should not be permitted to leave the case administratively closed after the temporary shutdown basis expired.

**D. Dismissal Is Warranted**

49. Braverman requests dismissal under Rule 41(b) and the Court's inherent authority because the SEC has failed to prosecute its claims against him after the stay's basis expired.

50. The record reflects that the SEC obtained a temporary stay tied to the federal government shutdown, allowed the case to remain administratively closed after that shutdown ended, failed to seek reopening or a new schedule, and left Braverman subject to unresolved enforcement claims without a trial date or operative path to final resolution.

51. Under these circumstances, dismissal is warranted to remedy the SEC's failure to prosecute and to prevent continued prejudice from indefinite administrative closure.

**V. REQUESTED RELIEF**

WHEREFORE, Defendant **Stephen L. Braverman** respectfully requests that the Court enter an order:

a. Dismissing the SEC's claims against Braverman for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority; and

b. Granting such further relief as the Court deems just and proper.

Respectfully submitted,

KERR LAW GROUP
Attorneys for Stephen L. Braverman
1025 W. Indiantown Road, #102
Jupiter, Florida 33458
*Telephone: (561) 571-0358*

*/s/ Russell A. Kerr*
Russell Kerr, Esq.
Florida Bar No. 10206
S. Mitchell Moran, Esq.
Florida Bar No. 113344
RKerr@RussellKerrLaw.com
SMitchellMoran@kerrlawgroup.com

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that conferral with counsel for Plaintiff SEC is not required

pursuant to Local Rule 7.1(a)(3).

/s/ Russell A. Kerr
Russell A. Kerr, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2026, a true and correct copy of the foregoing was filed with the Court using CM/ECF and served on all counsel and parties of record.

/s/ Russell A. Kerr
Russell A. Kerr, Esq.