**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ARBITRADE LTD., *et al.*,

      Defendants.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS TROY HOGG AND**
**JAMES GOLDBERG'S PROCEDURALLY IMPROPER FILINGS**

Plaintiff Securities and Exchange Commission moves to strike Defendants Troy Hogg and James Goldberg's recent procedurally improper filings [ECF Nos. 563, 564, and 565] because they fail to comply with the Local Rules for the Southern District of Florida.

## I.      INTRODUCTION

Hogg and Goldberg's Joint Request for Judicial Notice of Intervening SEC/CFTC Interpretative Guidance Issued March 17, 2026 ("Joint Request") [ECF No. 563] and Joint Supplemental Notice of Material Disclosure Facts Relevant to Plaintiff's Howey Theory, Purchaser Reliance Allegations, and Pending Procedural Posture ("Joint Notice") [ECF No. 564] are improper attempts to supplement their briefing in opposition to the Commission's Motion for Partial Summary Judgment [ECF No. 240].  Hogg and Goldberg violated the Local Rules because they failed to meet and confer with undersigned counsel or request leave of Court for permission to make the filings.  And their Joint Formal Pretrial Objections to Plaintiff's Second Supplemental Rule 26 Disclosures and Request for Status Conference ("Joint Objection") [ECF No. 565]

similarly violates the Local Rules because they failed to confer with undersigned counsel before filing.

During the course of the litigation, this Court has repeatedly reminded the parties, including the *pro se* Defendants, that they are required to comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court's Orders.  [ECF Nos. 219, 263] Hogg and Goldberg have repeatedly demonstrated a disregard for following the Rules and this Court's Orders.  Their recent filings [ECF Nos. 563, 564, and 565] are no different and should be stricken.

## II.   ARGUMENT

Courts have inherent power to manage their dockets.  *Fisher v. Whitlock*, 784 Fed. Appx. 711, 714 (11th Cir. 2019) ("[T]he district court did not abuse its discretion in exercising its inherent power to manage its docket to strike [plaintiff's] motion."); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, Case No. 20-24681-CIV-Scola, 2023 WL 5658916, at *1 (S.D. Fla. Mar. 17, 2023) (citing *Fisher* and granting motion to strike defendants' untimely motions); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (stating that a district court possesses the power to strike a pleading as part of its inherent authority to manage its own docket, enforce its orders, and ensure prompt disposition of legal actions); *Silva v. Swift*, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) ("Of course, a court may strike pleadings and even motions pursuant to a federal court's inherent power").

### A. The Joint Request and Joint Notice Constitute Improper Supplemental Briefing on the SEC's Motion for Partial Summary Judgment

As this Court is aware, briefing has been completed on the Commission's Motion for Partial Summary Judgment.  By filing their Joint Request and Joint Notice without conferring with undersigned pursuant to S.D. Fla. L.R. 7.1(a)(3) or seeking permission to make the filing pursuant

to S.D. Fla. L.R. 7.1(c), Hogg and Goldberg have tried to improperly supplement their opposition to the Commission's Motion for Partial Summary Judgment.[1]  Hogg and Goldberg should not be permitted to unilaterally make filings that circumvent the Rules.  They should have met and conferred with undersigned and sought permission of the Court so that the Court can decide whether to order briefing.[2] *Williams v. City of Miami Beach*, Case No. 24-cv-24003-Altman, 2025 WL 870000, at *3 (S.D. Fla. March 20, 2025) (striking motion for failure to certify compliance with the meet-and-confer requirement of Local Rule 7.1(a)(3)); *Incardone v. Royal Caribbean Cruises, Ltd.*, Case No. 16-20924-Martinez/Goodman, 2018 WL 6520934, at *1 (S.D. Fla. Dec. 11, 2018) (recommending denying motions because party consistently ignored the conferral requirement in Local Rule 7.1(a)(3) and stating that a district judge can deny a motion for non-compliance alone).  For these reasons, the Joint Request and Joint Notice should be stricken.

### B.  Hogg and Goldberg Failed to Meet and Confer Before Filing their Joint Objection

Prior to filing their Joint Objection, Hogg and Goldberg did not reach out to undersigned to meet and confer, and that basis alone supports the Court striking it.  Had they done so, undersigned counsel would have (1) explained that the investor's identity first became known to

---

[1] To the extent that Hogg and Goldberg now attempt to argue that they were filing "supplemental authority" with the Court as contemplated by S.D. Fla. L.R. 7.8, they did not comply with the requirements of that Rule either given that they inject facts, exhibits, and legal argument, and exceed 200 words. *Arch Ins. Co. v. A3 Dev., LLC*, 23-23524-BLOOM/Torres, 2024 WL 5471439, *5-6 (S.D. Fla. Nov. 20, 2024) (striking a notice of supplemental authority for failure to comply with S.D. Fla. L.R. 7.8 because it exceeded 200 words).

[2] In March 2026, the Commission issued Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets, "an interpretation of the definition of 'security' as applied to crypto assets and transactions involving crypto assets as part of its efforts to provide greater clarity regarding the Commission's treatment of crypto assets under the Federal securities laws." 91 Fed. Reg. 13,714, 13,716 (Mar. 23, 2026).  The interpretation is fully consistent with the arguments the Commission advanced in its Motion for Partial Summary Judgment and only supports a finding that DIG was offered and sold subject to an investment contract under the *Howey* test.  If the Court would like further briefing on this issue, the Commission respectfully requests the Court set a briefing schedule.

3

the Commission when the investor first contacted the Commission in March 2026; (2) explained that the Commission would not object to them conducting discovery on the investor, including deposing the investor; (3) pointed them to Fed. R. Civ. P. 26(e) which imposes a duty to supplement disclosures, which is why the Commission served supplemental disclosures identifying the investor and producing the newly provided text messages[3]; and (4) explained that the Joint Objection was an improper filing not authorized by the Court. This is the precise reason why parties are required to meet and confer before bringing issues before the Court. Regardless, the Joint Objection is not the proper vehicle to address Hogg and Goldberg's many unfounded assumptions about the investor and should likewise be stricken.

WHEREFORE, the Commission respectfully requests that this Court strike Hogg and Goldberg's Joint Notice, Joint Request, and Joint Objection [ECF Nos. 563, 564, and 565], together with any other relief the Court deems appropriate.

### CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel conferred with Defendants Hogg and Goldberg, who oppose the relief sought.

---

[3] The investor produced text messages between him and Defendant Stephen Braverman. Braverman, however, did not produce these text messages in discovery during litigation or the investigation phase, which would have been responsive to several of the Commission's Requests for Production. These text messages contain Braverman's multiple misrepresentations about, among other things, the acquisition of the purported gold, the value of the gold, the audit of the gold, and a press release announcing the acquisition of the gold.

June 12, 2026                          Respectfully submitted,


                                       /s/Alice Sum
                                       Alice Sum, Esq.
                                       Senior Trial Counsel
                                       Florida Bar No. 354510
                                       801 Brickell Avenue, Suite 1950
                                       Miami, Florida 33131
                                       Phone: (305) 416-6293
                                       Email: sumal@sec.gov

                                       *Attorneys for Plaintiff*
                                       SECURITIES AND EXCHANGE COMMISSION


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 12th

day of June 2026, on all parties in the manner denoted below.

Troy R.J. Hogg, *pro se*
Email: troyhogg2020@protonmail.com

James L. Goldberg, *pro se*
Email: james_goldberg@msn.com

Stephen L. Braverman, *pro se*
Email: sbraverman22@gmail.com

Max W. Barber*, pro se*
Email: maximas24@me.com

                                       /s/Alice K. Sum
                                       Alice K. Sum


5