UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:22-cv-23171-DAMIAN/D'ANGELO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARBITRADE LTD., CRYPTOBONTIX INC.,

TROY R.J. HOGG, JAMES L. GOLDBERG,

STEPHEN L. BRAVERMAN, and MAX W. BARBER,

Defendants, and

SION TRADING FZE,

Relief Defendant.

_____/

FILED BY _____ D.C.

JUL 2 9 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANTS JAMES L. GOLDBERG'S AND TROY R.J. HOGG'S**

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL**

**RULE OF EVIDENCE 201 REGARDING JULY 24, 2026 EX PARTE**

**COMMUNICATION OF NON-PARTY RONNIE MOAS AND RELATED PUBLIC**

**RECORDS**

Defendants James L. Goldberg and Troy R.J. Hogg, appearing pro se, respectfully supplements their July 21, 2026 Request for Judicial Notice and requests that this Court take

Page 1 of 19

judicial notice, pursuant to Federal Rule of Evidence 201, of the fact of the transmission, contents, and recipients of a further ex parte written communication authored by non-party Ronnie Moas and directed to Judge Melissa Damian on or about July 24, 2026, together with certain related public records and prior written statements of Moas, each of which is attached hereto or of record in this action. In support, Defendants state:

## I.  INTRODUCTION

1. On July 21, 2026, Defendants Goldberg and Hogg filed a Request for Judicial Notice regarding a seven-page ex parte communication that non-party Ronnie Moas ("Moas") transmitted on or about July 17, 2026 to Judge Damian and copied to Defendants. That prior communication is presently of record in this action.

2. Three days later, on or about July 24, 2026, Moas transmitted a further ex parte written communication, likewise addressed to Judge Damian, likewise copied to Defendants, and likewise demanding docket entry. The July 24, 2026 communication and its five-page enclosure are attached hereto as Exhibit A.

3. This Supplemental Request does not re-notice the prior transmission or the state-court orders addressed in the July 21, 2026 filing. It is directed to (a) the July 24, 2026 communication itself; (b) Moas's own written statements within that communication and in prior transmissions of record; and (c) certain public documents authored by Moas that are sources whose accuracy cannot reasonably be questioned within the meaning of Rule 201(b)(2).

## II.  THE JULY 24, 2026 EX PARTE COMMUNICATION

4. Exhibit A hereto is a true and complete copy of the July 24, 2026 transmission as received in Defendants' electronic mailbox, including headers, sender, cover message, and five-page enclosure. No portion has been redacted, edited, or removed.

Page 2 of 19

5. On its face, Exhibit A reflects the following facts, each capable of accurate and ready determination from the four corners of the transmission:

(a) that Moas transmitted the communication and its five-page enclosure on or about July 24, 2026 from the electronic-mail address *ronnie.moas@verizon.net*;

(b) that Moas addressed the communication, in substance, to the presiding judicial officer in this action, Judge Melissa Damian, and that the transmission was not served on counsel of record for the Securities and Exchange Commission or any other party through the Court's CM/ECF system or by simultaneous copy to counsel of record from what we read;

(c) that the communication requests, verbatim, that the enclosure be "forward[ed] to Judge Damian and add[ed] to the docket alongside my seven-page filing < correspondence > from July 17," and that delivery to the Judge be "confirm[ed]";

(d) that the communication was copied to Defendants Hogg, Goldberg, and Braverman;

(e) that the communication states, verbatim, "I am happy to submit this *Under Penalty of Perjury*";

(f) that the communication states, verbatim, "The reason I did not reveal to the criminals last week who was copied on my note to the court, was because some of these people are involved in Criminal Justice agencies and their names and privacy must be protected," thereby disclosing on the face of the transmission that a parallel distribution of related material was made from which Defendants have been intentionally excluded; and

(g) that the communication contains factual assertions concerning Defendants and the subject matter of this action, including, without limitation, characterizations of Defendants as "criminals," "pathological liars," and "deranged individuals," and characterizations of Defendants' filings as "lies" and "exaggerations."

## III. GROUNDS FOR JUDICIAL NOTICE

6. Federal Rule of Evidence 201(b) permits a court to take judicial notice of any fact "not subject to reasonable dispute" that either (1) "is generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under Rule 201(c)(2), the Court must take judicial notice "if a party requests it and the court is supplied with the necessary information."

7. The requested facts satisfy Rule 201(b) because they are established from the face of the transmission itself and from record filings in this action. *See, e.g., United States v. Bervaldi*, 226 F.3d 1256, 1266 n.9 (11th Cir. 2000); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

8. Defendants are not, by this Request, asking the Court to accept the *truth* of any factual assertion made by Moas within Exhibit A or within any other document referenced herein. Defendants expressly disputes those assertions and reserves all rights and objections. Rather, Defendants ask only that the Court take notice of the *fact and content* of the transmissions and statements themselves. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

## IV.  MOAS'S OWN WRITTEN STATEMENT REGARDING PURPORTED AUTHORIZATION

9. Defendants respectfully asks the Court to take notice of the following statements appearing on the face of Exhibit A hereto, each of which is a matter of what Moas himself wrote:

> *"I am happy to submit this Under Penalty of Perjury. I remind you that I was given permission to send the Judge a letter. I would not have done so otherwise. I would not have taken the time to write the letter before making certain that it would be forwarded to her."*

*"I have forwarded copies of this to Hogg and Goldberg. I assume I am obligated to do so."*

10. Defendants further asks the Court to take notice of the corresponding statement appearing on the face of the July 17, 2026 transmission previously placed of record with the July 21, 2026 Request for Judicial Notice (Exhibit A thereto), in which Moas wrote, verbatim:

*"I was advised to forward the attached document, for Judge Damian and other authorities, to the four email addresses in the c/c line ... as it is being added to the docket."*

11. Defendants do not, by this Request, ask the Court to find that any such "permission" or "advice" was in fact given, or to identify the person or persons from whom Moas represents to have received it. Defendants ask only that the Court take notice of the fact that Moas has asserted, in writing and in successive ex parte transmissions, that he was "advised" and "given permission" to communicate directly with the Court concerning matters pending before it, and that he has done so under his own hand. The Local Rules of this District do not authorize such ex parte communications. See Local Rule 7.7 ("There shall be no ex parte communications, oral or written, with the Court concerning the merits of any matter pending before the Court, other than those permitted by these Local Rules, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure.").

## V. MOAS'S OWN WRITTEN STATEMENTS OF RECORD CONCERNING HIS PROVISION OF DOCUMENTS AND SUBSCRIBER CONTACT INFORMATION TO PLAINTIFF

12. Defendants ask the Court to take notice of the following statements made by Moas in his own writings, each capable of accurate and ready determination from the face of the referenced documents:

13. From Exhibit A hereto (July 24, 2026), Moas states, verbatim: "I provided more than 10,000 pages of documents," and "I have been communicating with those agencies regularly for the last 8 years."

14. From the July 17, 2026 enclosure previously of record with the July 21, 2026 Request for Judicial Notice, Moas states, verbatim: "more than 10,000 pages of documents that I provided to the authorities in 2018 through 2024," and identifies himself as the "lead Whistleblower in Canada (OSC) and the United States (SEC)."

15. From that same July 17, 2026 enclosure, at the page dated "Tue, Sep 23 at 6:16 PM" and reproduced within the enclosure, Moas states, verbatim: "I provided you with more than 10,000 pages of documents ... 36 pages of < Troy Hogg > Real Estate transactions, a spreadsheet with contact info for more than 2,000 victims ... all subscribers of mine."

16. Defendants are not, by this Request, asking the Court to accept the truth of Moas's assertions concerning the number of documents provided, the identity of any witness or subscriber, or the substance of any communication with any government agency. Defendants ask only that the Court take notice of the fact that Moas has stated, in his own hand, that he has provided the Commission and other agencies with documents and with subscriber contact information.

## VI. COMMISSION REPRESENTATIONS OF RECORD

17. The prior July 21, 2026 Request for Judicial Notice placed of record the following on-record representations by counsel for the Commission, which Defendants here cite, without re-noticing, for context only:

(a) At the September 16, 2025 status conference before the Honorable Ellen F. D'Angelo, counsel for the Commission stated that Moas's "ongoing violations of a state court order" "really doesn't have anything to do, necessarily, with our case," and that "[t]he SEC is not relying on Mr. Moas as our witness." ECF No. 515 at 14:18–23.

Page 6 of 19

(b)  In the same proceeding, the Court asked plaintiff's counsel, "Are you planning to introduce at trial any evidence from Mr. Moas? Are you planning to call Mr. Moas as a witness?" Counsel answered, "No, your Honor," and confirmed that the Commission "will not be calling him" and "will not be eliciting any evidence from him at trial." ECF No. 515 at 17:18–25.

(c)  The Court reiterated the substance of that representation at the subsequent motion hearing of September 25, 2025, observing that "the SEC represented they were not calling Ronnie Moas." ECF No. 539 at 110:24–111:1.

18.  Defendants respectfully submits that the fact of Moas's own written statements set forth in Section V, taken together with the Commission's on-record statements set forth in Section VI, are relevant to the integrity of the record now before this Court. Defendants do not, by this Request, ask the Court to resolve any question of fact concerning the origin of any evidence upon which the Commission may or may not seek to rely; Defendants ask only that both categories of statement be noticed as facts of record.

## VII.  THE STATE-COURT ORDERS TO WHICH MOAS REMAINS SUBJECT

19.  The three orders of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in Goldberg, Braverman, and Hogg v. Ronnie Moas and Standpoint Research, Inc., Case No. 2019-000002-CA-05 (later re-designated Case No. 2019-000002-CA-01), have already been placed before this Court and cited for context in the July 21, 2026 Request for Judicial Notice. Defendants re-cite the operative language here only insofar as Exhibit A directly addresses that language.

20.  The January 3, 2019 *Order on Emergency Ex Parte Verified Motion for Injunction for Protection Against Cyberstalking Pursuant to § 784.048(1)(d) of the Florida Statutes* (Judges De La O and Ruiz) restrains Moas from, *inter alia*, "[d]irecting any threatening or hateful communications to Plaintiffs through ... direct email communications ... emails to

Defendants' subscribers and public social media postings directly tagging and mentioning Plaintiffs," and authorizes law-enforcement officers to "use their arrest powers, pursuant to § 901.15(6)," to enforce its terms.

21. The February 1, 2019 *Stipulated Order for Permanent Injunction Against Defendants Ronnie Moas and Standpoint Research, Inc.* (Judge Miguel M. de la O) — an order to which Moas himself stipulated — prohibits Moas from providing third parties with Plaintiffs' private contact information and provides, at paragraph 5, that "[i]n the event that this Permanent Injunction is violated, state and local law enforcement authorities are instructed to use their arrest powers pursuant to § 901.15(6) of the Florida Statutes to incarcerate Defendant Moas, to be held until he is able to be brought before this Court."

22. The March 31, 2023 *Order Granting Plaintiffs' Second Renewed Motion for Entry of Default Final Judgment on Liability Only* (Judge Antonio Arzola) entered default judgment against Moas on **claims of cyberstalking** under § 784.048, intentional infliction of emotional distress, tortious interference with business relationships, libel, and libel *per se.*

23. Defendants ask the Court to take notice of the following statements appearing on the face of Exhibit A hereto, in which Moas addresses the foregoing state-court orders in his own hand:

*"Goldberg mentions Judge Miguel in his July 21 filing. The criminals went to the judge in my absence ... lied to his face ... and got him to sign off on a permanent injunction against 'cyber-stalking'. I never cyber-stalked anyone. He stamped this 'order' in my absence. I never met this judge and never spoke to him."*

*"I never stalked them. I never harassed them. I never shared their personal details with the public unless I had permission to do so ... which I did. Stephen*

*Braverman gave me permission to share his contact information with the victims of the scam."*

24. Defendants are not, by this Request, asking the Court to adjudicate whether the assertions in the foregoing block quotations are true. Defendants ask only that the Court take notice of the fact that Moas has made those statements, in the same document in which he offers the statements "Under Penalty of Perjury," and that the operative language of the state-court orders quoted in paragraphs 20 through 22 is a matter of public record capable of accurate and ready determination.

## VIII. MOAS'S PRIOR WRITTEN STATEMENT REGARDING THE UNAUTHORIZED RELEASE OF HIS FEBRUARY 8, 2018 RESEARCH REPORT

25. Attached hereto as Exhibit B is a true and correct copy of an electronic-mail communication from Moas dated November 29, 2018, sent from the electronic-mail address 166291@ontramail.com "on behalf of Ronnie Moas" to his paid subscribers, including Defendant Goldberg, bearing the subject line "Adding New Crypto Names & $DIG Important Note." Exhibit B is already of record in this action, having been attached as an exhibit to one of Defendant Hogg's earlier filings and supporting papers.

26. In Exhibit B, Moas writes, verbatim, in a communication authored by his own hand and distributed to his paying subscribers:

*"On July 11, 2017 someone from DIG approached me and asked me to write a report for that company's internal use. **It was intended for their internal use only** (and I reserved the right to release it to my subscribers or not). They paid me for the time that it took me to write the report. **I made it 100% clear to them that I would NOT be attaching a 'Buy' recommendation to the report and I that I would not be sharing it with my subscribers. They were NOT buying a***

*buy recommendation from me and they were not paying me to promote a name."*

*"On the 8th of February, 2018, I noticed that the share price jumped 900% on heavy volume ($500,000) from 2/10 of a cent (US$0.002) to 2 cents (US$0.020), and **I decided to share my report with you that same day (@US$0.024). It was a very impulsive decision that I made ... very spontaneous."***

***"The problem with my release of the report was that the company was completely blindsided by this. I did not tell the company that I was putting the report out** because I was afraid someone over there would have jumped in front of my subscribers and try to benefit (front-running) from a bounce that my report would have triggered in the share price. **I gave it to you before I gave it to the company."***

27.  Defendants ask the Court to take notice of the fact that the foregoing statements were made by Moas, in his own hand, in a written communication to his subscribers dated November 29, 2018, and further to take notice of the fact of the corresponding statement in Exhibit A hereto (July 24, 2026), in which Moas writes:

***"This is why they hired me in 2018 to be 'the public face of this scam'.** They found someone with an extraordinary track record and reputation. **They convinced me to put out a research report and recommendation on their (scam) cryptocurrency.** I was their 'celebrity' endorsement."*

28.  Defendants are not, by this Request, asking the Court to determine which of Moas's statements is true, or to draw any inference from the divergence between them. Defendants ask only that the Court take judicial notice of the fact that each statement was made by Moas, in writing, at the times and in the documents referenced above.

29. Attached hereto as Exhibit C is a true and correct copy of an electronic-mail thread dated May 23, 2018, between non-party Moas (writing from ronnie.moas@verizon.net) and Defendant Hogg (writing from blackcreekmarketing@yahoo.ca), copied to Stephen Braverman (sbraverman22@gmail.com) and Ronnie Moas. Exhibit C is already of record in this action, having previously been filed by Defendant Hogg in a previous filing and supporting exhibits.

30. Defendants ask the Court to take notice of the following statements appearing on the face of Exhibit C, each of which is a matter of what the referenced author wrote on May 23, 2018:

31. In the upper portion of Exhibit C, Moas writes, in his own hand, at 9:32 a.m. on May 23, 2018, to Defendant Hogg:

*"For Dignity (DIG), I can't seem to get away from this situation that so many of you have gone into."*

*"Please do not take a bet that you can't afford to lose. Never put more than 1%-2% of your crypto money into any (one) altcoin that is outside the top 20. With DIG I did give you a green light to put a little bit more than that in ... but please do not go above 3%-4%."*

32. In the lower portion of Exhibit C, Defendant Hogg writes, in his own hand, at 1:22 p.m. on May 23, 2018, in reply, to Moas:

*"I appreciate your support but I am going to be blunt. We were not a publicly known token until you jumped the gun and we weren't planning on it either until we were completely regulated and licensed. We were trading it enough so we stayed listed and bringing in larger associates as backers but that all changed when you released the report."*

*"Now we have to watch every single thing we do because we have the Ontario Securities Commission, the SEC, the CFTC, the government of Bermuda, Bahamas, Barbados, Caymen, Antigua, South Africa and others watching our every move."*

*"If you are asking me to put the entire project in hot water because a bunch of people demand so on social media, you crazy because it will never happen and that's coming directly from the board's mouths. Until the papers drop and we can announce our legal operations the BIG news will be withheld because of our agreements and NDAs in place."*

*"We thank you for your continued support and appreciate it more than we could ever say. We MUST at all costs follow the legal letter until we cross the finish line."*

33. Defendants are not, by this Request, asking the Court to accept the truth of any characterization set forth in Exhibit C, to draw any conclusion regarding the merits of the underlying dispute, or to draw any conclusion regarding any divergence between the contemporaneous 2018 record and Moas's July 24, 2026 characterization of himself as having been "hired ... to be 'the public face of this scam.'" Defendants ask only that the Court take judicial notice of the fact that the statements set forth above were made, in writing, by the respective authors on the date reflected on the face of Exhibit C.

## IX.  PRIOR JUDICIAL RECORD OF SIMILAR CONDUCT BY NON-PARTY MOAS IN THIS DISTRICT

34. Attached hereto as Exhibit D is a true and correct copy of another Plaintiff's Motion for Voluntary Dismissal (with exhibits), filed August 19, 2015, as ECF No. 25 in *Vrachovska v. Moas and Philanthropy and Philosophy, Inc.*, Case No. 1:15-cv-21494-JAL (S.D. Fla.), a prior civil action in this District in which Moas was a named defendant.

35. Defendants ask the Court to take notice of the fact that Exhibit D is a filing on the public docket of this District, of which the Court may take judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

36. Defendants ask the Court to take notice of the following statements appearing on the face of Exhibit D, each of which is a matter of what plaintiff's counsel in that prior action represented to this District under signature:

*"Since the beginning of this action, Defendant Ronnie Moas has harassed and threatened Plaintiff and her counsel with hundreds of emails detailing extortionate conduct by Moas in an attempt to strong-arm Ms. Vrachovska into dismissing this case."*

*"In an attempt to stop this constant barrage of abusive communications, the parties have conferred on this matter, and Ms. Vrachovska now wishes to dismiss all her claims against Defendants, without prejudice."*

*"Ms. Vrachovska no longer wishes to sustain this action, as doing so would subject her to continued threats and harassment."*

37. Defendants further ask the Court to take notice of the fact that the certificate of service appearing at page 3 of Exhibit D identifies the electronic-mail address at which Moas was served in the 2015 action as *ronnie.moas@verizon.net*, which is the same electronic-mail address from which the July 17, 2026 and July 24, 2026 ex parte communications addressed to Judge Damian were transmitted, as reflected on the face of Exhibit A hereto and Exhibit A to the July 21, 2026 Request for Judicial Notice.

38. Defendants are not, by this Request, asking the Court to accept the truth of any characterization set forth in Exhibit D, or to draw any conclusion regarding the merits of the 2015 action, which was dismissed without prejudice. Defendants ask only that the Court take

judicial notice of the fact of the filing, of the statements set forth on its face, and of the electronic-mail address by which Moas was there served.

## X. RELEVANCE

39. The fact and content of the July 24, 2026 transmission (Exhibit A), together with the fact and content of Moas's own prior written statements and the prior public filings referenced in Sections IV through IX, are directly relevant to matters presently before the Court, including without limitation: (i) the integrity of the record and the propriety of continuing ex parte contacts with the presiding judicial officer by a non-party; (ii) the evidentiary weight, if any, to be accorded to assertions authored by or derived from Moas; and (iii) the Court's inherent authority to police its own docket and to address attempts by non-parties to influence the tribunal outside the ordinary channels prescribed by the Federal Rules of Civil Procedure and the Local Rules of this District.

40. Defendants provide Exhibits A, B, C, and D in complete, unaltered form so that the Court and all parties may examine each document on the same footing. No portion of any exhibit has been redacted, edited, or removed.

## XI. CONCLUSION

41. For the foregoing reasons, Defendants James L. Goldberg and Troy R.J. Hogg respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the transmission, contents, and recipients of the July 24, 2026 ex parte communication attached as Exhibit A, of the fact and content of the prior written statements of non-party Moas set forth in Sections IV, V, and VIII above, of the fact and content of the contemporaneous May 23, 2018 electronic-mail thread attached as Exhibit C, of the fact and content of the prior public filing set forth in Section IX and attached as Exhibit D, and grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2026

Respectfully submitted,



James L. Goldberg

Pro Se Defendant

James_Goldberg@msn.com

Troy R.J. Hogg

Pro Se Defendant

troyhogg2020@protonmail.com

James L. Goldberg

515 NW 120th Street, Miami, Florida 33168

James_Goldberg@msn.com, (305) 785-6900

Defendant, *pro se*

July 28, 2026

Clerk of Court

United States District Court

Southern District of Florida

Wilkie D. Ferguson, Jr. United States Courthouse

400 North Miami Avenue

Miami, Florida 33128

Dear Clerk of Court:

Enclosed for filing in the above-referenced action, please find the following document submitted by Defendants James L. Goldberg and Troy R.J. Hogg, appearing *pro se*:

**Re:**   **1.) DEFENDANTS JAMES L. GOLDBERG'S AND TROY R.J. HOGG'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201 REGARDING JULY 24, 2026 EX PARTE COMMUNICATION OF NON-PARTY RONNIE MOAS AND RELATED PUBLIC RECORDS with EXHIBITS A, B, C, and D.**

**2.) DEFENDANTS JAMES L. GOLDBERG'S AND TROY R.J. HOGG JOINT MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PENDING MOTIONS IN LIMINE [ECF NOS. 355 AND 365]**

**3.) DEFENDANTS JAMES L. GOLDBERG AND TROY R.J. HOGG PROPOSED JOINT NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR RESPECTIVE PENDING MOTIONS IN LIMINE [ECF NOS. 355 AND 365]**

Kindly file the enclosed document on the docket.

Should the Clerk's Office require any additional information or a corrected filing, please contact the undersigned at the electronic-mail address set forth above. Thank you for your assistance.

Respectfully,

James L. Goldberg, Defendant, *pro se*