**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 22-cv-23171-DAMIAN/D'ANGELO**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**ARBITRADE LTD., et al.,**

**Defendants.**
_______________________________________/

# DEFENDANT STEPHEN L. BRAVERMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING SPECIAL SET TRIAL DATE [ECF NO. 605]

Defendant Stephen L. Braverman, through undersigned counsel, opposes setting trial at this juncture without first addressing material outstanding motions. While Braverman does not oppose a date certain in principle, he objects to fixing that date and associated pretrial deadlines without a case-management sequence that permits the Court to resolve those matters and affords a meaningful opportunity to prepare the defense. He respectfully requests that the Court defer ruling on the SEC's motion, conduct a status and scheduling conference, and address the necessary pretrial sequence before fixing trial. Alternatively, any trial setting order should expressly provide that sequence and preserve his ability to seek narrowly tailored discovery relief.

## I. THE SEC'S REQUEST ADDRESSES TRAVEL LOGISTICS, NOT THE NECESSARY PRETRIAL SEQUENCE.

The SEC raises some legitimate logistical concerns, but those concerns do not establish when this case should be tried. Its motion states that three of the four Defendants reside outside

Florida, many witnesses reside outside this District or the United States, and the SEC estimates that its own presentation will require eight to ten days. ECF No. 605 ¶¶ 1–4. Footnote 1 acknowledges that the Defendants did not provide estimates for their respective presentations. The SEC thus supplies neither a complete trial estimate nor an agreed assessment of the time necessary to prepare for trial.

Paragraph 5 of the Motion asks the Court to issue an order setting a new trial date, related deadlines, and to select a date certain. ECF No. 605 ¶ 5. Braverman does not dispute that a date certain may ultimately assist trial coordination and be of benefit to all parties. His objection concerns timing and conditions and not whether a special setting may eventually be appropriate. The Court can recognize the value of a date certain without setting one before the necessary pretrial issues are addressed.

## II. RULE 16 SUPPORTS ADDRESSING MATERIAL MOTIONS AND DISCOVERY BEFORE FIXING THE TRIAL SCHEDULE.

Rule 16 provides the framework for a coordinated pretrial plan. It authorizes the Court to simplify issues, rule in advance on admissibility, control and schedule discovery, identify witnesses and documents, dispose of pending motions, and establish reasonable limits on the presentation of evidence. Fed. R. Civ. P. 16(c)(2)(A), (C)–(G), (K), (O). These tools permit the Court to address readiness and trial logistics together rather than treating the trial date as an isolated scheduling matter.

Braverman respectfully requests that the Court hear and determine the outstanding motions that materially affect whether and how the case will proceed against him before rescheduling this matter for trial. Rulings affecting the issues to be tried, the evidence to be presented, or the scope of the defense should inform witness selection, examination outlines, exhibit preparation, and trial

estimates. Requiring those tasks to be finalized first risks duplicated work and revised estimates after the Court rules.

Braverman does not contend that every motion requires oral argument or that the mere filing of a motion automatically prevents a trial setting. He respectfully requests the Court to identify and prioritize the genuinely material outstanding matters, hear those for which argument would assist, and resolve them sufficiently in advance of trial to permit the parties to implement the rulings.

## III. THE SCHEDULE SHOULD ALLOW THE COURT TO ADDRESS TARGETED MOAS AND DOLGY DISCOVERY.

Braverman also seeks an opportunity to pursue discovery concerning Ronnie Moas and Jason Dolgy before trial is set. This response does not assume that discovery remains open or that a new trial date would reopen it. Rule 16(b)(4) requires good cause and the Court's consent to modify a scheduling order. Braverman therefore respectfully requests that the Court establish a prompt procedure for a focused discovery application, with an opportunity for the SEC to respond and for the Court to determine the required showing. Any application can identify the particular testimony or documents sought, their relevance, the prior efforts to obtain them, the basis for seeking relief at this stage, and the time needed to complete the proposed discovery.

The trial setting motion should not operate as a substitute for that determination. A scheduling conference can establish whether the requested discovery will be permitted and, if so, its precise limits and completion deadline. The Court can then account for any authorized discovery and resulting motion practice when setting final pretrial obligations. If the request is denied, that ruling likewise will clarify the record on which the defense must prepare. Either course is more orderly than leaving the issue unresolved while trial deadlines run.

## IV. A DEFINED SEQUENCING ORDER WILL ADVANCE THE CASE WITHOUT AN OPEN-ENDED DELAY.

Braverman proposes a concrete sequence rather than an indefinite postponement. First, Braverman respectfully request that the Court should conduct a status and scheduling conference to identify material outstanding motions and establish the procedure for his limited discovery request. Second, the Court should set deadlines for any authorized submissions and hear or resolve the material motions. Third, if discovery is authorized, the Court should fix a limited completion period and a procedure for resolving any resulting disputes. Finally, the parties should provide updated trial estimates and availability so that the Court can set a realistic date certain and corresponding pretrial deadlines.

If the Court decides to schedule a trial date now, Braverman would respectfully request that the alternative order should expressly accommodate these steps. It should also preserve Braverman's opportunity to seek limited discovery relief under the applicable standards, provide for resolution of material motions sufficiently before trial, and allow a reasonable interval after any authorized discovery and material rulings for final preparation. It also should permit updated trial estimates rather than treating the SEC's estimate for its presentation as an estimate for the entire trial. Braverman asks that a trial setting not be construed as a finding that these matters are resolved or that he has waived them.

## CONCLUSION

For these reasons, Defendant Stephen L. Braverman respectfully requests that the Court defer ruling on the SEC's Motion Requesting Special Set Trial Date [ECF No. 605], or deny it without prejudice to renewal after a status and scheduling conference; establish a prompt sequence for addressing material outstanding motions and his request for limited discovery concerning Ronnie Moas and Jason Dolgy; and thereafter set a date certain with corresponding pretrial

deadlines. Alternatively, Braverman requests that any trial-setting order expressly incorporate the sequencing protections described above and grant such further relief as is appropriate.

Respectfully submitted,

KERR LAW GROUP

*/s/ Russell Kerr*
Russell A. Kerr, Esq.
Florida Bar No. 10206
11954 SE Dixie Hwy
Hobe Sound, FL 33455
Telephone: (561) 571-0358
*Counsel for Defendant*
*Stephen L. Braverman*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on November 23, 2026, through CM/ECF upon all registered counsel and by the applicable authorized method upon parties not receiving electronic notice.

*/s/ Russell A. Kerr*
Russell A. Kerr, Esq.